IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN KUBICKI & KAREN KUBICKI ON BEHALF OF CAROLINE KUBICKI**<br>171 Chaumont Dr.<br>Williamsville, NY 14221,<br><br>*Plaintiff,*<br><br>v.<br><br>**MEDTRONIC INC.,**<br>710 Medtronic Parkway<br>Minneapolis, Minnesota 55432<br><br>**MEDTRONIC DIABETES**<br>1800 Devonshire St.<br>Northridge, CA 91325-1219<br><br>and<br><br>**MEDTRONIC MINIMED Inc.**<br>1800 Devonshire St.<br>Northridge, CA 91325-1219<br><br>*Defendants.* | Civil Action No. _____<br><br>Removed from the Superior Court of the District of Columbia, Civil Div. 2012 CA 002847 B |

## NOTICE OF REMOVAL

Defendants, Medtronic, Inc., Medtronic Diabetes, and Medtronic Minimed, Inc.

(collectively referred to as "Medtronic" and/or the "Medtronic Defendants"), by and through their

undersigned counsel, file this Notice of Removal of this case from the Superior Court of the

District of Columbia, Civil Division, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

and in support of this Notice state as follows:

## BACKGROUND

1.    This action was commenced and is pending in the Superior Court of the District of Columbia under the case caption *John Kubicki and Karen Kubicki on behalf of Caroline Kubicki vs. Medtronic, Inc. et al.*, case number 2012 CA 002847 B (the "State Court Action").

2.    Plaintiff commenced this action against the Medtronic Defendants by filing the Complaint on March 29, 2012, and effecting service of process of the Summons and Complaint on Medtronic MiniMed, Inc. and Medtronic, Inc. on April 18, 2012.  Medtronic Diabetes has not been served.

3.    Pursuant to 28 U.S.C. § 1446(a), a copy of all processes, pleadings, and orders served upon the Medtronic Defendants in the State Court Action are attached to this notice in Exhibit A.

4.    This action purports to plead causes of action for negligence, strict liability, misrepresentation, fraud, breach of express and implied warranties, violation of the District of Columbia Deceptive Trade Practices Act, and failure to warn under Restatement of Torts § 388 for injuries suffered by Caroline Kubicki.

5.    As more fully discussed below, this Court has subject matter jurisdiction over this action and all claims asserted against the Medtronic Defendants pursuant to 28 U.S.C. § 1332(a).

6.    Because this Court has subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

7.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 115(a)(1) and 1441(a), because the United States District Court for the District of Columbia is the federal judicial district and division

embracing the Superior Court of the District of Columbia, where the State Action was originally filed.

8.     This Notice of Removal is being filed within thirty days after April 18, 2012, when service of process was made on Medtronic MiniMed, Inc., the earliest date one of the Medtronic Defendants was served with the Complaint in this case. Therefore, this Notice of Removal is timely filed, in compliance with 28 U.S.C. § 1446(b).

9.     Pursuant to 28 U.S.C. § 1446(d), the Medtronic Defendants are filing this Notice with the Court, serving a copy of this Notice upon counsel for all parties and filing a copy in the Superior Court for the District of Columbia.

## DIVERSITY JURISDICTION – COMPLETE DIVERSITY

10.     This Court has subject matter jurisdiction over this action and all claims asserted against Defendants pursuant to 28 U.S.C. § 1332(a).

11.     Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions where the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

12.     Analysis of the Complaint at issue reveals that complete diversity of citizenship exists between Plaintiffs and all Defendants.  28 U.S.C. § 1332.  Plaintiffs John Kubicki and Karen Kubicki, as guardians of Caroline Kubicki, allege that they are residents of Williamsville, New York.  Complaint ¶ 1.  Plaintiffs further allege that Plaintiff Caroline Kubicki's injuries and treatment all occurred in the District of Columbia. *Id.* ¶¶ 9-10.  Upon information and belief, Caroline Kubicki is a resident of the District of Columbia for purposes of removal.

13.    Defendant Medtronic, Inc., is a Minnesota corporation with its principal place of business in Minnesota.  Complaint ¶ 3; *see also Branson v. Medtronic*, No. 5:06-cv-332-Oc-10GRJ, 2007 WL 170094, at *4 (M.D. Fla. Jan. 18, 2007) (denying plaintiff's motion to remand following removal by Medtronic, Inc., on the ground that Medtronic, Inc.'s principal place of business is in Minnesota).    Medtronic, Inc. is thus a citizen of the State of Minnesota for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

14.    Medtronic Diabetes is the name used by Medtronic, Inc. to designate its diabetes business unit.  It is neither an independent entity nor an appropriate defendant in this action. Its proper name is Medtronic MiniMed, Inc., which is a subsidiary of Medtronic, Inc., with its principal place of business in Northridge, California.  Complaint ¶ 5.

15.    Medtronic MiniMed, Inc. is a Delaware corporation with its principal place of business in Northridge, California.  Complaint ¶ 7.  Medtronic MiniMed, Inc. is thus a citizen of the States of Delaware and California for purposes of determining diversity.

16.    Because Medtronic, Inc., is a citizen of Minnesota and Medtronic Diabetes and Medtronic MiniMed, Inc., are citizens of California, and Plaintiffs are not citizens of either Minnesota or California, there is complete diversity of citizenship for purposes of 28 U.S.C. § 1332.

## DIVERSITY JURISDICTION – AMOUNT IN CONTROVERSY

17.    Under 28 U.S.C. § 1332(a), the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs for the federal court to have original jurisdiction.

18.    Here, Plaintiffs "pray for judgment against the Defendants, individually and collectively in the amount of Fifty Million Dollars ($50,000,000.00), and for additional aggravating circumstances damages." Complaint at page 44.

19.    Given Plaintiffs' clear statement on damages, the amount in controversy component of 28 U.S.C. § 1332(a) is satisfied. *See Brown v. Columbia Sussex Corp.*, Civ. No. 10-1227, 2010 WL 3339180, *1 (D.D.C Aug. 24, 2010) (finding the amount-in-controversy satisfied where it was "readily apparent from the plaintiff's complaint"); *Pate v. State Farm Mutual Auto. Ins. Co.*, 2010 WL 3372195, *1 (N.D. Fla. Aug. 25, 2010) (stating the "court should first look to the complaint to determine the amount-in-controversy"); *Hatcher v. Lowe's Home Centers, Inc.*, 2010 WL 2473804, *2 (E.D. VA. June 16, 2010) (finding "amount in controversy" satisfied where complaint clearly stated a $3,000,000.00 demand).

20.    Thus, because 28 U.S.C. § 1332(a) confers subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441

WHEREFORE, Defendants Medtronic, Inc., Medtronic Diabetes, and Medtronic MiniMed, Inc. respectfully request removal of this case from the Superior Court of the District of Columbia, to this Court, in accordance with the requirements of 28 U.S.C. § 1441.

By Counsel:

By: _____
Jesse J. Ash, Esq.
D.C. Bar #: 485207
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 -- East Tower
Washington, D.C. 20005
(202) 414-9200
Jash@reedsmith.com


Of Counsel

REED SMITH LLP

Michael K. Brown, Esq. (*Pro hac vice application to be filed*)
Mildred Segura (*Pro hac vice application to be filed*)
Lisa M. Baird (*Pro hac vice application to be filed*)
355 S. Grand Ave., Suite 2900
Los Angeles, CA 90017
213.457.8000
mkbrown@reedsmith.com
msegura@reedsmith.com
lbaird@reedsmith.com

*Attorneys for Defendants*
*Medtronic, Inc., Medtronic Diabetes*
*and Medtronic Minimed, Inc.*


Dated:  May 8, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May 2012, I served by hand delivery and first class mail, postage prepaid, a copy of the foregoing Notice of Removal upon:

> Michelle A. Parfitt
> Ashcraft and Gerel, LLP
> 4900 Seminary Rd., Suite 650
> Alexandria, VA  22311
>
> Adam R. Leighton
> Cohen & Cohen, P.C.
> 1821 Jefferson Place, N.W.
> 4th Floor
> Washington, DC  20036
>
> *Counsel for Plaintiff*

Jesse J. Ash

# EXHIBIT A

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

KC

John Kubicki and Karen Kubicki on ) 
behalf of Caroline Kubicki )
171 Chaumont Dr. )   Case No.   0002847-12
Williamsville, NY 14221 )
                                     )
            Plaintiffs )   <u>Jury Demand Endorsed Hereon</u>
                                     )

v. )
                                     )

**MEDTRONIC Inc.** )
710 Medtronic Parkway, )
Minneapolis, Minnesota 55432 )

**Serve:** )
CT Corporation System )
1015 15th St., NW, Ste. 1000 )
Washington, DC, 20005, )

**MEDTRONIC DIABETES** )
18000 Devonshire St. )
Northridge, CA 91325-1219 )

**Serve:** )
CT Corporation System )
818 West Seventh St. )
Los Angeles, CA 90017, )

and )

**MEDTRONIC MINIMED Inc.** )
18000 Devonshire St. )
Northridge, CA 91325-1219 )

**Serve:** )
CT Corporation System )
818 West Seventh St. )
Los Angeles, CA 90017 )
                                   )
           Defendants. )

FILED
CIVIL ACTIONS BRANCH
MAR 2 9 2012
Superior Court
of the District of Colombia
Washington, DC.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6382

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

## <u>COMPLAINT</u>

1

Now comes Plaintiffs, by and through counsel, for their Complaint and Jury Demand against Defendants, and alleges as follows:

## PARTIES AND JURISDICTION

1.      At all times relevant herein, Plaintiffs, John Kubicki and Karen Kubicki were and continue to be the court appointed legal guardians of Caroline Kubicki. *See* Letters of Guardianship dated Oct. 29, 2008 attached as Exhibit A. John Kubicki and Karen Kubicki are legally married and are the parents of Caroline Kubicki. They reside at 171 Chaumont Dr., Williamsville, NY 14221.

2.      On September 9, 2007, Caroline Kubicki suffered a severe and permanent brain injury. This injury affected her physical and mental capacity and as to necessitate legal guardianship.

3.      Defendant Medtronic, Inc. ("Medtronic Inc." or "Defendants"), is a Minnesota corporation, with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota 55432. It is a citizen and resident of Minnesota. Medtronic manufactures medical devices and sells them worldwide.

4.      Defendant Medtronic, Inc. is engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, the Medtronic MiniMed Paradigm® Insulin Pump Model MMT-522 (hereinafter "MiniMed Insulin Pump").

5.      Defendant Medtronic Diabetes ("Medtronic Diabetes" or "Defendants") is a division of Medtronic Inc. which is responsible for the Medtronic Insulin Pump with a principal place of business at 1800 Devonshire Street, Northridge, CA, 91325. Upon information and belief, Medtronic Diabetes is a citizen and resident of California and Minnesota.

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

2

6.    Upon information and belief, Defendant Medtronic Diabetes is engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, the Medtronic Insulin Pump.

7.    Defendant, Medtronic MiniMed Inc. ("Medtronic MiniMed Inc." or "Defendants"), is a subsidiary of Medtronic Inc., with its principal place of business at 1800 Devonshire Street, Northridge, CA 91325-1219. It is a citizen and resident of California and Delaware.

8.    Defendant Medtronic MiniMed Inc. is engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, the Medtronic Insulin Pump.

9.    Jurisdiction is founded in this Court based upon D.C. Code §13-423 whereby jurisdiction is conferred over persons causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia.

10.    Venue is proper as Caroline Kubicki was injured and treated for her injuries in the District of Columbia. Further, Plaintiffs allege that at all relevant times herein, Defendants conducted business in the District of Columbia and, at all times relevant hereto, they tested, manufactured, labeled, licensed, marketed, distributed, promoted and/or sold the MiniMed Insulin Pump, in D.C.

## GENERAL ALLEGATIONS

11.    Type I diabetes is usually diagnosed in children and young adults, and was previously known as juvenile diabetes. In type 1 diabetes, the body does not produce insulin.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-5737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

Insulin is a hormone that is needed to convert sugar (glucose), starches and other food into energy needed for daily life.

12.     The MiniMed Insulin Pump is a small, portable device that is indicated for management of diabetes in adults and children requiring insulin therapy.  When functioning properly, this device administers insulin to the user on a continuous or intermittent basis as needed by the user.  This process is accomplished through a small syringe in the pump which is connected to the user via a small cannula and a series of electronics and complex algorithms which calculate the insulin dose necessary for the user throughout the day and night.

13.     The MiniMed Insulin Pump is supposed to possess a sophisticated network of safety checks and systems.  If anything unusual is detected, the pump should notify the user through a series of alarms and/or an alert message.

14.     A number of technical problems have been reported with use of insulin pumps including, but not limited to, the pumps' delivery of too much insulin resulting in hypoglycemia.

15.     Caroline Kubicki began using the MiniMed Insulin Pump on or about April 2001. She continued using the pump until on or around September 9, 2007.

16.     On or about September 9, 2007, Caroline Kubicki, a nineteen-year-old freshman at George Washington University, was found to be unresponsive and unarousable by her roommate as a result of her malfunctioning MiniMed Insulin Pump.

17.     Emergency personnel from both the University and the District Columbia were called to the scene.  Caroline Kubicki was nonresponsive and had a critical low blood glucose level.  Emergency workers established and managed an airway and gave her an intravenous dose of D50 (a highly concentrated glucose).  They then transported her emergently to George Washington University Hospital.

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

4

18.     At the George Washington Hospital Emergency Department, Caroline Kubicki was found to be suffering from cerebral edema and she was quickly transferred from the emergency department to the ICU. There, her intracranial pressure continued to rise and her healthcare providers performed a left frontal decompressive craniotomy and subsequently placed her into a thiopental coma.

19.     Caroline Kubicki's coma was reversed on or about September 15, 2007, however, her health had been severely and permanently altered due to the failure of her MiniMed Insulin Pump that occurred on or about September 7, 2007. She underwent a tracheotomy and the placement of a percutaneous endoscopic gastromy. On or about October 11, 2007, Ms. Kubicki was then transferred to a long term rehabilitation facility that specializes in brain injury patients. She currently resides in a group home due to the constant care that she requires for all of her activities of daily living.

20.     Subsequent to FDA approval of this product, Defendants knew, or should have known, that technical problems were occurring with the MiniMed Insulin Pump but never made the Plaintiff or Plaintiff's physicians aware of these failures. During post-market surveillance of their product, Defendants failed to notify the FDA, Plaintiff or Plaintiff's physicians of the technical problems that were occurring with their device in violation of 21 CFR §§803, 822.

21.     The FDA required Defendants to adhere to "Good Manufacturing Practices" pursuant to 21 C.F.R. §820.

21 C.F.R. §820 provides, in relevant part, that:

> Current good manufacturing practice requirements are set forth in this quality system regulation. The requirements in this part govern the methods used in, and the facilities and controls used for, the design, manufacture, packaging, labeling, storage, installation and servicing of all finished devices intended for human use. The requirements in this part are intended to ensure that finished devices will be safe and effective and otherwise in compliance with the

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

Federal Food, Drug and Cosmetic Act.  This part establishes basic requirements applicable to manufacturers of finished medical devices.

22.    Significant deviations from the QS regulation include, but are not limited to, the following:

 a.  Failure to establish and maintain adequate procedures

  i.  to control product that does not conform to specified requirements including the identification, documentation, evaluation, segregation and disposition of nonconforming product, as required by 820.90(a); and

  ii.  to review and dispose of nonconforming product, with documented justification for the use of nonconforming product, as required by 21 C.F.R. 820.90(b).

 b.  Failure to establish and maintain adequate procedures for corrective and preventive actions, as required by 21 C.F.R. 820.100(a);

 c.  Failure to establish and maintain adequate complaint handling procedures to ensure all complaints are evaluated and investigated, and processed in a uniform and timely manner, as required by 21 C.F.R. 820.198;

 d.  Failure to validate with a high degree of assurance, processes, including changed processes, that cannot be fully verified by subsequent investigation and tests, as required by 21 C.F.R. 820.75(a) and (c);

 e.  Failure to adequately validate for its intended purpose and according to an established protocol computer software used as part of the production or quality system and failure to document validation activities and results as required by 21 C.F.R. 820.70(i);

 f.  Failure to establish and maintain adequate procedures for validating the device design to ensure that the device conforms to defined user needs and intended uses and to ensure that design validation is performed under defined operating conditions on initial production units or their equivalence, as required by 21 C.F.R. 820.30(g)."

23.    Had Plaintiff's physicians been aware of the manufacturing deviations set forth hereinabove, Plaintiff's physicians would not have prescribed the MiniMed Insulin Pump to Plaintiff until those manufacturing defects had been corrected or they would have undertaken other measures to protect the Plaintiff.

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

24.    Federal regulation 21 C.R.F. §821.25 requires that "a manufacturer of a track device shall adopt a method of tracking for each such type of device that it distributes that enables a manufacturer to provide the FDA with the following information in writing for each track device distributed: ". . . the name, address, and telephone number of the distributor. . .; devices that are intended for use by a single patient over the life of the device, after distribution to or implantation in a patient; the lot number, batch number, model number or serial number of the device. . .; the date the device was shipped by the manufacturer; the name, address, telephone number and social security number of the patient receiving the device. . .; the date the device was provided to the patient; the name, mailing address and telephone number of the prescribing physician; the name mailing address and telephone number of the physician regularly following the patient if different than the prescribing physician.

25.    Upon information and belief, at all times material hereto, the MiniMed Insulin Pump was a medical device requiring tracking under this regulation.

26.    Defendants made material misrepresentations or omissions of material facts to the Plaintiff or Plaintiff's physicians as follows:

   a.  Defendants specifically misrepresented appropriate labeling under 21 C.F.R. 801 failing subsequent to F.D.A. approval to appropriately label this product to warn of its potential to malfunction and cause great harm and injury to the user.

   b.  Defendants misrepresented to Plaintiff and Plaintiff's physicians by a failure to warn the Plaintiff of knowledge they had pursuant to post-market surveillance of the dangers of using this device.

   c.  Upon information and belief Defendants misrepresented to the Plaintiff and Plaintiff's physicians the number and kinds of adverse events which were reported subsequent to F.D.A. approval of the product pursuant to 21 C.F.R. 803 and failed to timely report those adverse events in violation of Federal law.

27.    Prior to Plaintiff's use of the MiniMed Insulin Pump, Defendants knew they had not properly conducted post-market surveillance including the reporting of all serious adverse

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX 202-416-6392

SUITE 650
4800 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

events involving their product yet they failed to report this to the Plaintiff or the Plaintiff's physicians.

28.    Pursuant to federal law, a medical device is adulterated if, among other things, it fails to meet established performance standards, or if the methods, facilities or controls used for its manufacture, packing, storage or installation are not in conformity with federal requirements. *See* 21 U.S.C. §351.  By failing to meet such standards  with respect to this device and failing to adhere to the good manufacturing practices contained in 21 C.F.R. §§820 et seq., the Defendants violated federal law.

29.    Pursuant to federal law, a medical device is misbranded if, among other things, its labeling is false or misleading in any particular manner, or if it is dangerous to health when it is used in the manner prescribed, recommended, or suggested in the labeling thereof.  *See* 21 U.S.C. 352.  By providing false or misleading statements in the labeling of this device, the Defendants violated federal law.

30.    Pursuant to FDA regulations, the manufacturer of the device upon which this litigation is based, had a duty to perform post-market surveillance, which required that (a) the post-market surveillance be initiated in a timely manner; (b) the surveillance be conducted with due diligence, (c) the data identified in the plan be collected, (d) any reports required as part of the approved plan be submitted to the FDA in a timely manner, and (e) any information that the FDA requests prior to the submission of a report or in response to its review of a report is provided in a timely manner. *See* 21 C.F.R. §§822 *et seq.*  By failing to comply with these requirements, the Defendants violated federal law.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

### Count I – Negligence – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

31.    The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

32.    Defendant, Medtronic Inc., in marketing, labeling, manufacturing, testing, monitoring and surveiling its product had a duty to act with reasonable care and to warn the Plaintiff and Plaintiff's physicians of the risk, dangers, and adverse side effects of the MiniMed Insulin Pump.

33.    Medtronic Inc. breached its duty to the Plaintiff and was otherwise negligent and careless to include, without limitation, the following:

a.  In the failure to provide adequate labeling knowing that the failure to notify the Plaintiff and the Plaintiff's physicians of the potential for severe and permanent injury due to product malfunction and in the failure to provide adequate labeling for such a device. See 21 CFR §801 et seq.

b.  In the manufacturing of the MiniMed Insulin Pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the product failed to adhere to good manufacturing practices such that it was manufactured in a manner different from and unacceptable to the method approved by the F.D.A. in violation of and was adulterated and not in conformance with current good manufacturing practices.

c.  In failing to accompany the MiniMed Insulin Pump with proper warnings regarding the dangerous side effects and potentially fatal health risks associated with the use of these devices and/or warnings which accurately reflected the symptoms, scope or severity of such injuries and health risks.

d.  In failing to fully and effectively warn the Plaintiff and/or her physicians that even under close medical monitoring, the potential for serious health complications existed.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

9

e.  In failing to perform adequate testing, in that adequate testing would have shown that the MiniMed Insulin Pump poses significant risks of serious health events.

f.  In that defendants knew or should have known that the MiniMed Insulin Pump was a dangerously defective product which posed unacceptable risks. These risks were unknown and unknowable by the Plaintiff or her physicians. The MiniMed Insulin Pump, which when used as prescribed, was defective due to inadequate warnings. Defendants knew or should have known of the risk of dangerous side effects and potentially fatal health risks and they failed to provide adequate warnings to the Plaintiff or her physicians.

g.  In the failure to perform appropriate post-market surveillance as required by 21 C.F.R. §822.1, et seq., in that the Defendants, while having a duty to perform post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner and failed to respond to F.D.A. requests in a timely manner. Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by the Plaintiff.

h.  In failing to notify the Plaintiff and Plaintiff's physicians of post market adverse events which the Defendants knew or should have known about in violation of 21 C.F.R. §803 would have had a material effect on the risk benefit analysis and decision regarding the use of this device on the Plaintiff in that Plaintiff's physicians would not have utilized said device had the post market adverse events known to the Defendants been known to Plaintiff's physicians.

34.  As a direct and proximate result of Medtronic Inc.'s negligence, the Plaintiff has suffered and will continue to suffer severe bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

## Count II – Negligence – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

35.    The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

36.    Defendant, Medtronic Diabetes, in marketing, labeling, manufacturing, testing, monitoring and surveiling its product had a duty to act with reasonable care and to warn the Plaintiff and Plaintiff's physicians of the risk, dangers, and adverse side effects of the MiniMed Insulin Pump.

37.    Medtronic Diabetes breached its duty to the Plaintiff and was otherwise negligent and careless to include, without limitation, the following:

    a.    In the failure to provide adequate labeling knowing that the failure to notify the Plaintiff and the Plaintiff's physicians of the potential for severe and permanent injury due to product malfunction and in the failure to provide adequate labeling for such a device. See 21 CFR §801 et seq.

    b.    In the manufacturing of the MiniMed Insulin Pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the product failed to adhere to good manufacturing practices such that it was manufactured in a manner different from and unacceptable to the method approved by the F.D.A. in violation of and was adulterated and not in conformance with current good manufacturing practices.

    c.    In failing to accompany the MiniMed Insulin Pump with proper warnings regarding the dangerous side effects and potentially fatal health risks associated with the use of these devices and/or warnings which accurately reflected the symptoms, scope or severity of such injuries and health risks.

    d.    In failing to fully and effectively warn the Plaintiff and/or her physicians that even under close medical monitoring, the potential for serious health complications existed.

    e.    In failing to perform adequate testing, in that adequate testing would have shown that the MiniMed Insulin Pump poses significant risks of serious health events.

    f.    In that defendants knew or should have known that the MiniMed Insulin Pump was a dangerously defective product which posed unacceptable risks. These risks

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

11

were unknown and unknowable by the Plaintiff or her physicians. The MiniMed Insulin Pump, which when used as prescribed, was defective due to inadequate warnings. Defendants knew or should have known of the risk of dangerous side effects and potentially fatal health risks and they failed to provide adequate warnings to the Plaintiff or her physicians.

g. In the failure to perform appropriate post-market surveillance as required by 21 C.F.R. §822.1, et seq., in that the Defendants, while having a duty to perform post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner and failed to respond to F.D.A. requests in a timely manner. Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by the Plaintiff.

h. In failing to notify the Plaintiff and Plaintiff's physicians of post market adverse events which the Defendants knew or should have known about in violation of 21 C.F.R. §803 would have had a material effect on the risk benefit analysis and decision regarding the use of this device on the Plaintiff in that Plaintiff's physicians would not have utilized said device had the post market adverse events known to the Defendants been known to Plaintiff's physicians.

38. As a direct and proximate result of Medtronic Diabetes's negligence, the Plaintiff has suffered and will continue to suffer severe bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

### Count III – Negligence – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

39. The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 630
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

40.     Defendant, Medtronic MiniMed Inc., in marketing, labeling, manufacturing, testing, monitoring and surveiling its product had a duty to act with reasonable care and to warn the Plaintiff and Plaintiff's physicians of the risk, dangers, and adverse side effects of the MiniMed Insulin Pump.

41.     Medtronic MiniMed Inc. breached its duty to the Plaintiff and was otherwise negligent and careless to include, without limitation, the following:

a. In the failure to provide adequate labeling knowing that the failure to notify the Plaintiff and the Plaintiff's physicians of the potential for severe and permanent injury due to product malfunction and in the failure to provide adequate labeling for such a device. See 21 CFR §801 et seq.

b. In the manufacturing of the MiniMed Insulin Pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the product failed to adhere to good manufacturing practices such that it was manufactured in a manner different from and unacceptable to the method approved by the F.D.A. in violation of and was adulterated and not in conformance with current good manufacturing practices.

c. In failing to accompany the MiniMed Insulin Pump with proper warnings regarding the dangerous side effects and potentially fatal health risks associated with the use of these devices and/or warnings which accurately reflected the symptoms, scope or severity of such injuries and health risks.

d. In failing to fully and effectively warn the Plaintiff and/or her physicians that even under close medical monitoring, the potential for serious health complications existed.

e. In failing to perform adequate testing, in that adequate testing would have shown that the MiniMed Insulin Pump poses significant risks of serious health events.

f. In that defendants knew or should have known that the MiniMed Insulin Pump was a dangerously defective product which posed unacceptable risks. These risks were unknown and unknowable by the Plaintiff or her physicians. The MiniMed Insulin Pump, which when used as prescribed, was defective due to inadequate warnings. Defendants knew or should have known of the risk of dangerous side effects and potentially fatal health risks and they failed to provide adequate warnings to the Plaintiff or her physicians.

g. In the failure to perform appropriate post-market surveillance as required by 21 C.F.R. §822.1, et seq., in that the Defendants, while having a duty to perform

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

13

post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner and failed to respond to F.D.A. requests in a timely manner.   Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by the Plaintiff.

h.  In failing to notify the Plaintiff and Plaintiff's physicians of post market adverse events which the Defendants knew or should have known about in violation of 21 C.F.R. §803 would have had a material effect on the risk benefit analysis and decision regarding the use of this device on the Plaintiff in that Plaintiff's physicians would not have utilized said device had the post market adverse events known to the Defendants been known to Plaintiff's physicians.

42.    As a direct and proximate result of Medtronic MiniMed Inc.'s negligence, the Plaintiff has suffered and will continue to suffer severe bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of medications; medical and nursing care; and loss of present and future earnings.  These injuries are permanent and continuing in nature.

## Count IV – Strict Liability/Restatement of Torts §402A – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

43.    The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

44.    Defendants are liable under the Theory of Strict Liability as set forth in the Restatement (Second) of Torts § 402A.  Defendants were at all times engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing,

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

14

promoting, selling, advertising, warning, and otherwise distributing, medical devices in interstate

commerce, which they sold and distributed throughout the United States.

45.    The MiniMed Insulin Pumps were expected to and did reach plaintiff without

substantial change in their condition.    As manufactured, created, designed, tested, labeled,

sterilized, packaged, supplied, marketed, sold, advertised, warned and otherwise distributed the

MiniMed Insulin Pumps were defective because:

    a.    The Defendants provided Plaintiff with a defective product by virtue of their inadequate labeling knowing that the pump could malfunction causing serious and permanent injury, yet failing to warn of these injuries.

    b.    In the manufacturing of the insulin pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the device failed to adhere to good manufacturing practices.

    c.    The Defendant provided Plaintiff with a defective product by virtue of its failure to perform appropriate post-market surveillance as required by 21 C.F.R. sec. 822.1, et seq., in that the Defendant, while having a duty to perform post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, and failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner.    Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by Plaintiff.

    d.    The Defendant provided Plaintiff with a defective product by virtue of its failure to notify the Plaintiff and Plaintiff's physicians of post-market adverse events which the Defendant knew or should have known about in violation of 21 C.F.R. §803, in that Defendant knew of adverse events and failed to report those adverse events to FDA, plaintiff and plaintiff's physicians and which would have had a material effect on the decision regarding the use of this insulin pump on the Plaintiff in that Plaintiff's physicians would not have utilized said pump had the adverse events been known to Plaintiff's physicians.

46.    Plaintiff used the MiniMed Insulin Pump in the manner in which it was intended

by Medtronic Inc.

47.    Defendant Medtronic Inc.'s MiniMed Insulin Pump caused increased risk of

personal injury and harm upon use, and therefore constitutes a product that is unreasonably

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

15

dangerous for normal use due to the Defendant's actions as set forth hereinabove when used in the manner in which it was used with respect to the Plaintiff as set forth hereinabove.

48.     The Medtronic Inc.'s MiniMed Insulin Pump manufactured and/or supplied by the Defendant was defective when used in the manner set forth hereinabove due to:

a.  As provided to the Plaintiff by the Defendant, the foreseeable risk exceeded the benefits associated with said pump. Defective design or formulation in that when it left the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation;

b.  Defective marketing in that Defendant made inappropriate, misleading, inaccurate and incomplete representations about the MiniMed Insulin Pump to Plaintiff and Plaintiff's physicians. These deceptive marketing representations were made to induce sales and increase profits;

c.  Defective as provided to the Plaintiff by the Defendant in that after it left the hands of the manufacturer and/or supplier and was provided to the Plaintiff, by virtue of the actions of the Defendants set forth above, it was unreasonably dangerous, more dangerous than an ordinary consumer would expect and more dangerous than other medical devices available for use in patients such as Plaintiff.

d.  Inadequate warnings or instructions because the Defendants knew or should have known that the product created a risk of dangerous side effects and other related conditions or diseases;

e.  Inadequate post-marketing warning or instruction because, after Defendants knew or should have known the risk of dangerous side effects and other related conditions and diseases, they failed to provide adequate warnings to users or consumers of the product and continued to promote the product. Defendants, therefore, are strictly liable to the Plaintiff.

49.     As a direct and proximate result of the Defendants' actions as set forth hereinabove, Plaintiff has suffered injuries which are severe and permanent in nature and has suffered compensatory damages in an amount to be proven at trial.

50.     As a direct and proximate result of the actions of the Defendant as set forth hereinabove, the Plaintiff has suffered and will continue to suffer bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-920-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

16

medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

**Count V – Strict Liability/Restatement of Torts §402A – Medtronic Diabetes**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

51.    The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

52.    Defendants are liable under the Theory of Strict Liability as set forth in the Restatement (Second) of Torts § 402A. Defendants were at all times engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing, promoting, selling, advertising, warning, and otherwise distributing, medical devices in interstate commerce, which they sold and distributed throughout the United States.

53.    The MiniMed Insulin Pumps were expected to and did reach plaintiff without substantial change in their condition. As manufactured, created, designed, tested, labeled, sterilized, packaged, supplied, marketed, sold, advertised, warned and otherwise distributed the MiniMed Insulin Pumps were defective because:

   a.    The Defendants provided Plaintiff with a defective product by virtue of their inadequate labeling knowing that the pump could malfunction causing serious and permanent injury, yet failing to warn of these injuries.

   b.    In the manufacturing of the insulin pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the device failed to adhere to good manufacturing practices.

   c.    The Defendant provided Plaintiff with a defective product by virtue of its failure to perform appropriate post-market surveillance as required by 21 C.F.R. sec.

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 630
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-3900
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

17

822.1, et seq., in that the Defendant, while having a duty to perform post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, and failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner. Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by Plaintiff.

d. The Defendant provided Plaintiff with a defective product by virtue of its failure to notify the Plaintiff and Plaintiff's physicians of post-market adverse events which the Defendant knew or should have known about in violation of 21 C.F.R. §803, in that Defendant knew of adverse events and failed to report those adverse events to FDA, plaintiff and plaintiff's physicians and which would have had a material effect on the decision regarding the use of this insulin pump on the Plaintiff in that Plaintiff's physicians would not have utilized said pump had the adverse events been known to Plaintiff's physicians.

54. Plaintiff used the MiniMed Insulin Pump in the manner in which it was intended by Medtronic Diabetes.

55. Defendant Medtronic Diabetes's MiniMed Insulin Pump caused increased risk of personal injury and harm upon use, and therefore constitutes a product that is unreasonably dangerous for normal use due to the Defendant's actions as set forth hereinabove when used in the manner in which it was used with respect to the Plaintiff as set forth hereinabove.

56. The Medtronic Diabetes's MiniMed Insulin Pump manufactured and/or supplied by the Defendant was defective when used in the manner set forth hereinabove due to:

a. As provided to the Plaintiff by the Defendant, the foreseeable risk exceeded the benefits associated with said pump. Defective design or formulation in that when it left the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation;

b. Defective marketing in that Defendant made inappropriate, misleading, inaccurate and incomplete representations about the MiniMed Insulin Pump to Plaintiff and Plaintiff's physicians. These deceptive marketing representations were made to induce sales and increase profits;

c. Defective as provided to the Plaintiff by the Defendant in that after it left the hands of the manufacturer and/or supplier and was provided to the Plaintiff, by virtue of the actions of the Defendants set forth above, it was unreasonably dangerous, more dangerous than an ordinary consumer would expect and more

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

18

dangerous than other medical devices available for use in patients such as Plaintiff.

    d.   Inadequate warnings or instructions because the Defendants knew or should have known that the product created a risk of dangerous side effects and other related conditions or diseases;

    e.   Inadequate post-marketing warning or instruction because, after Defendants knew or should have known the risk of dangerous side effects and other related conditions and diseases, they failed to provide adequate warnings to users or consumers of the product and continued to promote the product. Defendants, therefore, are strictly liable to the Plaintiff.

    57.    As a direct and proximate result of the Defendants' actions as set forth hereinabove, Plaintiff has suffered injuries which are severe and permanent in nature and has suffered compensatory damages in an amount to be proven at trial.

    58.    As a direct and proximate result of the actions of the Defendant as set forth hereinabove, the Plaintiff has suffered and will continue to suffer bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

### Count VI – Strict Liability/Restatement of Torts §402A – Medtronic MiniMed Inc.

    Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

    59.    The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

    60.    Defendants are liable under the Theory of Strict Liability as set forth in the Restatement (Second) of Torts § 402A. Defendants were at all times engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing,

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

promoting, selling, advertising, warning, and otherwise distributing, medical devices in interstate commerce, which they sold and distributed throughout the United States.

61.    The MiniMed Insulin Pumps were expected to and did reach plaintiff without substantial change in their condition.    As manufactured, created, designed, tested, labeled, sterilized, packaged, supplied, marketed, sold, advertised, warned and otherwise distributed the MiniMed Insulin Pumps were defective because:

a.  The Defendants provided Plaintiff with a defective product by virtue of their inadequate labeling knowing that the pump could malfunction causing serious and permanent injury, yet failing to warn of these injuries.

b.  In the manufacturing of the insulin pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the device failed to adhere to good manufacturing practices.

c.  The Defendant provided Plaintiff with a defective product by virtue of its failure to perform appropriate post-market surveillance as required by 21 C.F.R. §822.1, et seq., in that the Defendant, while having a duty to perform post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, and failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner.    Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by Plaintiff.

d.  The Defendant provided Plaintiff with a defective product by virtue of its failure to notify the Plaintiff and Plaintiff's physicians of post-market adverse events which the Defendant knew or should have known about in violation of 21 C.F.R. §803, in that Defendant knew of adverse events and failed to report those adverse events to FDA, plaintiff and plaintiff's physicians and which would have had a material effect on the decision regarding the use of this insulin pump on the Plaintiff in that Plaintiff's physicians would not have utilized said pump had the adverse events been known to Plaintiff's physicians.

62.    Plaintiff used the MiniMed Insulin Pump in the manner in which it was intended by Medtronic MiniMed Inc.

63.    Defendant Medtronic MiniMed Inc.'s MiniMed Insulin Pump caused increased risk of personal injury and harm upon use, and therefore constitutes a product that is

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 100Z
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-459-1364

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-347-1261

unreasonably dangerous for normal use due to the Defendant's actions as set forth hereinabove when used in the manner in which it was used with respect to the Plaintiff as set forth hereinabove.

64.    The Medtronic MiniMed Inc.'s MiniMed Insulin Pump manufactured and/or supplied by the Defendant was defective when used in the manner set forth hereinabove due to:

a. As provided to the Plaintiff by the Defendant, the foreseeable risk exceeded the benefits associated with said pump. Defective design or formulation in that when it left the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation;

b. Defective marketing in that Defendant made inappropriate, misleading, inaccurate and incomplete representations about the MiniMed Insulin Pump to Plaintiff and Plaintiff's physicians. These deceptive marketing representations were made to induce sales and increase profits;

c. Defective as provided to the Plaintiff by the Defendant in that after it left the hands of the manufacturer and/or supplier and was provided to the Plaintiff, by virtue of the actions of the Defendants set forth above, it was unreasonably dangerous, more dangerous than an ordinary consumer would expect and more dangerous than other medical devices available for use in patients such as Plaintiff.

d. Inadequate warnings or instructions because the Defendants knew or should have known that the product created a risk of dangerous side effects and other related conditions or diseases;

e. Inadequate post-marketing warning or instruction because, after Defendants knew or should have known the risk of dangerous side effects and other related conditions and diseases, they failed to provide adequate warnings to users or consumers of the product and continued to promote the product. Defendants, therefore, are strictly liable to the Plaintiff.

65.    As a direct and proximate result of the Defendants' actions as set forth hereinabove, Plaintiff has suffered injuries which are severe and permanent in nature and has suffered compensatory damages in an amount to be proven at trial.

66.    As a direct and proximate result of the actions of the Defendant as set forth hereinabove, the Plaintiff has suffered and will continue to suffer bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 550
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

medications; medical and nursing care; and loss of present and future earnings.  These injuries are permanent and continuing in nature.

### Count VII – Misrepresentation By Seller - Restatement of Torts §402B – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

67.    At all relevant times herein, Defendant Medtronic Inc. was in the business of selling the MiniMed Insulin Pump.

68.    Through their actions and omissions in advertising, promoting, reporting to the FDA, labeling, and otherwise, Defendants made public misrepresentations of material facts to, and/or concealed material facts from consumers like Caroline Kubicki, concerning the character, safety, and effectiveness of the MiniMed Insulin Pump.

69.    Those public misrepresentations and omissions also include, but are not limited to those set forth in the general allegations section of this Complaint.  Those public false representations and omissions include but are not limited to the following:

(A)    Upon information and belief, Defendants failed to disclose that adequate post-marketing surveillance to determine the safety of the MiniMed Insulin Pump had not been done;

(B)    Upon information and belief, Defendants failed to timely disclose, and/or intentionally concealed, results of post market studies showing that the MiniMed Insulin Pump had the potential to malfunction and cause serious harm to the user; and

(C)    Upon information and belief Defendants failed to include adequate warnings with the MiniMed Insulin Pump regarding the potential and

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

22

actual risks for malfunction and product failure and the nature, scope, severity, and duration of any serious injuries resulting there from

70.     Defendant was obligated to disclose the foregoing risks, but failed to adequately and timely do so. In contrast Defendant, in its marketing and promotional material, label and other communications, indicated that the pump was safe for use.

71.     In the alternative, Defendant failed to exercise reasonable care in ascertaining the accuracy of the information regarding the safe use of the MiniMed Insulin Pump, failed to disclose facts indicating that the MiniMed Insulin Pump could fail or malfunction, and otherwise failed to exercise reasonable care in communicating the information concerning the MiniMed Insulin Pump to Caroline Kubicki, and/or concealed facts which were known to Defendant.

72.     Caroline Kubicki was not aware of the falsity of the foregoing representations, nor was she aware that material facts concerning the MiniMed Insulin Pump had been concealed or omitted. In reliance upon Defendant's misrepresentations, Caroline Kubicki was induced to and did purchase the Medtronic Insulin Pump and did use it. If Caroline Kubicki had known the true facts concerning the risks of the use of the MiniMed Insulin Pump, in particular, the risk of significant hypoglycemic event with anoxic brain injury, she would not have used the Product.

73.     Caroline Kubicki's reliance upon Defendant's misrepresentations was justified, among other reasons, because said misrepresentations and omissions were made by individuals and entities who were in a position to know the true facts concerning the MiniMed Insulin Pump, while Caroline Kubicki was not in a position to know the true facts, and because Defendant downplayed the risks in its use, thereby inducing Caroline Kubicki to use this product in lieu of other, safer alternatives. At all times relevant, Defendant's corporate officers, directors and/or managing agents knew of and ratified the acts of Defendant, as alleged herein.

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 530
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

74.     As a direct and proximate result of Caroline Kubicki's reliance on Defendant's misrepresentations concerning the risks and benefits of the Medtronic Insulin Pump, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages as set forth in this Complaint.

### Count VIII – Misrepresentation By Seller - Restatement of Torts §402B – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

75.     At all relevant times herein, Defendant Medtronic Diabetes was in the business of selling the MiniMed Insulin Pump.

76.     Through their actions and omissions in advertising, promoting, reporting to the FDA, labeling, and otherwise, Defendants made public misrepresentations of material facts to, and/or concealed material facts from consumers like Caroline Kubicki, concerning the character, safety, and effectiveness of the MiniMed Insulin Pump.

77.     Those public misrepresentations and omissions also include, but are not limited to those set forth in the general allegations section of this Complaint. Those public false representations and omissions include but are not limited to the following:

(A)     Upon information and belief, Defendants failed to disclose that adequate post-marketing surveillance to determine the safety of the MiniMed Insulin Pump had not been done;

(C)     Upon information and belief, Defendants failed to timely disclose, and/or intentionally concealed, results of post market studies showing that the MiniMed Insulin Pump had the potential to malfunction and cause serious harm to the user; and

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5800
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

(C)   Upon information and belief Defendants failed to include adequate warnings with the MiniMed Insulin Pump regarding the potential and actual risks for malfunction and product failure and the nature, scope, severity, and duration of any serious injuries resulting there from

78.    Defendant was obligated to disclose the foregoing risks, but failed to adequately and timely do so. In contrast Defendant, in its marketing and promotional material, label and other communications, indicated that the pump was safe for use.

79.    In the alternative, Defendant failed to exercise reasonable care in ascertaining the accuracy of the information regarding the safe use of the MiniMed Insulin Pump, failed to disclose facts indicating that the MiniMed Insulin Pump could fail or malfunction, and otherwise failed to exercise reasonable care in communicating the information concerning the MiniMed Insulin Pump to Caroline Kubicki, and/or concealed facts which were known to Defendant.

80.    Caroline Kubicki was not aware of the falsity of the foregoing representations, nor was she aware that material facts concerning the MiniMed Insulin Pump had been concealed or omitted. In reliance upon Defendant's misrepresentations, Caroline Kubicki was induced to and did purchase the Medtronic Insulin Pump and did use it. If Caroline Kubicki had known the true facts concerning the risks of the use of the MiniMed Insulin Pump, in particular, the risk of significant hypoglycemic event with anoxic brain injury, she would not have used the Product.

81.    Caroline Kubicki's reliance upon Defendant's misrepresentations was justified, among other reasons, because said misrepresentations and omissions were made by individuals and entities who were in a position to know the true facts concerning the MiniMed Insulin Pump, while Caroline Kubicki was not in a position to know the true facts, and because Defendant downplayed the risks in its use, thereby inducing Caroline Kubicki to use this product in lieu of

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-8500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

other, safer alternatives.  At all times relevant, Defendant's corporate officers, directors and/or

managing agents knew of and ratified the acts of Defendant, as alleged herein.

82.    As a direct and proximate result of Caroline Kubicki's reliance on Defendant's

misrepresentations concerning the risks and benefits of the Medtronic Insulin Pump, Caroline

Kubicki suffered and her family continues to suffer from the injuries and damages as set forth in

this Complaint.

### Count IX – Misrepresentation By Seller - Restatement of Torts §402B – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further

states that:

83.    At all relevant times herein, Defendant Medtronic MiniMed Inc. was in the

business of selling the MiniMed Insulin Pump.

84.    Through their actions and omissions in advertising, promoting, reporting to the

FDA, labeling, and otherwise, Defendants made public misrepresentations of material facts to,

and/or concealed material facts from consumers like Caroline Kubicki, concerning the character,

safety, and effectiveness of the MiniMed Insulin Pump.

85.    Those public misrepresentations and omissions also include, but are not limited to

those set forth in the general allegations section of this Complaint.  Those public false

representations and omissions include but are not limited to the following:

(A)    Upon information and belief, Defendants failed to disclose that adequate

post-marketing surveillance to determine the safety of the MiniMed

Insulin Pump had not been done;

(D)    Upon information and belief, Defendants failed to timely disclose, and/or

intentionally concealed, results of post market studies showing that the

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

MiniMed Insulin Pump had the potential to malfunction and cause serious harm to the user; and

(C)    Upon information and belief Defendants failed to include adequate warnings with the MiniMed Insulin Pump regarding the potential and actual risks for malfunction and product failure and the nature, scope, severity, and duration of any serious injuries resulting there from

86.    Defendant was obligated to disclose the foregoing risks, but failed to adequately and timely do so. In contrast Defendant, in its marketing and promotional material, label and other communications, indicated that the pump was safe for use.

87.    In the alternative, Defendant failed to exercise reasonable care in ascertaining the accuracy of the information regarding the safe use of the MiniMed Insulin Pump, failed to disclose facts indicating that the MiniMed Insulin Pump could fail or malfunction, and otherwise failed to exercise reasonable care in communicating the information concerning the MiniMed Insulin Pump to Caroline Kubicki, and/or concealed facts which were known to Defendant.

88.    Caroline Kubicki was not aware of the falsity of the foregoing representations, nor was she aware that material facts concerning the MiniMed Insulin Pump had been concealed or omitted. In reliance upon Defendant's misrepresentations, Caroline Kubicki was induced to and did purchase the Medtronic Insulin Pump and did use it. If Caroline Kubicki had known the true facts concerning the risks of the use of the MiniMed Insulin Pump, in particular, the risk of significant hypoglycemic event with anoxic brain injury, she would not have used the Product.

89.    Caroline Kubicki's reliance upon Defendant's misrepresentations was justified, among other reasons, because said misrepresentations and omissions were made by individuals and entities who were in a position to know the true facts concerning the MiniMed Insulin Pump,

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6302

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-459-1364

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

while Caroline Kubicki was not in a position to know the true facts, and because Defendant downplayed the risks in its use, thereby inducing Caroline Kubicki to use this product in lieu of other, safer alternatives.  At all times relevant, Defendant's corporate officers, directors and/or managing agents knew of and ratified the acts of Defendant, as alleged herein.

90.    As a direct and proximate result of Caroline Kubicki's reliance on Defendant's misrepresentations concerning the risks and benefits of the Medtronic Insulin Pump, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages as set forth in this Complaint.

### Count X – Fraud – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

91.    Defendant Medtronic Inc. intentionally, willfully, or recklessly concealed and misrepresented past and present facts to consumers and users, including Caroline Kubicki, which they had a duty to disclose.

92.    The facts concealed and misrepresented include, but are not limited to, those set forth in the General Allegations section of this Complaint.

93.    Each of the facts concealed and misrepresented was material.

94.    Defendant concealed and misrepresented material facts to the consuming public with the intent that the consuming public, like Caroline Kubicki, purchase and use the MiniMed Insulin Pump.  The consuming public, including Carline Kubicki, would not otherwise have purchased or utilized the MiniMed Insulin Pump if it had been informed of the totality of the risks associated with the use of the MiniMed Insulin Pump.

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

28

95.     Caroline Kubicki relied on Defendant's misrepresentations concerning the safety of the MiniMed Insulin Pump in purchasing this Pump and her reliance was justified.

96.     As a direct result of Caroline Kubicki's reliance on Defendant's misrepresentations of material facts concerning the safety of the MiniMed Insulin Pump, she suffered the injuries and damages alleged in this Complaint.

### Count XI – Fraud – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

97.     Defendant Medtronic Diabetes intentionally, willfully, or recklessly concealed and misrepresented past and present facts to consumers and users, including Caroline Kubicki, which they had a duty to disclose.

98.     The facts concealed and misrepresented include, but are not limited to, those set forth in the General Allegations section of this Complaint.

99.     Each of the facts concealed and misrepresented was material.

100.    Defendant concealed and misrepresented material facts to the consuming public with the intent that the consuming public, like Caroline Kubicki, purchase and use the MiniMed Insulin Pump. The consuming public, including Carline Kubicki, would not otherwise have purchased or utilized the MiniMed Insulin Pump if it had been informed of the totality of the risks associated with the use of the MiniMed Insulin Pump.

101.    Caroline Kubicki relied on Defendant's misrepresentations concerning the safety of the MiniMed Insulin Pump in purchasing this Pump and her reliance was justified.

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
301-770-3737
FAX: 301-459-1364

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785
301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202
410-539-1122
FAX: 410-547-1261

29

102.    As a direct result of Caroline Kubicki's reliance on Defendant's misrepresentations of material facts concerning the safety of the MiniMed Insulin Pump, she suffered the injuries and damages alleged in this Complaint.

### Count XII – Fraud – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

103.    Defendant Medtronic MiniMed Inc. intentionally, willfully, or recklessly concealed and misrepresented past and present facts to consumers and users, including Caroline Kubicki, which they had a duty to disclose.

104.    The facts concealed and misrepresented include, but are not limited to, those set forth in the General Allegations section of this Complaint.

105.    Each of the facts concealed and misrepresented was material.

106.    Defendant concealed and misrepresented material facts to the consuming public with the intent that the consuming public, like Caroline Kubicki, purchase and use the MiniMed Insulin Pump. The consuming public, including Carline Kubicki, would not otherwise have purchased or utilized the MiniMed Insulin Pump if it had been informed of the totality of the risks associated with the use of the MiniMed Insulin Pump.

107.    Caroline Kubicki relied on Defendant's misrepresentations concerning the safety of the MiniMed Insulin Pump in purchasing this Pump and her reliance was justified.

108.    As a direct result of Caroline Kubicki's reliance on Defendant's misrepresentations of material facts concerning the safety of the MiniMed Insulin Pump, she suffered the injuries and damages alleged in this Complaint.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-6500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

30



## Count XIII – Express Warranties – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

109.    The MiniMed Insulin Pump, which was designed, tested, and manufactured by Defendant Medtronic Inc., and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

110.    Defendant, through its advertising and promotional materials, expressly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

111.    Defendant breached said express warranties in that the MiniMed Insulin Pump was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event.

112.    Caroline Kubicki relied to her detriment on the express warranties of Defendant.

113.    As a direct and proximate result of Defendant's breach of express warranties, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages set forth in this Complaint.

## Count XIV – Express Warranties – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

114.    The MiniMed Insulin Pump, which was designed, tested, and manufactured by Defendants, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

115.    Defendant, through its advertising and promotional materials, expressly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
8900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

116.    Defendant breached said express warranties in that the MiniMed Insulin Pump was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event.

117.    Caroline Kubicki relied to her detriment on the express warranties of Defendants

118.    As a direct and proximate result of Defendant's breach of express warranties, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages set forth in this Complaint.

### Count XV – Express Warranties – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

119.    The MiniMed Insulin Pump, which was designed, tested, and manufactured by Defendant, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

120.    Defendant, through its advertising and promotional materials, expressly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

121.    Defendant breached said express warranties in that the MiniMed Insulin Pump was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event.

122.    Caroline Kubicki relied to her detriment on the express warranties of Defendant.

123.    As a direct and proximate result of Defendant's breach of express warranties, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages set forth in this Complaint.

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

32

## Count XVI – Implied Warranties – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

124.    The MiniMed Insulin Pump which was designed, tested, and manufactured by Defendant, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

125.    Defendant, through its advertising and promotional materials, impliedly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

126.    Defendant breached said implied warranties in that the product was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event due to product malfunction.

127.    Caroline Kubicki relied to her detriment on the implied warranties of Defendant.

128.    As a direct and proximate result of Defendant's breach of implied warranties, Caroline Kubicki suffered and her family continues to suffer from injuries and damages set forth in this Complaint.

## Count XVII – Implied Warranties – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

129.    The MiniMed Insulin Pump which was designed, tested, and manufactured by Defendant, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

130.    Defendant, through its advertising and promotional materials, impliedly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

131.   Defendant breached said implied warranties in that the product was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event due to product malfunction.

132.   Caroline Kubicki relied to her detriment on the implied warranties of Defendant.

133.   As a direct and proximate result of Defendant's breach of implied warranties, Caroline Kubicki suffered and her family continues to suffer from injuries and damages set forth in this Complaint.

### Count XVIII – Implied Warranties – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

134.   The MiniMed Insulin Pump which was designed, tested, and manufactured by Defendant, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

135.   Defendant, through its advertising and promotional materials, impliedly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

136.   Defendant breached said implied warranties in that the product was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event due to product malfunction.

137.   Caroline Kubicki relied to her detriment on the implied warranties of Defendant.

138.   As a direct and proximate result of Defendant's breach of implied warranties, Caroline Kubicki suffered and her family continues to suffer from injuries and damages set forth in this Complaint.

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

34

## Count XIX – Violation of the D.C. Deceptive Trade Practices Act – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

139.    Defendant, at all relevant times herein, was engaged in the business of the sale of consumer goods in the District of Columbia, including the MiniMed Insulin Pump.

140.    The aforesaid unfair and deceptive acts were done in violation of the following subsections of District of Columbia Unlawful Trade Practices Act, D.C., Code §28-3904:

(a) misrepresentation that the product was of a particular quality;

(b) misrepresentation as to material facts which have the tendency to mislead;

(c) failure to state material facts which failure tends to mislead;

(d) offered for sale or distributed product in a condition, which was, inconsistent with that warranted by operation or requirement of federal law.

141.    As a direct and proximate result of such unfair and deceptive trade practices, Plaintiff suffered the aforesaid injuries and damages.

142.    Under said Act, Plaintiff Caroline Kubicki is entitled to treble damages or, in the alternative, punitive damages and reasonable attorney's fees, and any other relief, which this court deems proper.

## Count XX – Violation of the D.C. Deceptive Trade Practices Act – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

143.    Defendant, at all times herein, was engaged in the business of the sale of consumer goods in the District of Columbia, including the MiniMed Insulin Pump.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-981-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1261

35

144.    The aforesaid unfair and deceptive acts were done in violation of the following subsections of District of Columbia Unlawful Trade Practices Act, D.C., Code §28-3904:

(a) misrepresentation that the product was of a particular quality;

(b) misrepresentation as to material facts which have the tendency to mislead;

(c) failure to state material facts which failure tends to mislead;

(d) offered for sale or distributed product in a condition, which was, inconsistent with that warranted by operation or requirement of federal law.

145.    As a direct and proximate result of such unfair and deceptive trade practices, Plaintiff suffered the aforesaid injuries and damages.

146.    Under said Act, Plaintiff Caroline Kubicki is entitled to treble damages or, in the alternative, punitive damages and reasonable attorney's fees, and any other relief, which this court deems proper.

## Count XXI – Violation of the D.C. Deceptive Trade Practices Act – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

147.    Defendant, at all times herein, was engaged in the business of the sale of consumer goods in the District of Columbia, including the MiniMed Insulin Pump.

148.    The aforesaid unfair and deceptive acts were done in violation of the following subsections of District of Columbia Unlawful Trade Practices Act, D.C., Code §28-3904:

(a) misrepresentation that the product was of a particular quality;

(b) misrepresentation as to material facts which have the tendency to mislead;

(c) failure to state material facts which failure tends to mislead;

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

(d) offered for sale or distributed product in a condition, which was, inconsistent with that warranted by operation or requirement of federal law.

149.    As a direct and proximate result of such unfair and deceptive trade practices, Plaintiff suffered the aforesaid injuries and damages.

150.    Under said Act, Plaintiff Caroline Kubicki is entitled to treble damages or, in the alternative, punitive damages and reasonable attorney's fees, and any other relief, which this court deems proper.

### Count XXII – Failure to Warn - Restatement of Torts § 388 – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

151.    Defendant Medtronic Inc. owed Caroline Kubicki duties of reasonable care to adequately warn her of the risks associated with the use of the MiniMed Insulin Pump.

152.    Defendant knew or reasonably should have known that the warnings provided to users of the MiniMed Insulin Pump regarding the risks associated with its use were incorrect and misleading in at least the following material respects:

(A)    The MiniMed Insulin Pump was unaccompanied by proper warnings regarding possible product malfunction and all possible injuries associated with its use and the comparative severity, incidence, and duration of such events; and

(B)    The MiniMed Insulin Pump was defective due to inadequate post-marketing warnings or instructions because Defendant knew or should have known of the risks of injury from the MiniMed Insulin Pump that

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX 410-547-1281

would result from the device's malfunction and they nonetheless failed to provide adequate warnings to users or consumers.

153.    By failing to warn Caroline Kubicki of the adverse health risks associated with the use of the MiniMed Insulin Pump, Defendant breached their duties to Caroline Kubicki of reasonable care and safety.

154.    As a direct and proximate result of Defendant's failure to adequately warn Caroline Kubicki of the risk of product malfunction and subsequent hypoglycemic event, Caroline Kubicki suffered and her family continues to suffer the injuries and damages set forth in this Complaint.

**Count XXIII – Failure to Warn/Restatement of Torts § 388 – Medtronic Diabetes**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

155.    Defendant Medtronic Diabetes owed Caroline Kubicki duties of reasonable care to adequately warn her of the risks associated with the use of the MiniMed Insulin Pump.

156.    Defendant knew or reasonably should have known that the warnings provided to users of the MiniMed Insulin Pump regarding the risks associated with its use were incorrect and misleading in at least the following material respects:

(A)    The MiniMed Insulin Pump was unaccompanied by proper warnings regarding possible product malfunction and all possible injuries associated with its use and the comparative severity, incidence, and duration of such events; and

(B)    The MiniMed Insulin Pump was defective due to inadequate post-marketing warnings or instructions because Defendant knew or should

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20892

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

38

have known of the risks of injury from the MiniMed Insulin Pump that would result from the device's malfunction and they nonetheless failed to provide adequate warnings to users or consumers.

157.    By failing to warn Caroline Kubicki of the adverse health risks associated with the use of the MiniMed Insulin Pump, Defendant breached their duties to Caroline Kubicki of reasonable care and safety.

158.    As a direct and proximate result of Defendant's failure to adequately warn Caroline Kubicki of the risk of product malfunction and subsequent hypoglycemic event, Caroline Kubicki suffered and her family continues to suffer the injuries and damages set forth in this Complaint.

**Count XXIV – Failure to Warn/Restatement of Torts § 388 – Medtronic MiniMed Inc.**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

159.    Defendant Medtronic MiniMed Inc. owed Caroline Kubicki duties of reasonable care to adequately warn her of the risks associated with the use of the MiniMed Insulin Pump.

160.    Defendant knew or reasonably should have known that the warnings provided to users of the MiniMed Insulin Pump regarding the risks associated with its use were incorrect and misleading in at least the following material respects:

(A)    The MiniMed Insulin Pump was unaccompanied by proper warnings regarding possible product malfunction and all possible injuries associated with its use and the comparative severity, incidence, and duration of such events; and

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

39



(B)   The MiniMed Insulin Pump was defective due to inadequate post-marketing warnings or instructions because Defendant knew or should have known of the risks of injury from the MiniMed Insulin Pump that would result from the device's malfunction and they nonetheless failed to provide adequate warnings to users or consumers.

161.   By failing to warn Caroline Kubicki of the adverse health risks associated with the use of the MiniMed Insulin Pump, Defendant breached their duties to Caroline Kubicki of reasonable care and safety.

162.   As a direct and proximate result of Defendant's failure to adequately warn Caroline Kubicki of the risk of product malfunction and subsequent hypoglycemic event, Caroline Kubicki suffered and her family continues to suffer the injuries and damages set forth in this Complaint.

## Count XXV – Punitive Damages – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

163.   The conduct of Defendant in designing, testing, manufacturing, and Defendant's conduct in promoting, advertising, selling, marketing, and distributing the MiniMed Insulin Pump, and in failing to warn Caroline Kubicki and other members of the public of the dangers inherent in the use of the MiniMed Insulin Pump, which were well known to Defendant, was attended by circumstances of fraud, malice, or willful and wanton conduct, done heedlessly and recklessly, without regard to consequence, or of the rights and safety of others, particularly Caroline Kubicki. Such conduct includes, but is not limited to, the following:

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

(A)     Upon information and belief, Defendant actually knew of MiniMed Insulin Pump's defective nature, as set forth herein, but continued to design, manufacture, market, and sell the product so as to maximize sales and profits at the expense of the health and safety of the consuming public, including Caroline Kubicki, and in conscious disregard of the foreseeable harm caused by the MiniMed Insulin Pump;

(B)     Upon information and belief, Defendant failed to do adequate post-marketing surveillance of this product.

(C)     Defendant continued to promote the safety of the MiniMed Insulin Pump, and failed to provide adequate warnings regarding the risk of malfunction of the product; and

(D)     Defendant had knowledge of safer alternative designs for its product and failed to substitute such a safer design.

### Count XXVI – Punitive Damages – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

164.    The conduct of Defendant in designing, testing, manufacturing, and Defendant's conduct in promoting, advertising, selling, marketing, and distributing the MiniMed Insulin Pump, and in failing to warn Caroline Kubicki and other members of the public of the dangers inherent in the use of the MiniMed Insulin Pump, which were well known to Defendant, was attended by circumstances of fraud, malice, or willful and wanton conduct, done heedlessly and

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

recklessly, without regard to consequence, or of the rights and safety of others, particularly Caroline Kubicki. Such conduct includes, but is not limited to, the following:

(E)    Upon information and belief, Defendant actually knew of MiniMed Insulin Pump's defective nature, as set forth herein, but continued to design, manufacture, market, and sell the product so as to maximize sales and profits at the expense of the health and safety of the consuming public, including Caroline Kubicki, and in conscious disregard of the foreseeable harm caused by the MiniMed Insulin Pump;

(F)    Upon information and belief, Defendant failed to do adequate post-marketing surveillance of this product.

(G)    Defendant continued to promote the safety of the MiniMed Insulin Pump, and failed to provide adequate warnings regarding the risk of malfunction of the product; and

(A)    Defendant had knowledge of safer alternative designs for its product and failed to substitute such a safer design.

## Count XXVII – Punitive Damages – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

165.    The conduct of Defendant in designing, testing, manufacturing, and Defendant's conduct in promoting, advertising, selling, marketing, and distributing the MiniMed Insulin Pump, and in failing to warn Caroline Kubicki and other members of the public of the dangers inherent in the use of the MiniMed Insulin Pump, which were well known to Defendant, was

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

attended by circumstances of fraud, malice, or willful and wanton conduct, done heedlessly and recklessly, without regard to consequence, or of the rights and safety of others, particularly Caroline Kubicki. Such conduct includes, but is not limited to, the following:

(H)    Upon information and belief, Defendant actually knew of MiniMed Insulin Pump's defective nature, as set forth herein, but continued to design, manufacture, market, and sell the product so as to maximize sales and profits at the expense of the health and safety of the consuming public, including Caroline Kubicki, and in conscious disregard of the foreseeable harm caused by the MiniMed Insulin Pump;

(I)    Upon information and belief, Defendant failed to do adequate post-marketing surveillance of this product.

(J)    Defendant continued to promote the safety of the MiniMed Insulin Pump, and failed to provide adequate warnings regarding the risk of malfunction of the product; and

(A)    Defendant had knowledge of safer alternative designs for its product and failed to substitute such a safer design.

## Count XXVIII – Damages

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

166.    WHEREFORE, Plaintiff seeks judgment in her favor against the Defendants as follows:

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

43

a.    Severe and permanent physical and medical injuries and associated disabilities;

b.    Severe past and future pain and suffering and mental anguish occasioned by the resulting injuries and disabilities;

c.    Loss of enjoyment of life;

d.    Increased risk of health problems;

e.    Loss of past and future economic losses and income;

f.    Past and future medical, rehabilitation, and life care expenses;

g.    Past and future medical monitoring;

h.    Past and future medical expenses;

i.    Any disfigurement or deformity suffered by the plaintiff, as well as any humiliation or embarrassment associated with the disfigurement or deformity;

j.    Any past or future physical pain and emotional distress that Caroline Kubicki has suffered or may suffer;

k.    Any and all other damages to be shown at trial.

WHEREFORE, Plaintiff CAROLINE KUBICKI, prays for judgment against the Defendants, individually and collectively in the amount of Fifty Million Dollars ($50,000,000.00), and for additional aggravating circumstances damages, and for their costs and fees herein expended.

LAW OFFICES
ASHCRAFT & GEREL, LLP
SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 660
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-861-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

Respectfully Submitted,

ASHCRAFT & GEREL, LLP

BY: _____

Michelle A. Parfitt #358592
4900 Seminary Rd., Ste. 650
Alexandria, VA 22311
(703) 931-5500
**Attorney for Plaintiffs**

COHEN & COHEN, P.C.

BY: _____

Adam R. Leighton #460184
1821 Jefferson Pl, NW,
4th Floor
Washington, D.C., 20036
(202)-955-4529

JURY TRIAL OF SIX (6) REQUESTED

_____
Michelle A. Parfitt

_____
Adam R. Leighton

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-5757
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

45

**On the Date Written Below LETTERS OF GUARDIANSHIP were granted by the Surrogate's Court of Erie County, New York as follows:**

Name of Ward:           **Caroline R Kubicki**              **File #: 2008-4193**

Type of Letters Issued:    **TEMPORARY LETTERS OF GUARDIANSHIP 17A PERSON & PROPERTY**

Residence of Ward:       Erie County                    Date of Birth:   10-25-1988

Guardian Appointed:    **Karin A Kubicki**               **John A Kubicki**
Mailing Address:        171 Chaumont Drive       171 Chaumont Drive
                             Williamsville NY 14221    Williamsville NY 14221

Bank in Which All         **M & T Bank**
Monies are to be          One M & T Plaza
Deposited:               Buffalo NY 14203

**LIMITATIONS: NONE**

Property of the Ward is subject to joint control with the Guardian Clerk of Erie County Surrogate Court; no withdrawals, transfers or investments are legal without Court Order; the Guardian may not receive any funds or property of the Ward except jointly with the Guardian Clerk of Erie County Surrogate Court.

Pursuant to SCPA 1750-b, the guardians are authorized and empowered to make all health care decisions with respect to the medical and dental needs of the ward and to render consent to any medical procedures which are necessary to the health and welfare of the ward unless the Court directs otherwise; In the event that a decision is made under SCPA 1750-b to withhold or withdraw life-sustaining treatment for the ward, the guardian shall cause the attending physician to immediately notify, at least 48 hours prior to the implementation of such decision, the appropriate parties enumerated in SCPA 1750-b(4)(e), and any objection by any such party, orally or in writing, shall immediately suspend such authority until a hearing is conducted by this Court.

THESE LETTERS, granted pursuant to a decree entered herein on this date, authorize and empower the guardian(s) above named to perform all acts requisite to the proper administration and disposition of the person, property, or person & property, (as stated above) of the ward in accordance with the decree and the laws of New York State, subject to the limitations, if any, as set forth above.

Dated: October 29, 2008                IN TESTIMONY WHEREOF, the seal of the Erie County
                                     Surrogate's Court has been affixed.

                                     WITNESS, Hon Barbara Howe, Judge of the Erie County
                                     Surrogate's Court

                                     Mary Dee Martoche, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Erie County Surrogate's Court*

<u>**Guardianship Attorney**</u>
**Edward C Robinson**
**Hurwitz And Fine**
1300 Liberty Building
Buffalo NY 14202



SURROGATE'S COURT OF NEW YORK
COUNTY OF ERIE

---

Proceeding for the Appointment of a Guardianship for

CAROLINE R. KUBICKI

Pursuant to SCPA Article 17-A

---

DECREE APPOINTING
TEMPORARY GUARDIAN

File No. 2008-4193

Upon reading and filing the Petition of Karin A. Kubicki and John A. Kubicki, duly verified on October 17, 2008, applying for appointment of a guardian of the person and property of Caroline R. Kubicki, a developmentally disabled person, and the certifications of Thomas Polisoto, M.D. dated October 8, 2008 and Nancy Ebling, D.O., dated October 4, 2008 and the Affidavits of Medical Emergency submitted by Petitioners and the Court having found that Caroline R. Kubicki is a developmentally disabled person, incapable of managing herself and/or her affairs by reason of brain injury due to global anoxic encephalopathy, and that such condition is permanent in nature or likely to continue indefinitely and the bests interests of said person would be promoted by the appointment of a guardian of her person and property, it is hereby

ORDERED that, Karin A. Kubicki and John A. Kubicki upon taking the official oath and filing the designation as required by law, be and hereby are appointed temporary guardian of the person and property of Caroline R. Kubicki, and it is further

ORDERED that the filing of the bond is dispensed with, the Guardians are directed to collect and receive the money and property belonging to Caroline R. Kubicki jointly with the Guardianship Clerks of Erie County Surrogate's Court, and that all such moneys and other property so far as the same shall be conveniently capable of deposit, shall be deposited in the M&T Bank in the name of such Guardians upon issuance of Letters to them, jointly with the Guardianship Clerks of this Court, and it is further

ORDERED that Temporary Letters of Guardianship be issued accordingly.

Hon. Barbara Howe



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

John Kubicki & Karen Kubicki on behalf of Caroline Kubicki
_____
                                                    Plaintiff

                              vs.                                    **(00 0 2 8 4 7 - 1 2**

Medtronic Diabetes                                   Case Number _____
18000 Devonshire St
Northridge, CA 91325
**SERVE:** CT Corp System                  _____
818 West Seventh St                                        Defendant
Los Angeles, CA 90017

                                            **SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

Michelle Parfitt, Esq.
_____              _Clerk of the Court_
Name of Plaintiff's Attorney

Ashcraft & Gerel, LLP/4900 Seminary Rd, #650       By _____
Address
Alexandria, VA 23211                                        Deputy Clerk

(703) 931-5500                                 Date    MAR 2 9 2012
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    ለማማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

                            See reverse side for Spanish translation
                            Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                    CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                           Demandante

          contra

                                                    Número de Caso: _____

_____
                           Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                              *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                      Por: _____
_____
Dirección                                                Subsecretario

_____

                                      Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요          ኮታ ትርጉም ለማግኘት (202) 879-4828 ደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES O VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                        CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

John Kubicki & Karen Kubicki on behalf of Caroline Kubicki
_____
                                                    Plaintiff

vs.                                    Case Number _____

Medtronic Inc.
710 Medtronic Parkway
Minneapolis, MN 55432
**SERVE:** CT Corp System       _____
1015 15ᵗʰ St, NW, #1000                      Defendant
Washington, DC 20005

## SUMMONS

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Michelle Parfitt, Esq.
_____
Name of Plaintiff's Attorney

Ashcraft & Gerel, LLP/4900 Seminary Rd, #650
_____
Address
Alexandria, VA 23211
_____

(703) 931-5500
_____
Telephone

*Clerk of the Court*

By _____
                              Deputy Clerk

Date _____ MAR 2 9 2012 _____

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                        Demandante

            contra

                                        Número de Caso: _____
_____
                                        Demandado

**CITATORIO**

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante
_____

                                    Por: _____
Dirección                                            Subsecretario
_____

                                    Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오         የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

    **IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN,** *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

                        Vea al dorso el original en inglés
                        See reverse side for English original

                                                            CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

John Kubicki & Karen Kubicki on behalf of Caroline Kubicki
_____
                                                    Plaintiff

0002847-12

Case Number _____

vs.

Medtronic MiniMed, Inc.
18000 Devonshire St
Northridge, CA 91325

**SERVE:** CT Corp System
818 West Seventh St
Los Angeles, CA 90017

_____
                                 Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Michelle Parfitt, Esq.
_____
Name of Plaintiff's Attorney

Ashcraft & Gerel, LLP/4900 Seminary Rd, #650
_____
Address

Alexandria, VA 23211
_____

(703) 931-5500
_____
Telephone

_Clerk of the Court_

By _Atrina B Smith_
                    Deputy Clerk

Date      MAR 2 9 2012

如需翻译，请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Dé có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요      ፣ ̣ ̣ ̣ (202) 879-4828 ̣ ̣ ̣ ̣

**IMPORTANT:** IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

| | Demandante |
|---|---|

contra

Número de Caso: _____

| | Demandado |
|---|---|

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante
_____

Por: _____

Dirección
_____                    Subsecretario

Fecha _____

Teléfono
_____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시오     ከተፈለገ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASE M ster

# Superior Court of the District of Columbia

### CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

~0002847-12

John Kubicki & Karen Kubicki for Caroline Kubicki

Case Number: _____

Date: **March 27, 2012**

vs

Medtronic, Inc., et al.

☑ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| *Name: (please print)* **Michelle Parfitt, Esq.** | Relationship to Lawsuit<br>☑ Attorney for Plaintiff<br>☐ Self (Pro Se)<br>Other: _____ |
| Firm Name: **Ashcraft & Gerel, LLP** | |
| Telephone No.: **703-931-5500**   Six digit Unified Bar No.: **358952** | |

TYPE OF CASE:   ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury
Demand:$ 50,000,000.00                        Other: _____

**PENDING CASE(S) RELATED TO THE ACTION BEING FILED**

Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar #: _____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**

| | | COLLECTION CASES |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 07 Personal Property | ☐ 14 Under $25,000 Pltf. Grants Consent |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ 16 Under $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ 17 OVER $25,000 Pltf. Grants Consent |
| ☐ 15 _____ | | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Traffic Adjudication |
| ☐ 07 Shoplifting, D.C. Code § 27-102(a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 09 Harassment | ☑ 17 Personal Injury – (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy | |
| ☐ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 18 Wrongful Death (Not malpractice) |
| ☐ 04 Automobile-Personal Injury | ☐ 12 Malicious Interference | ☐ 19 Wrongful Eviction |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 20 Friendly Suit |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 21 Asbestos |
| ☐ 07 False Arrest | ☐ 15 Malpractice Medical (including wrongful death) | ☐ 22 Toxic/Mass Torts |
| ☐ 08 Fraud | ☑ 16 Negligence-(Not Automobile, Not Malpractice) | ☐ 23 Tobacco |
| | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/October 2010

## INFORMATION SHEET, Continued

| D. OTHERS<br>I. | | |
|---|---|---|
| ☐ 01 Accounting<br>☐ 02 Att. Before Judgment<br>☐ 04 Condemnation (Emin. Domain)<br>☐ 05 Ejectment<br>☐ 07 Insurance/Subrogation<br>    Under $25,000 Pltf.<br>    Grants Consent<br>☐ 08 Quiet Title<br>☐ 09 Special Writ/Warrants<br>    DC Code § 11-941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☐ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act  (OEA)<br>    (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify,<br>    Vacate Arbitration Award<br>    (D.C. Code § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation<br>    Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation<br>    Over $25,000<br>☐ 28 Motion to Confirm Arbitration<br>    Award (Collection Cases Only)<br>☐ 26 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
| II.<br>☐ 03 Change of Name<br>☐ 06 Foreign Judgment<br>☐ 13 Correction of Birth Certificate<br>☐ 14 Correction of Marriage<br>    Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as<br>    Judgment [D.C. Code §<br>    2-1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code §<br>    42-3301, et seq.) | ☐ 21 Petition for Subpoena<br>    [Rule 28-I (b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1)<br>    (Perpetuate Testimony) |

For individuals not represented by an attorney: (  ) I acknowledge receipt of the Civil Actions Pro Se Handbook.

_____
Signature

3/28/12
Date

March 28, 2012



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

JOHN KUBICKI
Vs.
MEDTRONIC INC.

C.A. No.    2012 CA 002847 B

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge PETER A KRAUTHAMER
Date:  March 29, 2012
Initial Conference: 9:30 am, Friday, July 06, 2012
Location:  Courtroom B-52
           510 4th Street, NW
           WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

 CT Corporation

**Service of Process Transmittal**
04/19/2012
CT Log Number 520362706

TO: Vicki Tersteeg
Medtronic, Inc.
MS: LC300, 710 Medtronic Parkway
Minneapolis, MN 55432-5604

RE: **Process Served in District of Columbia**

FOR: Medtronic, Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John Kubicki and Karen Kubicki on behalf of Caroline Kubicki, Pltfs. vs. Medtronic, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Initial Order, Addendum, Summons, Document in a Foreign Language, Complaint, Exhibit, Decree |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC
Case # 2012CA002847B |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Medtronic MiniMed Paradigm Insulin Pump Model MMT-522 - Device does not properly disperse the proper amount of insulin - Seeking $50,000,000.00 Individually and Collectively against each Defendant |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/19/2012 at 13:56 |
| **JURISDICTION SERVED:** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | Within twenty (20) days after service of this summons upon you, exclusive of the day of service - Answer Complaint // July 6, 2012 at 9:30 a.m. - Initial Conference |
| **ATTORNEY(S) / SENDER(S):** | Michelle A. Parfitt
Ashcraft & Gerel, LLP
4900 Seminary Rd.
Ste. 650
Alexandria, VA 22311
703-931-5500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/19/2012, Expected Purge Date: 04/24/2012
Telephone, Vicki Tersteeg , 763-505-2671
Image SOP
Email Notification, Vicki Tersteeg VICKI.ANN.TERSTEEG@MEDTRONIC.COM
Email Notification, Jackie Hiltner jackie.hiltner@medtronic.com |
| **SIGNED:**
**PER:**
**ADDRESS:** | C T Corporation System
Mark Diffenbaugh
1015 15th Street, N.W.
Suite 1000
Washington, DC 20005 |
| **TELEPHONE:** | 202-572-3133 |

Page 1 of 1 / MD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

JOHN KUBICKI
    Vs.                                 C.A. No.     2012 CA 002847 B
MEDTRONIC INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge PETER A KRAUTHAMER
Date:  March 29, 2012
Initial Conference: 9:30 am, Friday, July 06, 2012
Location:   Courtroom B-52
             510 4th Street, NW
             WASHINGTON, DC  20001                       Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

John Kubicki & Karen Kubicki on behalf of Caroline Kubicki
_____
                                                    Plaintiff

                        vs.                                    Case Number    00-02847-12

Medtronic Inc.
710 Medtronic Parkway
Minneapolis, MN 55432
**SERVE:** CT Corp System
1015 15ᵗʰ St, NW, #1000        _____
Washington, DC 20005                        Defendant

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer.  A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you.  The attorney's name and address appear below.  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Michelle Parfitt, Esq.
_____                    _Clerk of the Court_
Name of Plaintiff's Attorney

Ashcraft & Gerel, LLP/4900 Seminary Rd, #650        By    _Atrina R Smith_
Address                                                    Deputy Clerk
Alexandria, VA 23211

(703) 931-5500                                    Date    MAR 2 9 2012
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ


    IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT.  IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT.  IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                    CASUM.doc





### TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
#### DIVISIÓN CIVIL
##### 500 Indiana Avenue, N.W., Suite 5000
##### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                                    Demandante

contra

                                                    Número de Caso: _____

_____
                                                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                          Por: _____
_____                              Subsecretario
Dirección

_____        Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| **John Kubicki and Karen Kubicki on behalf of Caroline Kubicki**<br>**171 Chaumont Dr.**<br>**Williamsville, NY 14221** | ) ) ) ) ) | Case No.     - 0002847 - 12 |
| Plaintiffs | ) ) | **Jury Demand Endorsed Hereon** |
| v. | ) ) ) | |
| **MEDTRONIC Inc.**<br>710 Medtronic Parkway,<br>Minneapolis, Minnesota 55432 | ) ) ) ) | |
| **Serve:**<br>CT Corporation System<br>1015 15th St., NW, Ste. 1000<br>Washington, DC, 20005, | ) ) ) ) ) ) | RECEIVED<br>Civil Clerk's Office<br>MAR 2 9 2012<br>Superior Court of the<br>District of Columbia<br>Washington, D.C. |
| **MEDTRONIC DIABETES**<br>18000 Devonshire St.<br>Northridge, CA 91325-1219 | ) ) ) ) | |
| **Serve:**<br>CT Corporation System<br>818 West Seventh St.<br>Los Angeles, CA 90017, | ) ) ) ) ) | |
| and | ) ) | |
| **MEDTRONIC MINIMED Inc.**<br>18000 Devonshire St.<br>Northridge, CA 91325-1219 | ) ) ) ) | |
| **Serve:**<br>CT Corporation System<br>818 West Seventh St.<br>Los Angeles, CA 90017 | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **COMPLAINT**

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

1

Now comes Plaintiffs, by and through counsel, for their Complaint and Jury Demand against Defendants, and alleges as follows:

## PARTIES AND JURISDICTION

1.    At all times relevant herein, Plaintiffs, John Kubicki and Karen Kubicki were and continue to be the court appointed legal guardians of Caroline Kubicki. *See* Letters of Guardianship dated Oct. 29, 2008 attached as Exhibit A.  John Kubicki and Karen Kubicki are legally married and are the parents of Caroline Kubicki.  They reside at 171 Chaumont Dr., Williamsville, NY 14221.

2.    On September 9, 2007, Caroline Kubicki suffered a severe and permanent brain injury.  This injury affected her physical and mental capacity and as to necessitate legal guardianship.

3.    Defendant Medtronic, Inc. ("Medtronic Inc." or "Defendants"), is a Minnesota corporation, with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota 55432.  It is a citizen and resident of Minnesota.  Medtronic manufactures medical devices and sells them worldwide.

4.    Defendant Medtronic, Inc. is engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, the Medtronic MiniMed Paradigm® Insulin Pump Model MMT-522 (hereinafter "MiniMed Insulin Pump").

5.    Defendant Medtronic Diabetes ("Medtronic Diabetes" or "Defendants") is a division of Medtronic Inc. which is responsible for the Medtronic Insulin Pump with a principal place of business at 1800 Devonshire Street, Northridge, CA, 91325.  Upon information and belief, Medtronic Diabetes is a citizen and resident of California and Minnesota.

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
300 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

6.     Upon information and belief, Defendant Medtronic Diabetes is engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, the Medtronic Insulin Pump.

7.     Defendant, Medtronic MiniMed Inc. ("Medtronic MiniMed Inc." or "Defendants"), is a subsidiary of Medtronic Inc., with its principal place of business at 1800 Devonshire Street, Northridge, CA 91325-1219.  It is a citizen and resident of California and Delaware.

8.     Defendant Medtronic MiniMed Inc. is engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, the Medtronic Insulin Pump.

9.     Jurisdiction is founded in this Court based upon D.C. Code §13-423 whereby jurisdiction is conferred over persons causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia.

10.     Venue is proper as Caroline Kubicki was injured and treated for her injuries in the District of Columbia.  Further, Plaintiffs allege that at all relevant times herein, Defendants conducted business in the District of Columbia and, at all times relevant hereto, they tested, manufactured, labeled, licensed, marketed, distributed, promoted and/or sold the MiniMed Insulin Pump, in D.C.

## GENERAL ALLEGATIONS

11.     Type I diabetes is usually diagnosed in children and young adults, and was previously known as juvenile diabetes.  In type 1 diabetes, the body does not produce insulin.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
·NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
·I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

Insulin is a hormone that is needed to convert sugar (glucose), starches and other food into energy needed for daily life.

12.    The MiniMed Insulin Pump is a small, portable device that is indicated for management of diabetes in adults and children requiring insulin therapy.  When functioning properly, this device administers insulin to the user on a continuous or intermittent basis as needed by the user.  This process is accomplished through a small syringe in the pump which is connected to the user via a small cannula and a series of electronics and complex algorithms which calculate the insulin dose necessary for the user throughout the day and night.

13.    The MiniMed Insulin Pump is supposed to possess a sophisticated network of safety checks and systems.  If anything unusual is detected, the pump should notify the user through a series of alarms and/or an alert message.

14.    A number of technical problems have been reported with use of insulin pumps including, but not limited to, the pumps' delivery of too much insulin resulting in hypoglycemia.

15.    Caroline Kubicki began using the MiniMed Insulin Pump on or about April 2001. She continued using the pump until on or around September 9, 2007.

16.    On or about September 9, 2007, Caroline Kubicki, a nineteen-year-old freshman at George Washington University, was found to be unresponsive and unarousable by her roommate as a result of her malfunctioning MiniMed Insulin Pump.

17.    Emergency personnel from both the University and the District Columbia were called to the scene.  Caroline Kubicki was nonresponsive and had a critical low blood glucose level.  Emergency workers established and managed an airway and gave her an intravenous dose of D50 (a highly concentrated glucose).  They then transported her emergently to George Washington University Hospital.

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

18.     At the George Washington Hospital Emergency Department, Caroline Kubicki was found to be suffering from cerebral edema and she was quickly transferred from the emergency department to the ICU.  There, her intracranial pressure continued to rise and her healthcare providers performed a left frontal decompressive craniotomy and subsequently placed her into a thiopental coma.

19.     Caroline Kubicki's coma was reversed on or about September 15, 2007, however, her health had been severely and permanently altered due to the failure of her MiniMed Insulin Pump that occurred on or about September 7, 2007.  She underwent a tracheotomy and the placement of a percutaneous endoscopic gastromy.  On or about October 11, 2007, Ms. Kubicki was then transferred to a long term rehabilitation facility that specializes in brain injury patients. She currently resides in a group home due to the constant care that she requires for all of her activities of daily living.

20.     Subsequent to FDA approval of this product, Defendants knew, or should have known, that technical problems were occurring with the MiniMed Insulin Pump but never made the Plaintiff or Plaintiff's physicians aware of these failures.  During post-market surveillance of their product, Defendants failed to notify the FDA, Plaintiff or Plaintiff's physicians of the technical problems that were occurring with their device in violation of 21 CFR §§803, 822.

21.     The FDA required Defendants to adhere to "Good Manufacturing Practices" pursuant to 21 C.F.R. §820.

21 C.F.R. §820 provides, in relevant part, that:

> Current good manufacturing practice requirements are set forth in this quality system regulation.  The requirements in this part govern the methods used in, and the facilities and controls used for, the design, manufacture, packaging, labeling, storage, installation and servicing of all finished devices intended for human use.  The requirements in this part are intended to ensure that finished devices will be safe and effective and otherwise in compliance with the

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
OOO L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)OO SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

Federal Food, Drug and Cosmetic Act.   This part establishes basic requirements applicable to manufacturers of finished medical devices.

22.    Significant deviations from the QS regulation include, but are not limited to, the following:

a. Failure to establish and maintain adequate procedures

   i. to control product that does not conform to specified requirements including the identification, documentation, evaluation, segregation and disposition of nonconforming product, as required by 820.90(a); and

   ii. to review and dispose of nonconforming product, with documented justification for the use of nonconforming product, as required by 21 C.F.R. 820.90(b).

b. Failure to establish and maintain adequate procedures for corrective and preventive actions, as required by 21 C.F.R. 820.100(a);

c. Failure to establish and maintain adequate complaint handling procedures to ensure all complaints are evaluated and investigated, and processed in a uniform and timely manner, as required by 21 C.F.R. 820.198;

d. Failure to validate with a high degree of assurance, processes, including changed processes, that cannot be fully verified by subsequent investigation and tests, as required by 21 C.F.R. 820.75(a) and (c);

e. Failure to adequately validate for its intended purpose and according to an established protocol computer software used as part of the production or quality system and failure to document validation activities and results as required by 21 C.F.R. 820.70(i);

f. Failure to establish and maintain adequate procedures for validating the device design to ensure that the device conforms to defined user needs and intended uses and to ensure that design validation is performed under defined operating conditions on initial production units or their equivalence, as required by 21 C.F.R. 820.30(g)."

23.    Had Plaintiff's physicians been aware of the manufacturing deviations set forth hereinabove, Plaintiff's physicians would not have prescribed the MiniMed Insulin Pump to Plaintiff until those manufacturing defects had been corrected or they would have undertaken other measures to protect the Plaintiff.

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

24.    Federal regulation 21 C.R.F. §821.25 requires that "a manufacturer of a track device shall adopt a method of tracking for each such type of device that it distributes that enables a manufacturer to provide the FDA with the following information in writing for each track device distributed: ". . . the name, address, and telephone number of the distributor. . .; devices that are intended for use by a single patient over the life of the device, after distribution to or implantation in a patient; the lot number, batch number, model number or serial number of the device. . .; the date the device was shipped by the manufacturer; the name, address, telephone number and social security number of the patient receiving the device. . .; the date the device was provided to the patient; the name, mailing address and telephone number of the prescribing physician; the name mailing address and telephone number of the physician regularly following the patient if different than the prescribing physician.

25.    Upon information and belief, at all times material hereto, the MiniMed Insulin Pump was a medical device requiring tracking under this regulation.

26.    Defendants made material misrepresentations or omissions of material facts to the Plaintiff or Plaintiff's physicians as follows:

a.    Defendants specifically misrepresented appropriate labeling under 21 C.F.R. 801 failing subsequent to F.D.A. approval to appropriately label this product to warn of its potential to malfunction and cause great harm and injury to the user.

b.    Defendants misrepresented to Plaintiff and Plaintiff's physicians by a failure to warn the Plaintiff of knowledge they had pursuant to post-market surveillance of the dangers of using this device.

c.    Upon information and belief Defendants misrepresented to the Plaintiff and Plaintiff's physicians the number and kinds of adverse events which were reported subsequent to F.D.A. approval of the product pursuant to 21 C.F.R. 803 and failed to timely report those adverse events in violation of Federal law.

27.    Prior to Plaintiff's use of the MiniMed Insulin Pump, Defendants knew they had not properly conducted post-market surveillance including the reporting of all serious adverse

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
300 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5100
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
AST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

events involving their product yet they failed to report this to the Plaintiff or the Plaintiff's physicians.

28.     Pursuant to federal law, a medical device is adulterated if, among other things, it fails to meet established performance standards, or if the methods, facilities or controls used for its manufacture, packing, storage or installation are not in conformity with federal requirements. *See* 21 U.S.C. §351.  By failing to meet such standards  with respect to this device and failing to adhere to the good manufacturing practices contained in 21 C.F.R. §§820 et seq., the Defendants violated federal law.

29.     Pursuant to federal law, a medical device is misbranded if, among other things, its labeling is false or misleading in any particular manner, or if it is dangerous to health when it is used in the manner prescribed, recommended, or suggested in the labeling thereof.   See 21 U.S.C. 352.  By providing false or misleading statements in the labeling of this device, the Defendants violated federal law.

30.     Pursuant to FDA regulations, the manufacturer of the device upon which this litigation is based, had a duty to perform post-market surveillance, which required that (a) the post-market surveillance be initiated in a timely manner; (b) the surveillance be conducted with due diligence, (c) the data identified in the plan be collected, (d) any reports required as part of the approved plan be submitted to the FDA in a timely manner, and (e) any information that the FDA requests prior to the submission of a report or in response to its review of a report is provided in a timely manner.  *See* 21 C.F.R. §§822 *et seq*.  By failing to comply with these requirements, the Defendants violated federal law.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1281

## Count I – Negligence – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

31.    The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

32.    Defendant, Medtronic Inc., in marketing, labeling, manufacturing, testing, monitoring and surveiling its product had a duty to act with reasonable care and to warn the Plaintiff and Plaintiff's physicians of the risk, dangers, and adverse side effects of the MiniMed Insulin Pump.

33.    Medtronic Inc. breached its duty to the Plaintiff and was otherwise negligent and careless to include, without limitation, the following:

a.    In the failure to provide adequate labeling knowing that the failure to notify the Plaintiff and the Plaintiff's physicians of the potential for severe and permanent injury due to product malfunction and in the failure to provide adequate labeling for such a device.  See 21 CFR §801 et seq.

b.    In the manufacturing of the MiniMed Insulin Pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the product failed to adhere to good manufacturing practices such that it was manufactured in a manner different from and unacceptable to the method approved by the F.D.A. in violation of and was adulterated and not in conformance with current good manufacturing practices.

c.    In failing to accompany the MiniMed Insulin Pump with proper warnings regarding the dangerous side effects and potentially fatal health risks associated with the use of these devices and/or warnings which accurately reflected the symptoms, scope or severity of such injuries and health risks.

d.    In failing to fully and effectively warn the Plaintiff and/or her physicians that even under close medical monitoring, the potential for serious health complications existed.

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
LEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

9

e.  In failing to perform adequate testing, in that adequate testing would have shown that the MiniMed Insulin Pump poses significant risks of serious health events.

f.  In that defendants knew or should have known that the MiniMed Insulin Pump was a dangerously defective product which posed unacceptable risks. These risks were unknown and unknowable by the Plaintiff or her physicians. The MiniMed Insulin Pump, which when used as prescribed, was defective due to inadequate warnings. Defendants knew or should have known of the risk of dangerous side effects and potentially fatal health risks and they failed to provide adequate warnings to the Plaintiff or her physicians.

g.  In the failure to perform appropriate post-market surveillance as required by 21 C.F.R. §822.1, et seq., in that the Defendants, while having a duty to perform post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner and failed to respond to F.D.A. requests in a timely manner. Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by the Plaintiff.

h.  In failing to notify the Plaintiff and Plaintiff's physicians of post market adverse events which the Defendants knew or should have known about in violation of 21 C.F.R. §803 would have had a material effect on the risk benefit analysis and decision regarding the use of this device on the Plaintiff in that Plaintiff's physicians would not have utilized said device had the post market adverse events known to the Defendants been known to Plaintiff's physicians.

34.     As a direct and proximate result of Medtronic Inc.'s negligence, the Plaintiff has suffered and will continue to suffer severe bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

## Count II – Negligence – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
:NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

35.    The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

36.    Defendant, Medtronic Diabetes, in marketing, labeling, manufacturing, testing, monitoring and surveiling its product had a duty to act with reasonable care and to warn the Plaintiff and Plaintiff's physicians of the risk, dangers, and adverse side effects of the MiniMed Insulin Pump.

37.    Medtronic Diabetes breached its duty to the Plaintiff and was otherwise negligent and careless to include, without limitation, the following:

a. In the failure to provide adequate labeling knowing that the failure to notify the Plaintiff and the Plaintiff's physicians of the potential for severe and permanent injury due to product malfunction and in the failure to provide adequate labeling for such a device. See 21 CFR §801 et seq.

b. In the manufacturing of the MiniMed Insulin Pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the product failed to adhere to good manufacturing practices such that it was manufactured in a manner different from and unacceptable to the method approved by the F.D.A. in violation of and was adulterated and not in conformance with current good manufacturing practices.

c. In failing to accompany the MiniMed Insulin Pump with proper warnings regarding the dangerous side effects and potentially fatal health risks associated with the use of these devices and/or warnings which accurately reflected the symptoms, scope or severity of such injuries and health risks.

d. In failing to fully and effectively warn the Plaintiff and/or her physicians that even under close medical monitoring, the potential for serious health complications existed.

e. In failing to perform adequate testing, in that adequate testing would have shown that the MiniMed Insulin Pump poses significant risks of serious health events.

f. In that defendants knew or should have known that the MiniMed Insulin Pump was a dangerously defective product which posed unacceptable risks. These risks

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

11

were unknown and unknowable by the Plaintiff or her physicians. The MiniMed Insulin Pump, which when used as prescribed, was defective due to inadequate warnings. Defendants knew or should have known of the risk of dangerous side effects and potentially fatal health risks and they failed to provide adequate warnings to the Plaintiff or her physicians.

g.  In the failure to perform appropriate post-market surveillance as required by 21 C.F.R. §822.1, et seq., in that the Defendants, while having a duty to perform post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner and failed to respond to F.D.A. requests in a timely manner. Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by the Plaintiff.

h.  In failing to notify the Plaintiff and Plaintiff's physicians of post market adverse events which the Defendants knew or should have known about in violation of 21 C.F.R. §803 would have had a material effect on the risk benefit analysis and decision regarding the use of this device on the Plaintiff in that Plaintiff's physicians would not have utilized said device had the post market adverse events known to the Defendants been known to Plaintiff's physicians.

38.    As a direct and proximate result of Medtronic Diabetes's negligence, the Plaintiff has suffered and will continue to suffer severe bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

## Count III – Negligence – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

39.    The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

40.    Defendant, Medtronic MiniMed Inc., in marketing, labeling, manufacturing, testing, monitoring and surveiling its product had a duty to act with reasonable care and to warn the Plaintiff and Plaintiff's physicians of the risk, dangers, and adverse side effects of the MiniMed Insulin Pump.

41.    Medtronic MiniMed Inc. breached its duty to the Plaintiff and was otherwise negligent and careless to include, without limitation, the following:

a.  In the failure to provide adequate labeling knowing that the failure to notify the Plaintiff and the Plaintiff's physicians of the potential for severe and permanent injury due to product malfunction and in the failure to provide adequate labeling for such a device. See 21 CFR §801 et seq.

b.  In the manufacturing of the MiniMed Insulin Pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the product failed to adhere to good manufacturing practices such that it was manufactured in a manner different from and unacceptable to the method approved by the F.D.A. in violation of and was adulterated and not in conformance with current good manufacturing practices.

c.  In failing to accompany the MiniMed Insulin Pump with proper warnings regarding the dangerous side effects and potentially fatal health risks associated with the use of these devices and/or warnings which accurately reflected the symptoms, scope or severity of such injuries and health risks.

d.  In failing to fully and effectively warn the Plaintiff and/or her physicians that even under close medical monitoring, the potential for serious health complications existed.

e.  In failing to perform adequate testing, in that adequate testing would have shown that the MiniMed Insulin Pump poses significant risks of serious health events.

f.  In that defendants knew or should have known that the MiniMed Insulin Pump was a dangerously defective product which posed unacceptable risks. These risks were unknown and unknowable by the Plaintiff or her physicians. The MiniMed Insulin Pump, which when used as prescribed, was defective due to inadequate warnings. Defendants knew or should have known of the risk of dangerous side effects and potentially fatal health risks and they failed to provide adequate warnings to the Plaintiff or her physicians.

g.  In the failure to perform appropriate post-market surveillance as required by 21 C.F.R. §822.1, et seq., in that the Defendants, while having a duty to perform

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1354

SUITE 1212
.ST BALTIMORE STREET
.LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner and failed to respond to F.D.A. requests in a timely manner. Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by the Plaintiff.

h. In failing to notify the Plaintiff and Plaintiff's physicians of post market adverse events which the Defendants knew or should have known about in violation of 21 C.F.R. §803 would have had a material effect on the risk benefit analysis and decision regarding the use of this device on the Plaintiff in that Plaintiff's physicians would not have utilized said device had the post market adverse events known to the Defendants been known to Plaintiff's physicians.

42.    As a direct and proximate result of Medtronic MiniMed Inc.'s negligence, the Plaintiff has suffered and will continue to suffer severe bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

## Count IV – Strict Liability/Restatement of Torts §402A – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

43.    The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

44.    Defendants are liable under the Theory of Strict Liability as set forth in the Restatement (Second) of Torts § 402A. Defendants were at all times engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing,

LAW OFFICES
CRAFT & GEREL, LLP

SUITE 400
1000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
1ST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

promoting, selling, advertising, warning, and otherwise distributing, medical devices in interstate commerce, which they sold and distributed throughout the United States.

45.     The MiniMed Insulin Pumps were expected to and did reach plaintiff without substantial change in their condition.     As manufactured, created, designed, tested, labeled, sterilized, packaged, supplied, marketed, sold, advertised, warned and otherwise distributed the MiniMed Insulin Pumps were defective because:

a.   The Defendants provided Plaintiff with a defective product by virtue of their inadequate labeling knowing that the pump could malfunction causing serious and permanent injury, yet failing to warn of these injuries.

b.   In the manufacturing of the insulin pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the device failed to adhere to good manufacturing practices.

c.   The Defendant provided Plaintiff with a defective product by virtue of its failure to perform appropriate post-market surveillance as required by 21 C.F.R. sec. 822.1, et seq., in that the Defendant, while having a duty to perform post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, and failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner.     Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by Plaintiff.

d.   The Defendant provided Plaintiff with a defective product by virtue of its failure to notify the Plaintiff and Plaintiff's physicians of post-market adverse events which the Defendant knew or should have known about in violation of 21 C.F.R. §803, in that Defendant knew of adverse events and failed to report those adverse events to FDA, plaintiff and plaintiff's physicians and which would have had a material effect on the decision regarding the use of this insulin pump on the Plaintiff in that Plaintiff's physicians would not have utilized said pump had the adverse events been known to Plaintiff's physicians.

46.     Plaintiff used the MiniMed Insulin Pump in the manner in which it was intended by Medtronic Inc.

47.     Defendant Medtronic Inc.'s MiniMed Insulin Pump caused increased risk of personal injury and harm upon use, and therefore constitutes a product that is unreasonably

LAW OFFICES
:RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
.HINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
\NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

dangerous for normal use due to the Defendant's actions as set forth hereinabove when used in

the manner in which it was used with respect to the Plaintiff as set forth hereinabove.

48.     The Medtronic Inc.'s MiniMed Insulin Pump manufactured and/or supplied by

the Defendant was defective when used in the manner set forth hereinabove due to:

    a.  As provided to the Plaintiff by the Defendant, the foreseeable risk exceeded the benefits associated with said pump.  Defective design or formulation in that when it left the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation;

    b.  Defective marketing in that Defendant made inappropriate, misleading, inaccurate and incomplete representations about the MiniMed Insulin Pump to Plaintiff and Plaintiff's physicians. These deceptive marketing representations were made to induce sales and increase profits;

    c.  Defective as provided to the Plaintiff by the Defendant in that after it left the hands of the manufacturer and/or supplier and was provided to the Plaintiff, by virtue of the actions of the Defendants set forth above, it was unreasonably dangerous, more dangerous than an ordinary consumer would expect and more dangerous than other medical devices available for use in patients such as Plaintiff.

    d.  Inadequate warnings or instructions because the Defendants knew or should have known that the product created a risk of dangerous side effects and other related conditions or diseases;

    e.  Inadequate post-marketing warning or instruction because, after Defendants knew or should have known the risk of dangerous side effects and other related conditions and diseases, they failed to provide adequate warnings to users or consumers of the product and continued to promote the product.  Defendants, therefore, are strictly liable to the Plaintiff.

49.     As a direct and proximate result of the Defendants' actions as set forth

hereinabove, Plaintiff has suffered injuries which are severe and permanent in nature and has

suffered compensatory damages in an amount to be proven at trial.

50.     As a direct and proximate result of the actions of the Defendant as set forth

hereinabove, the Plaintiff has suffered and will continue to suffer bodily injury and resulting pain

and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of

LAW OFFICES
:RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
;HINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
IOO SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-458-8400
FAX: 301-459-1364

SUITE 1212
.ST BALTIMORE STREET
.LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

medications; medical and nursing care; and loss of present and future earnings.  These injuries are permanent and continuing in nature.

**Count V – Strict Liability/Restatement of Torts §402A – Medtronic Diabetes**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

51.    The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

52.    Defendants are liable under the Theory of Strict Liability as set forth in the Restatement (Second) of Torts § 402A.  Defendants were at all times engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing, promoting, selling, advertising, warning, and otherwise distributing, medical devices in interstate commerce, which they sold and distributed throughout the United States.

53.    The MiniMed Insulin Pumps were expected to and did reach plaintiff without substantial change in their condition.  As manufactured, created, designed, tested, labeled, sterilized, packaged, supplied, marketed, sold, advertised, warned and otherwise distributed the MiniMed Insulin Pumps were defective because:

a.    The Defendants provided Plaintiff with a defective product by virtue of their inadequate labeling knowing that the pump could malfunction causing serious and permanent injury, yet failing to warn of these injuries.

b.    In the manufacturing of the insulin pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the device failed to adhere to good manufacturing practices.

c.    The Defendant provided Plaintiff with a defective product by virtue of its failure to perform appropriate post-market surveillance as required by 21 C.F.R. sec.

LAW OFFICES
RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036
202-783-6400
FAX: 202-416-6392
SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311
703-931-5500
FAX: 703-820-0630
SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852
301-770-3737
FAX: 301-881-6132
SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785
301-459-8400
FAX: 301-459-1364
SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202
410-539-1122
FAX: 410-547-1261

822.1, et seq., in that the Defendant, while having a duty to perform post-market surveillance, failed to perform post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, and failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner. Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by Plaintiff.

d.  The Defendant provided Plaintiff with a defective product by virtue of its failure to notify the Plaintiff and Plaintiff's physicians of post-market adverse events which the Defendant knew or should have known about in violation of 21 C.F.R. §803, in that Defendant knew of adverse events and failed to report those adverse events to FDA, plaintiff and plaintiff's physicians and which would have had a material effect on the decision regarding the use of this insulin pump on the Plaintiff in that Plaintiff's physicians would not have utilized said pump had the adverse events been known to Plaintiff's physicians.

54.  Plaintiff used the MiniMed Insulin Pump in the manner in which it was intended by Medtronic Diabetes.

55.  Defendant Medtronic Diabetes's MiniMed Insulin Pump caused increased risk of personal injury and harm upon use, and therefore constitutes a product that is unreasonably dangerous for normal use due to the Defendant's actions as set forth hereinabove when used in the manner in which it was used with respect to the Plaintiff as set forth hereinabove.

56.  The Medtronic Diabetes's MiniMed Insulin Pump manufactured and/or supplied by the Defendant was defective when used in the manner set forth hereinabove due to:

a.  As provided to the Plaintiff by the Defendant, the foreseeable risk exceeded the benefits associated with said pump. Defective design or formulation in that when it left the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation;

b.  Defective marketing in that Defendant made inappropriate, misleading, inaccurate and incomplete representations about the MiniMed Insulin Pump to Plaintiff and Plaintiff's physicians. These deceptive marketing representations were made to induce sales and increase profits;

c.  Defective as provided to the Plaintiff by the Defendant in that after it left the hands of the manufacturer and/or supplier and was provided to the Plaintiff, by virtue of the actions of the Defendants set forth above, it was unreasonably dangerous, more dangerous than an ordinary consumer would expect and more

LAW OFFICES
CRAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
900 SEMINARY ROAD
LEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

18

dangerous than other medical devices available for use in patients such as Plaintiff.

d.  Inadequate warnings or instructions because the Defendants knew or should have known that the product created a risk of dangerous side effects and other related conditions or diseases;

e.  Inadequate post-marketing warning or instruction because, after Defendants knew or should have known the risk of dangerous side effects and other related conditions and diseases, they failed to provide adequate warnings to users or consumers of the product and continued to promote the product. Defendants, therefore, are strictly liable to the Plaintiff.

57.    As a direct and proximate result of the Defendants' actions as set forth hereinabove, Plaintiff has suffered injuries which are severe and permanent in nature and has suffered compensatory damages in an amount to be proven at trial.

58.    As a direct and proximate result of the actions of the Defendant as set forth hereinabove, the Plaintiff has suffered and will continue to suffer bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

## Count VI – Strict Liability/Restatement of Torts §402A – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

59.    The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

60.    Defendants are liable under the Theory of Strict Liability as set forth in the Restatement (Second) of Torts § 402A. Defendants were at all times engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing,

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
LEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20652

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

promoting, selling, advertising, warning, and otherwise distributing, medical devices in interstate commerce, which they sold and distributed throughout the United States.

61.    The MiniMed Insulin Pumps were expected to and did reach plaintiff without substantial change in their condition.    As manufactured, created, designed, tested, labeled, sterilized, packaged, supplied, marketed, sold, advertised, warned and otherwise distributed the MiniMed Insulin Pumps were defective because:

a.  The Defendants provided Plaintiff with a defective product by virtue of their inadequate labeling knowing that the pump could malfunction causing serious and permanent injury, yet failing to warn of these injuries.

b.  In the manufacturing of the insulin pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the device failed to adhere to good manufacturing practices.

c.  The Defendant provided Plaintiff with a defective product by virtue of its failure to perform appropriate post-market surveillance as required by 21 C.F.R. §822.1, et seq., in that the Defendant, while having a duty to perform post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, and failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner.    Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by Plaintiff.

d.  The Defendant provided Plaintiff with a defective product by virtue of its failure to notify the Plaintiff and Plaintiff's physicians of post-market adverse events which the Defendant knew or should have known about in violation of 21 C.F.R. §803, in that Defendant knew of adverse events and failed to report those adverse events to FDA, plaintiff and plaintiff's physicians and which would have had a material effect on the decision regarding the use of this insulin pump on the Plaintiff in that Plaintiff's physicians would not have utilized said pump had the adverse events been known to Plaintiff's physicians.

62.    Plaintiff used the MiniMed Insulin Pump in the manner in which it was intended by Medtronic MiniMed Inc.

63.    Defendant Medtronic MiniMed Inc.'s MiniMed Insulin Pump caused increased risk of personal injury and harm upon use, and therefore constitutes a product that is

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036
———
202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311
———
703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852
———
301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANOVER, MD 20785
———
301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202
———
410-539-1122
FAX: 410-547-1261

unreasonably dangerous for normal use due to the Defendant's actions as set forth hereinabove when used in the manner in which it was used with respect to the Plaintiff as set forth hereinabove.

64.    The Medtronic MiniMed Inc.'s MiniMed Insulin Pump manufactured and/or supplied by the Defendant was defective when used in the manner set forth hereinabove due to:

a.    As provided to the Plaintiff by the Defendant, the foreseeable risk exceeded the benefits associated with said pump.  Defective design or formulation in that when it left the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation;

b.    Defective marketing in that Defendant made inappropriate, misleading, inaccurate and incomplete representations about the MiniMed Insulin Pump to Plaintiff and Plaintiff's physicians. These deceptive marketing representations were made to induce sales and increase profits;

c.    Defective as provided to the Plaintiff by the Defendant in that after it left the hands of the manufacturer and/or supplier and was provided to the Plaintiff, by virtue of the actions of the Defendants set forth above, it was unreasonably dangerous, more dangerous than an ordinary consumer would expect and more dangerous than other medical devices available for use in patients such as Plaintiff.

d.    Inadequate warnings or instructions because the Defendants knew or should have known that the product created a risk of dangerous side effects and other related conditions or diseases;

e.    Inadequate post-marketing warning or instruction because, after Defendants knew or should have known the risk of dangerous side effects and other related conditions and diseases, they failed to provide adequate warnings to users or consumers of the product and continued to promote the product.  Defendants, therefore, are strictly liable to the Plaintiff.

65.    As a direct and proximate result of the Defendants' actions as set forth hereinabove, Plaintiff has suffered injuries which are severe and permanent in nature and has suffered compensatory damages in an amount to be proven at trial.

66.    As a direct and proximate result of the actions of the Defendant as set forth hereinabove, the Plaintiff has suffered and will continue to suffer bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of

LAW OFFICES
CRAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
11 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
1ST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

**Count VII – Misrepresentation By Seller - Restatement of Torts §402B – Medtronic Inc.**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

67.    At all relevant times herein, Defendant Medtronic Inc. was in the business of selling the MiniMed Insulin Pump.

68.    Through their actions and omissions in advertising, promoting, reporting to the FDA, labeling, and otherwise, Defendants made public misrepresentations of material facts to, and/or concealed material facts from consumers like Caroline Kubicki, concerning the character, safety, and effectiveness of the MiniMed Insulin Pump.

69.    Those public misrepresentations and omissions also include, but are not limited to those set forth in the general allegations section of this Complaint. Those public false representations and omissions include but are not limited to the following:

(A)    Upon information and belief, Defendants failed to disclose that adequate post-marketing surveillance to determine the safety of the MiniMed Insulin Pump had not been done;

(B)    Upon information and belief, Defendants failed to timely disclose, and/or intentionally concealed, results of post market studies showing that the MiniMed Insulin Pump had the potential to malfunction and cause serious harm to the user; and

(C)    Upon information and belief Defendants failed to include adequate warnings with the MiniMed Insulin Pump regarding the potential and

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
HINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
I00 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

22

actual risks for malfunction and product failure and the nature, scope, severity, and duration of any serious injuries resulting there from

70.    Defendant was obligated to disclose the foregoing risks, but failed to adequately and timely do so. In contrast Defendant, in its marketing and promotional material, label and other communications, indicated that the pump was safe for use.

71.    In the alternative, Defendant failed to exercise reasonable care in ascertaining the accuracy of the information regarding the safe use of the MiniMed Insulin Pump, failed to disclose facts indicating that the MiniMed Insulin Pump could fail or malfunction, and otherwise failed to exercise reasonable care in communicating the information concerning the MiniMed Insulin Pump to Caroline Kubicki, and/or concealed facts which were known to Defendant.

72.    Caroline Kubicki was not aware of the falsity of the foregoing representations, nor was she aware that material facts concerning the MiniMed Insulin Pump had been concealed or omitted. In reliance upon Defendant's misrepresentations, Caroline Kubicki was induced to and did purchase the Medtronic Insulin Pump and did use it. If Caroline Kubicki had known the true facts concerning the risks of the use of the MiniMed Insulin Pump, in particular, the risk of significant hypoglycemic event with anoxic brain injury, she would not have used the Product.

73.    Caroline Kubicki's reliance upon Defendant's misrepresentations was justified, among other reasons, because said misrepresentations and omissions were made by individuals and entities who were in a position to know the true facts concerning the MiniMed Insulin Pump, while Caroline Kubicki was not in a position to know the true facts, and because Defendant downplayed the risks in its use, thereby inducing Caroline Kubicki to use this product in lieu of other, safer alternatives. At all times relevant, Defendant's corporate officers, directors and/or managing agents knew of and ratified the acts of Defendant, as alleged herein.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
·I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
·ST BALTIMORE STREET
·LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

23

74.    As a direct and proximate result of Caroline Kubicki's reliance on Defendant's misrepresentations concerning the risks and benefits of the Medtronic Insulin Pump, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages as set forth in this Complaint.

**Count VIII – Misrepresentation By Seller - Restatement of Torts §402B –**
**Medtronic Diabetes**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

75.    At all relevant times herein, Defendant Medtronic Diabetes was in the business of selling the MiniMed Insulin Pump.

76.    Through their actions and omissions in advertising, promoting, reporting to the FDA, labeling, and otherwise, Defendants made public misrepresentations of material facts to, and/or concealed material facts from consumers like Caroline Kubicki, concerning the character, safety, and effectiveness of the MiniMed Insulin Pump.

77.    Those public misrepresentations and omissions also include, but are not limited to those set forth in the general allegations section of this Complaint.  Those public false representations and omissions include but are not limited to the following:

(A)    Upon information and belief, Defendants failed to disclose that adequate post-marketing surveillance to determine the safety of the MiniMed Insulin Pump had not been done;

(C)    Upon information and belief, Defendants failed to timely disclose, and/or intentionally concealed, results of post market studies showing that the MiniMed Insulin Pump had the potential to malfunction and cause serious harm to the user; and

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

24

(C)    Upon information and belief Defendants failed to include adequate

warnings with the MiniMed Insulin Pump regarding the potential and

actual risks for malfunction and product failure and the nature, scope,

severity, and duration of any serious injuries resulting there from

78.    Defendant was obligated to disclose the foregoing risks, but failed to adequately

and timely do so.  In contrast Defendant, in its marketing and promotional material, label and

other communications, indicated that the pump was safe for use.

79.    In the alternative, Defendant failed to exercise reasonable care in ascertaining the

accuracy of the information regarding the safe use of the MiniMed Insulin Pump, failed to

disclose facts indicating that the MiniMed Insulin Pump could fail or malfunction, and otherwise

failed to exercise reasonable care in communicating the information concerning the MiniMed

Insulin Pump to Caroline Kubicki, and/or concealed facts which were known to Defendant.

80.    Caroline Kubicki was not aware of the falsity of the foregoing representations,

nor was she aware that material facts concerning the MiniMed Insulin Pump had been concealed

or omitted.  In reliance upon Defendant's misrepresentations, Caroline Kubicki was induced to

and did purchase the Medtronic Insulin Pump and did use it.  If Caroline Kubicki had known the

true facts concerning the risks of the use of the MiniMed Insulin Pump, in particular, the risk of

significant hypoglycemic event with anoxic brain injury, she would not have used the Product.

81.    Caroline Kubicki's reliance upon Defendant's misrepresentations was justified,

among other reasons, because said misrepresentations and omissions were made by individuals

and entities who were in a position to know the true facts concerning the MiniMed Insulin Pump,

while Caroline Kubicki was not in a position to know the true facts, and because Defendant

downplayed the risks in its use, thereby inducing Caroline Kubicki to use this product in lieu of

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
INDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ILTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

other, safer alternatives.  At all times relevant, Defendant's corporate officers, directors and/or

managing agents knew of and ratified the acts of Defendant, as alleged herein.

82.    As a direct and proximate result of Caroline Kubicki's reliance on Defendant's

misrepresentations concerning the risks and benefits of the Medtronic Insulin Pump, Caroline

Kubicki suffered and her family continues to suffer from the injuries and damages as set forth in

this Complaint.

### Count IX – Misrepresentation By Seller - Restatement of Torts §402B – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further

states that:

83.    At all relevant times herein, Defendant Medtronic MiniMed Inc. was in the

business of selling the MiniMed Insulin Pump.

84.    Through their actions and omissions in advertising, promoting, reporting to the

FDA, labeling, and otherwise, Defendants made public misrepresentations of material facts to,

and/or concealed material facts from consumers like Caroline Kubicki, concerning the character,

safety, and effectiveness of the MiniMed Insulin Pump.

85.    Those public misrepresentations and omissions also include, but are not limited to

those set forth in the general allegations section of this Complaint.  Those public false

representations and omissions include but are not limited to the following:

(A)    Upon information and belief, Defendants failed to disclose that adequate

post-marketing surveillance to determine the safety of the MiniMed

Insulin Pump had not been done;

(D)    Upon information and belief, Defendants failed to timely disclose, and/or

intentionally concealed, results of post market studies showing that the

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
300 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
AST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

MiniMed Insulin Pump had the potential to malfunction and cause serious harm to the user; and

(C)     Upon information and belief Defendants failed to include adequate warnings with the MiniMed Insulin Pump regarding the potential and actual risks for malfunction and product failure and the nature, scope, severity, and duration of any serious injuries resulting there from

86.     Defendant was obligated to disclose the foregoing risks, but failed to adequately and timely do so. In contrast Defendant, in its marketing and promotional material, label and other communications, indicated that the pump was safe for use.

87.     In the alternative, Defendant failed to exercise reasonable care in ascertaining the accuracy of the information regarding the safe use of the MiniMed Insulin Pump, failed to disclose facts indicating that the MiniMed Insulin Pump could fail or malfunction, and otherwise failed to exercise reasonable care in communicating the information concerning the MiniMed Insulin Pump to Caroline Kubicki, and/or concealed facts which were known to Defendant.

88.     Caroline Kubicki was not aware of the falsity of the foregoing representations, nor was she aware that material facts concerning the MiniMed Insulin Pump had been concealed or omitted. In reliance upon Defendant's misrepresentations, Caroline Kubicki was induced to and did purchase the Medtronic Insulin Pump and did use it. If Caroline Kubicki had known the true facts concerning the risks of the use of the MiniMed Insulin Pump, in particular, the risk of significant hypoglycemic event with anoxic brain injury, she would not have used the Product.

89.     Caroline Kubicki's reliance upon Defendant's misrepresentations was justified, among other reasons, because said misrepresentations and omissions were made by individuals and entities who were in a position to know the true facts concerning the MiniMed Insulin Pump,

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

while Caroline Kubicki was not in a position to know the true facts, and because Defendant downplayed the risks in its use, thereby inducing Caroline Kubicki to use this product in lieu of other, safer alternatives.  At all times relevant, Defendant's corporate officers, directors and/or managing agents knew of and ratified the acts of Defendant, as alleged herein.

90.    As a direct and proximate result of Caroline Kubicki's reliance on Defendant's misrepresentations concerning the risks and benefits of the Medtronic Insulin Pump, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages as set forth in this Complaint.

### Count X – Fraud – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

91.    Defendant Medtronic Inc. intentionally, willfully, or recklessly concealed and misrepresented past and present facts to consumers and users, including Caroline Kubicki, which they had a duty to disclose.

92.    The facts concealed and misrepresented include, but are not limited to, those set forth in the General Allegations section of this Complaint.

93.    Each of the facts concealed and misrepresented was material.

94.    Defendant concealed and misrepresented material facts to the consuming public with the intent that the consuming public, like Caroline Kubicki, purchase and use the MiniMed Insulin Pump.  The consuming public, including Carline Kubicki, would not otherwise have purchased or utilized the MiniMed Insulin Pump if it had been informed of the totality of the risks associated with the use of the MiniMed Insulin Pump.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
3HINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
}00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
\NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

95.     Caroline Kubicki relied on Defendant's misrepresentations concerning the safety of the MiniMed Insulin Pump in purchasing this Pump and her reliance was justified.

96.     As a direct result of Caroline Kubicki's reliance on Defendant's misrepresentations of material facts concerning the safety of the MiniMed Insulin Pump, she suffered the injuries and damages alleged in this Complaint.

### Count XI – Fraud – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

97.     Defendant Medtronic Diabetes intentionally, willfully, or recklessly concealed and misrepresented past and present facts to consumers and users, including Caroline Kubicki, which they had a duty to disclose.

98.     The facts concealed and misrepresented include, but are not limited to, those set forth in the General Allegations section of this Complaint.

99.     Each of the facts concealed and misrepresented was material.

100.    Defendant concealed and misrepresented material facts to the consuming public with the intent that the consuming public, like Caroline Kubicki, purchase and use the MiniMed Insulin Pump.  The consuming public, including Carline Kubicki, would not otherwise have purchased or utilized the MiniMed Insulin Pump if it had been informed of the totality of the risks associated with the use of the MiniMed Insulin Pump.

101.    Caroline Kubicki relied on Defendant's misrepresentations concerning the safety of the MiniMed Insulin Pump in purchasing this Pump and her reliance was justified.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
:HINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
:EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
:OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
:ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
:ST BALTIMORE STREET
:LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

102.    As a direct result of Caroline Kubicki's reliance on Defendant's misrepresentations of material facts concerning the safety of the MiniMed Insulin Pump, she suffered the injuries and damages alleged in this Complaint.

### Count XII – Fraud – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

103.    Defendant Medtronic MiniMed Inc. intentionally, willfully, or recklessly concealed and misrepresented past and present facts to consumers and users, including Caroline Kubicki, which they had a duty to disclose.

104.    The facts concealed and misrepresented include, but are not limited to, those set forth in the General Allegations section of this Complaint.

105.    Each of the facts concealed and misrepresented was material.

106.    Defendant concealed and misrepresented material facts to the consuming public with the intent that the consuming public, like Caroline Kubicki, purchase and use the MiniMed Insulin Pump.  The consuming public, including Carline Kubicki, would not otherwise have purchased or utilized the MiniMed Insulin Pump if it had been informed of the totality of the risks associated with the use of the MiniMed Insulin Pump.

107.    Caroline Kubicki relied on Defendant's misrepresentations concerning the safety of the MiniMed Insulin Pump in purchasing this Pump and her reliance was justified.

108.    As a direct result of Caroline Kubicki's reliance on Defendant's misrepresentations of material facts concerning the safety of the MiniMed Insulin Pump, she suffered the injuries and damages alleged in this Complaint.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
INDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
.ST BALTIMORE STREET
.LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

**Count XIII – Express Warranties – Medtronic Inc.**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

109.    The MiniMed Insulin Pump, which was designed, tested, and manufactured by Defendant Medtronic Inc., and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

110.    Defendant, through its advertising and promotional materials, expressly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

111.    Defendant breached said express warranties in that the MiniMed Insulin Pump was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event.

112.    Caroline Kubicki relied to her detriment on the express warranties of Defendant.

113.    As a direct and proximate result of Defendant's breach of express warranties, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages set forth in this Complaint.

**Count XIV – Express Warranties – Medtronic Diabetes**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

114.    The MiniMed Insulin Pump, which was designed, tested, and manufactured by Defendants, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

115.    Defendant, through its advertising and promotional materials, expressly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

116.    Defendant breached said express warranties in that the MiniMed Insulin Pump was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event.

117.    Caroline Kubicki relied to her detriment on the express warranties of Defendants

118.    As a direct and proximate result of Defendant's breach of express warranties, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages set forth in this Complaint.

### Count XV – Express Warranties – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

119.    The MiniMed Insulin Pump, which was designed, tested, and manufactured by Defendant, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

120.    Defendant, through its advertising and promotional materials, expressly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

121.    Defendant breached said express warranties in that the MiniMed Insulin Pump was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event.

122.    Caroline Kubicki relied to her detriment on the express warranties of Defendant.

123.    As a direct and proximate result of Defendant's breach of express warranties, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages set forth in this Complaint.

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
3HINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
INDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

## Count XVI – Implied Warranties – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

124.    The MiniMed Insulin Pump which was designed, tested, and manufactured by Defendant, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

125.    Defendant, through its advertising and promotional materials, impliedly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

126.    Defendant breached said implied warranties in that the product was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event due to product malfunction.

127.    Caroline Kubicki relied to her detriment on the implied warranties of Defendant.

128.    As a direct and proximate result of Defendant's breach of implied warranties, Caroline Kubicki suffered and her family continues to suffer from injuries and damages set forth in this Complaint.

## Count XVII – Implied Warranties – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

129.    The MiniMed Insulin Pump which was designed, tested, and manufactured by Defendant, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

130.    Defendant, through its advertising and promotional materials, impliedly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

33

131.    Defendant breached said implied warranties in that the product was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event due to product malfunction.

132.    Caroline Kubicki relied to her detriment on the implied warranties of Defendant.

133.    As a direct and proximate result of Defendant's breach of implied warranties, Caroline Kubicki suffered and her family continues to suffer from injuries and damages set forth in this Complaint.

## Count XVIII – Implied Warranties – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

134.    The MiniMed Insulin Pump which was designed, tested, and manufactured by Defendant, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

135.    Defendant, through its advertising and promotional materials, impliedly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

136.    Defendant breached said implied warranties in that the product was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event due to product malfunction.

137.    Caroline Kubicki relied to her detriment on the implied warranties of Defendant.

138.    As a direct and proximate result of Defendant's breach of implied warranties, Caroline Kubicki suffered and her family continues to suffer from injuries and damages set forth in this Complaint.

LAW OFFICES
:RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
INDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

## Count XIX – Violation of the D.C. Deceptive Trade Practices Act – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

139.    Defendant, at all relevant times herein, was engaged in the business of the sale of consumer goods in the District of Columbia, including the MiniMed Insulin Pump.

140.    The aforesaid unfair and deceptive acts were done in violation of the following subsections of District of Columbia Unlawful Trade Practices Act, D.C., Code §28-3904:

(a) misrepresentation that the product was of a particular quality;

(b) misrepresentation as to material facts which have the tendency to mislead;

(c) failure to state material facts which failure tends to mislead;

(d) offered for sale or distributed product in a condition, which was, inconsistent with that warranted by operation or requirement of federal law.

141.    As a direct and proximate result of such unfair and deceptive trade practices, Plaintiff suffered the aforesaid injuries and damages.

142.    Under said Act, Plaintiff Caroline Kubicki is entitled to treble damages or, in the alternative, punitive damages and reasonable attorney's fees, and any other relief, which this court deems proper.

## Count XX – Violation of the D.C. Deceptive Trade Practices Act – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

143.    Defendant, at all times herein, was engaged in the business of the sale of consumer goods in the District of Columbia, including the MiniMed Insulin Pump.

LAW OFFICES
:RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
\NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

144.    The aforesaid unfair and deceptive acts were done in violation of the following subsections of District of Columbia Unlawful Trade Practices Act, D.C., Code §28-3904:

    (a) misrepresentation that the product was of a particular quality;

    (b) misrepresentation as to material facts which have the tendency to mislead;

    (c) failure to state material facts which failure tends to mislead;

    (d) offered for sale or distributed product in a condition, which was, inconsistent with that warranted by operation or requirement of federal law.

145.    As a direct and proximate result of such unfair and deceptive trade practices, Plaintiff suffered the aforesaid injuries and damages.

146.    Under said Act, Plaintiff Caroline Kubicki is entitled to treble damages or, in the alternative, punitive damages and reasonable attorney's fees, and any other relief, which this court deems proper.

## Count XXI – Violation of the D.C. Deceptive Trade Practices Act – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

147.    Defendant, at all times herein, was engaged in the business of the sale of consumer goods in the District of Columbia, including the MiniMed Insulin Pump.

148.    The aforesaid unfair and deceptive acts were done in violation of the following subsections of District of Columbia Unlawful Trade Practices Act, D.C., Code §28-3904:

    (a) misrepresentation that the product was of a particular quality;

    (b) misrepresentation as to material facts which have the tendency to mislead;

    (c) failure to state material facts which failure tends to mislead;

LAW OFFICES
RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

(d) offered for sale or distributed product in a condition, which was, inconsistent with that warranted by operation or requirement of federal law.

149.    As a direct and proximate result of such unfair and deceptive trade practices, Plaintiff suffered the aforesaid injuries and damages.

150.    Under said Act, Plaintiff Caroline Kubicki is entitled to treble damages or, in the alternative, punitive damages and reasonable attorney's fees, and any other relief, which this court deems proper.

### Count XXII – Failure to Warn - Restatement of Torts § 388 – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

151.    Defendant Medtronic Inc. owed Caroline Kubicki duties of reasonable care to adequately warn her of the risks associated with the use of the MiniMed Insulin Pump.

152.    Defendant knew or reasonably should have known that the warnings provided to users of the MiniMed Insulin Pump regarding the risks associated with its use were incorrect and misleading in at least the following material respects:

(A)    The MiniMed Insulin Pump was unaccompanied by proper warnings regarding possible product malfunction and all possible injuries associated with its use and the comparative severity, incidence, and duration of such events; and

(B)    The MiniMed Insulin Pump was defective due to inadequate post-marketing warnings or instructions because Defendant knew or should have known of the risks of injury from the MiniMed Insulin Pump that

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-5400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
,EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
.ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

would result from the device's malfunction and they nonetheless failed to

provide adequate warnings to users or consumers.

153.    By failing to warn Caroline Kubicki of the adverse health risks associated with

the use of the MiniMed Insulin Pump, Defendant breached their duties to Caroline Kubicki of

reasonable care and safety.

154.    As a direct and proximate result of Defendant's failure to adequately warn

Caroline Kubicki of the risk of product malfunction and subsequent hypoglycemic event,

Caroline Kubicki suffered and her family continues to suffer the injuries and damages set forth in

this Complaint.

### Count XXIII – Failure to Warn/Restatement of Torts § 388 – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further

states that:

155.    Defendant Medtronic Diabetes owed Caroline Kubicki duties of reasonable care

to adequately warn her of the risks associated with the use of the MiniMed Insulin Pump.

156.    Defendant knew or reasonably should have known that the warnings provided to

users of the MiniMed Insulin Pump regarding the risks associated with its use were incorrect and

misleading in at least the following material respects:

(A)    The MiniMed Insulin Pump was unaccompanied by proper warnings

regarding possible product malfunction and all possible injuries associated

with its use and the comparative severity, incidence, and duration of such

events; and

(B)    The MiniMed Insulin Pump was defective due to inadequate post-

marketing warnings or instructions because Defendant knew or should

LAW OFFICES
RAFT & GEREL, LLP
SUITE 400
300 L STREET, N.W.
.HINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
.NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

have known of the risks of injury from the MiniMed Insulin Pump that would result from the device's malfunction and they nonetheless failed to provide adequate warnings to users or consumers.

157.    By failing to warn Caroline Kubicki of the adverse health risks associated with the use of the MiniMed Insulin Pump, Defendant breached their duties to Caroline Kubicki of reasonable care and safety.

158.    As a direct and proximate result of Defendant's failure to adequately warn Caroline Kubicki of the risk of product malfunction and subsequent hypoglycemic event, Caroline Kubicki suffered and her family continues to suffer the injuries and damages set forth in this Complaint.

**Count XXIV – Failure to Warn/Restatement of Torts § 388 – Medtronic MiniMed Inc.**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

159.    Defendant Medtronic MiniMed Inc. owed Caroline Kubicki duties of reasonable care to adequately warn her of the risks associated with the use of the MiniMed Insulin Pump.

160.    Defendant knew or reasonably should have known that the warnings provided to users of the MiniMed Insulin Pump regarding the risks associated with its use were incorrect and misleading in at least the following material respects:

(A)    The MiniMed Insulin Pump was unaccompanied by proper warnings regarding possible product malfunction and all possible injuries associated with its use and the comparative severity, incidence, and duration of such events; and

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
300 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
-1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
AST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

(B)    The MiniMed Insulin Pump was defective due to inadequate post-marketing warnings or instructions because Defendant knew or should have known of the risks of injury from the MiniMed Insulin Pump that would result from the device's malfunction and they nonetheless failed to provide adequate warnings to users or consumers.

161.    By failing to warn Caroline Kubicki of the adverse health risks associated with the use of the MiniMed Insulin Pump, Defendant breached their duties to Caroline Kubicki of reasonable care and safety.

162.    As a direct and proximate result of Defendant's failure to adequately warn Caroline Kubicki of the risk of product malfunction and subsequent hypoglycemic event, Caroline Kubicki suffered and her family continues to suffer the injuries and damages set forth in this Complaint.

## Count XXV – Punitive Damages – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

163.    The conduct of Defendant in designing, testing, manufacturing, and Defendant's conduct in promoting, advertising, selling, marketing, and distributing the MiniMed Insulin Pump, and in failing to warn Caroline Kubicki and other members of the public of the dangers inherent in the use of the MiniMed Insulin Pump, which were well known to Defendant, was attended by circumstances of fraud, malice, or willful and wanton conduct, done heedlessly and recklessly, without regard to consequence, or of the rights and safety of others, particularly Caroline Kubicki. Such conduct includes, but is not limited to, the following:

LAW OFFICES
RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
00 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
INDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

(A)    Upon information and belief, Defendant actually knew of MiniMed Insulin Pump's defective nature, as set forth herein, but continued to design, manufacture, market, and sell the product so as to maximize sales and profits at the expense of the health and safety of the consuming public, including Caroline Kubicki, and in conscious disregard of the foreseeable harm caused by the MiniMed Insulin Pump;

(B)    Upon information and belief, Defendant failed to do adequate post-marketing surveillance of this product.

(C)    Defendant continued to promote the safety of the MiniMed Insulin Pump, and failed to provide adequate warnings regarding the risk of malfunction of the product; and

(D)    Defendant had knowledge of safer alternative designs for its product and failed to substitute such a safer design.

**Count XXVI – Punitive Damages – Medtronic Diabetes**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

164.    The conduct of Defendant in designing, testing, manufacturing, and Defendant's conduct in promoting, advertising, selling, marketing, and distributing the MiniMed Insulin Pump, and in failing to warn Caroline Kubicki and other members of the public of the dangers inherent in the use of the MiniMed Insulin Pump, which were well known to Defendant, was attended by circumstances of fraud, malice, or willful and wanton conduct, done heedlessly and

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
00 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

recklessly, without regard to consequence, or of the rights and safety of others, particularly

Caroline Kubicki.  Such conduct includes, but is not limited to, the following:

        (E)        Upon information and belief, Defendant actually knew of MiniMed Insulin Pump's defective nature, as set forth herein, but continued to design, manufacture, market, and sell the product so as to maximize sales and profits at the expense of the health and safety of the consuming public, including Caroline Kubicki, and in conscious disregard of the foreseeable harm caused by the MiniMed Insulin Pump;

        (F)        Upon information and belief, Defendant failed to do adequate post-marketing surveillance of this product.

        (G)        Defendant continued to promote the safety of the MiniMed Insulin Pump, and failed to provide adequate warnings regarding the risk of malfunction of the product; and

        (A)        Defendant had knowledge of safer alternative designs for its product and failed to substitute such a safer design.

### Count XXVII – Punitive Damages – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

165.    The conduct of Defendant in designing, testing, manufacturing, and Defendant's conduct in promoting, advertising, selling, marketing, and distributing the MiniMed Insulin Pump, and in failing to warn Caroline Kubicki and other members of the public of the dangers inherent in the use of the MiniMed Insulin Pump, which were well known to Defendant, was

LAW OFFICES
KRAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
300 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

attended by circumstances of fraud, malice, or willful and wanton conduct, done heedlessly and recklessly, without regard to consequence, or of the rights and safety of others, particularly Caroline Kubicki. Such conduct includes, but is not limited to, the following:

      (H)      Upon information and belief, Defendant actually knew of MiniMed Insulin Pump's defective nature, as set forth herein, but continued to design, manufacture, market, and sell the product so as to maximize sales and profits at the expense of the health and safety of the consuming public, including Caroline Kubicki, and in conscious disregard of the foreseeable harm caused by the MiniMed Insulin Pump;

      (I)      Upon information and belief, Defendant failed to do adequate post-marketing surveillance of this product.

      (J)      Defendant continued to promote the safety of the MiniMed Insulin Pump, and failed to provide adequate warnings regarding the risk of malfunction of the product; and

      (A)      Defendant had knowledge of safer alternative designs for its product and failed to substitute such a safer design.

## Count XXVIII – Damages

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

166. WHEREFORE, Plaintiff seeks judgment in her favor against the Defendants as follows:

LAW OFFICES
RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
LEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

a.  Severe and permanent physical and medical injuries and associated disabilities;

b.  Severe past and future pain and suffering and mental anguish occasioned by the resulting injuries and disabilities;

c.  Loss of enjoyment of life;

d.  Increased risk of health problems;

e.  Loss of past and future economic losses and income;

f.  Past and future medical, rehabilitation, and life care expenses;

g.  Past and future medical monitoring;

h.  Past and future medical expenses;

i.  Any disfigurement or deformity suffered by the plaintiff, as well as any humiliation or embarrassment associated with the disfigurement or deformity;

j.  Any past or future physical pain and emotional distress that Caroline Kubicki has suffered or may suffer;

k.  Any and all other damages to be shown at trial.

WHEREFORE, Plaintiff CAROLINE KUBICKI, prays for judgment against the Defendants, individually and collectively in the amount of Fifty Million Dollars ($50,000,000.00), and for additional aggravating circumstances damages, and for their costs and fees herein expended.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
300 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
·1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
AST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

Respectfully Submitted,

ASHCRAFT & GEREL, LLP

BY: _____
Michelle A. Parfitt #358592
4900 Seminary Rd., Ste. 650
Alexandria, VA 22311
(703) 931-5500
**Attorney for Plaintiffs**

COHEN & COHEN, P.C.

BY: _____
Adam R. Leighton #460184
1821 Jefferson Pl, NW,
4th Floor
Washington, D.C., 20036
(202)-955-4529

JURY TRIAL OF SIX (6) REQUESTED

Michelle A. Parfitt

Adam R. Leighton

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
00 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

45

**On the Date Written Below LETTERS OF GUARDIANSHIP were granted by the Surrogate's Court of Erie County, New York as follows:**

Name of Ward:            **Caroline R Kubicki**           File #: **2008-4193**

Type of Letters Issued:   **TEMPORARY LETTERS OF GUARDIANSHIP 17A PERSON & PROPERTY**

Residence of Ward:      Erie County              Date of Birth:   10-25-1988

Guardian Appointed:    **Karin A Kubicki**               **John A Kubicki**
Mailing Address:        171 Chaumont Drive           171 Chaumont Drive
                             Williamsville NY 14221       Williamsville NY 14221

Bank in Which All         **M & T Bank**
Monies are to be         One M & T Plaza
Deposited:                Buffalo NY 14203

**LIMITATIONS: NONE**

Property of the Ward is subject to joint control with the Guardian Clerk of Erie County Surrogate Court; no withdrawals, transfers or investments are legal without Court Order; the Guardian may not receive any funds or property of the Ward except jointly with the Guardian Clerk of Erie County Surrogate Court.

Pursuant to SCPA 1750-b, the guardians are authorized and empowered to make all health care decisions with respect to the medical and dental needs of the ward and to render consent to any medical procedures which are necessary to the health and welfare of the ward unless the Court directs otherwise; In the event that a decision is made under SCPA 1750-b to withhold or withdraw life-sustaining treatment for the ward, the guardian shall cause the attending physician to immediately notify, at least 48 hours prior to the implementation of such decision, the appropriate parties enumerated in SCPA 1750-b(4)(e), and any objection by any such party, orally or in writing, shall immediately suspend such authority until a hearing is conducted by this Court.

THESE LETTERS, granted pursuant to a decree entered herein on this date, authorize and empower the guardian(s) above named to perform all acts requisite to the proper administration and disposition of the person, property, or person & property, (as stated above) of the ward in accordance with the decree and the laws of New York State, subject to the limitations, if any, as set forth above.

Dated: October 29, 2008           IN TESTIMONY WHEREOF, the seal of the Erie County
                                 Surrogate's Court has been affixed.

                                 WITNESS, Hon Barbara Howe, Judge of the Erie County
                                 Surrogate's Court

                                 _____
                                 Mary Dee Martoche, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Erie County Surrogate's Court*

**Guardianship Attorney**
Edward C Robinson
Hurwitz And Fine
1300 Liberty Building
Buffalo NY 14202


EXHIBIT
A

SURROGATE'S COURT OF NEW YORK
COUNTY OF ERIE

---

Proceeding for the Appointment of a Guardianship for

CAROLINE R. KUBICKI

          Pursuant to SCPA Article 17-A

---

DECREE APPOINTING
TEMPORARY GUARDIAN

File No. 2008-4193

          Upon reading and filing the Petition of Karin A. Kubicki and John A. Kubicki, duly verified on October 17, 2008, applying for appointment of a guardian of the person and property of Caroline R. Kubicki, a developmentally disabled person, and the certifications of Thomas Polisoto, M.D. dated October 8, 2008 and Nancy Ebling, D.O., dated October 4, 2008 and the Affidavits of Medical Emergency submitted by Petitioners and the Court having found that Caroline R. Kubicki is a developmentally disabled person, incapable of managing herself and/or her affairs by reason of brain injury due to global anoxic encephalopathy, and that such condition is permanent in nature or likely to continue indefinitely and the bests interests of said person would be promoted by the appointment of a guardian of her person and property, it is hereby

          ORDERED that, Karin A. Kubicki and John A. Kubicki upon taking the official oath and filing the designation as required by law, be and hereby are appointed temporary guardian of the person and property of Caroline R. Kubicki, and it is further

          ORDERED that the filing of the bond is dispensed with, the Guardians are directed to collect and receive the money and property belonging to Caroline R. Kubicki jointly with the Guardianship Clerks of Erie County Surrogate's Court, and that all such moneys and other property so far as the same shall be conveniently capable of deposit, shall be deposited in the M&T Bank in the name of such Guardians upon issuance of Letters to them, jointly with the Guardianship Clerks of this Court, and it is further

          ORDERED that Temporary Letters of Guardianship be issued accordingly.

Hon. Barbara Howe

 **CT Corporation**

**Service of Process Transmittal**
04/18/2012
CT Log Number 520355100

TO:    Vicki Tersteeg
       Medtronic, Inc.
       MS: LC300, 710 Medtronic Parkway
       Minneapolis, MN 55432-5604

RE:    **Process Served in California**

FOR:   Medtronic MiniMed, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John Kubicki and Karen Kubicki, on behalf of Caroline Kubicki, Pltfs. vs. Medtronic Inc., et al including Medtronic MiniMed, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Citatorio, Order(s), Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Superior Court - District of Columbia, WA<br>Case # 00284712 |
| **NATURE OF ACTION:** | Personal Injury - On September 9, 2007 Caroline Cubicki Suffered a Severe and Permanent Injury Due to Defective Use of Insulin Pump Seeking Amount $50,000,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/18/2012 at 15:14 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Michelle Partiff<br>Ashcraft & Gerel, Llp<br>4900 Seminary Rd.<br>Ste.650<br>Alexandria, VA 22311<br>703-931-5500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/18/2012, Expected Purge Date: 04/23/2012<br>Image SOP<br>Email Notification, Vicki Tersteeg VICKI.ANN.TERSTEEG@MEDTRONIC.COM<br>Email Notification, Jackie Hiltner jackie.hiltner@medtronic.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / AE

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

4-18-12
1145an



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

John Kubicki & Karen Kubicki on behalf of Caroline Kubicki
_____
Plaintiff

000284 -12

vs.

Medtronic MiniMed, Inc.                              Case Number _____
18000 Devonshire St
Northridge, CA 91325

**SERVE:** CT Corp System
818 West Seventh St
Los Angeles, CA 90017                    _____
                                          Defendant

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Michelle Parfitt, Esq.
_____
Name of Plaintiff's Attorney                       *Clerk of the Court*

Ashcraft & Gerel, LLP/4900 Seminary Rd, #650
_____        By *Atrina R Smith*
Address
Alexandria, VA 23211                                    Deputy Clerk

(703) 931-5500
_____        Date    MAR 2 9 2012
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                        CASUM.doc





# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                        Demandante

contra

                                        Número de Caso: _____

_____
                                        Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                        Por: _____

_____                    Subsecretario
Dirección

                                        Fecha _____

_____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요        የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JOHN KUBICKI
    Vs.                                C.A. No.      2012 CA 002847 B
MEDTRONIC INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.   Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge PETER A KRAUTHAMER
Date:  March 29, 2012
Initial Conference: 9:30 am, Friday, July 06, 2012
Location:  Courtroom B-52
            510 4th Street, NW
            WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **John Kubicki and Karen Kubicki on behalf of Caroline Kubicki**<br>**171 Chaumont Dr.**<br>**Williamsville, NY 14221** | )<br>)<br>)<br>) Case No.  ⁀⁀⁀ 0̄0̄0̄2̄8̄4̄7̄-̄1̄2̄ |
| Plaintiffs | )<br>) **Jury Demand Endorsed Hereon** |
| v. | ) |
| **MEDTRONIC Inc.**<br>710 Medtronic Parkway,<br>Minneapolis, Minnesota 55432 | ) |
| **Serve:**<br>CT Corporation System<br>1015 15th St., NW, Ste. 1000<br>Washington, DC, 20005, | ) |

RECEIVED
Civil Clerk's Office
MAR 29 2012
Superior Court of the
District of Columbia
Washington, D.C.

**MEDTRONIC DIABETES**
18000 Devonshire St.
Northridge, CA 91325-1219

**Serve:**
CT Corporation System
818 West Seventh St.
Los Angeles, CA 90017,

and

**MEDTRONIC MINIMED Inc.**
18000 Devonshire St.
Northridge, CA 91325-1219

**Serve:**
CT Corporation System
818 West Seventh St.
Los Angeles, CA 90017

Defendants.

## COMPLAINT

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

1

Now comes Plaintiffs, by and through counsel, for their Complaint and Jury Demand against Defendants, and alleges as follows:

<u>**PARTIES AND JURISDICTION**</u>

1.    At all times relevant herein, Plaintiffs, John Kubicki and Karen Kubicki were and continue to be the court appointed legal guardians of Caroline Kubicki. *See* Letters of Guardianship dated Oct. 29, 2008 attached as Exhibit A. John Kubicki and Karen Kubicki are legally married and are the parents of Caroline Kubicki. They reside at 171 Chaumont Dr., Williamsville, NY 14221.

2.    On September 9, 2007, Caroline Kubicki suffered a severe and permanent brain injury. This injury affected her physical and mental capacity and as to necessitate legal guardianship.

3.    Defendant Medtronic, Inc. ("Medtronic Inc." or "Defendants"), is a Minnesota corporation, with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota 55432. It is a citizen and resident of Minnesota. Medtronic manufactures medical devices and sells them worldwide.

4.    Defendant Medtronic, Inc. is engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, the Medtronic MiniMed Paradigm® Insulin Pump Model MMT-522 (hereinafter "MiniMed Insulin Pump").

5.    Defendant Medtronic Diabetes ("Medtronic Diabetes" or "Defendants") is a division of Medtronic Inc. which is responsible for the Medtronic Insulin Pump with a principal place of business at 1800 Devonshire Street, Northridge, CA, 91325. Upon information and belief, Medtronic Diabetes is a citizen and resident of California and Minnesota.

LAW OFFICES
:RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
:NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
:.ST BALTIMORE STREET
:.LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

2

6.     Upon information and belief, Defendant Medtronic Diabetes is engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, the Medtronic Insulin Pump.

7.     Defendant, Medtronic MiniMed Inc. ("Medtronic MiniMed Inc." or "Defendants"), is a subsidiary of Medtronic Inc., with its principal place of business at 1800 Devonshire Street, Northridge, CA 91325-1219.  It is a citizen and resident of California and Delaware.

8.     Defendant Medtronic MiniMed Inc. is engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, the Medtronic Insulin Pump.

9.     Jurisdiction is founded in this Court based upon D.C. Code §13-423 whereby jurisdiction is conferred over persons causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia.

10.     Venue is proper as Caroline Kubicki was injured and treated for her injuries in the District of Columbia.  Further, Plaintiffs allege that at all relevant times herein, Defendants conducted business in the District of Columbia and, at all times relevant hereto, they tested, manufactured, labeled, licensed, marketed, distributed, promoted and/or sold the MiniMed Insulin Pump, in D.C.

## GENERAL ALLEGATIONS

11.     Type I diabetes is usually diagnosed in children and young adults, and was previously known as juvenile diabetes.  In type 1 diabetes, the body does not produce insulin.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
300 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

3

Insulin is a hormone that is needed to convert sugar (glucose), starches and other food into energy needed for daily life.

12.    The MiniMed Insulin Pump is a small, portable device that is indicated for management of diabetes in adults and children requiring insulin therapy.  When functioning properly, this device administers insulin to the user on a continuous or intermittent basis as needed by the user.  This process is accomplished through a small syringe in the pump which is connected to the user via a small cannula and a series of electronics and complex algorithms which calculate the insulin dose necessary for the user throughout the day and night.

13.    The MiniMed Insulin Pump is supposed to possess a sophisticated network of safety checks and systems.  If anything unusual is detected, the pump should notify the user through a series of alarms and/or an alert message.

14.    A number of technical problems have been reported with use of insulin pumps including, but not limited to, the pumps' delivery of too much insulin resulting in hypoglycemia.

15.    Caroline Kubicki began using the MiniMed Insulin Pump on or about April 2001. She continued using the pump until on or around September 9, 2007.

16.    On or about September 9, 2007, Caroline Kubicki, a nineteen-year-old freshman at George Washington University, was found to be unresponsive and unarousable by her roommate as a result of her malfunctioning MiniMed Insulin Pump.

17.    Emergency personnel from both the University and the District Columbia were called to the scene.  Caroline Kubicki was nonresponsive and had a critical low blood glucose level.  Emergency workers established and managed an airway and gave her an intravenous dose of D50 (a highly concentrated glucose).  They then transported her emergently to George Washington University Hospital.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
.ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

4

18.     At the George Washington Hospital Emergency Department, Caroline Kubicki was found to be suffering from cerebral edema and she was quickly transferred from the emergency department to the ICU. There, her intracranial pressure continued to rise and her healthcare providers performed a left frontal decompressive craniotomy and subsequently placed her into a thiopental coma.

19.     Caroline Kubicki's coma was reversed on or about September 15, 2007, however, her health had been severely and permanently altered due to the failure of her MiniMed Insulin Pump that occurred on or about September 7, 2007. She underwent a tracheotomy and the placement of a percutaneous endoscopic gastromy. On or about October 11, 2007, Ms. Kubicki was then transferred to a long term rehabilitation facility that specializes in brain injury patients. She currently resides in a group home due to the constant care that she requires for all of her activities of daily living.

20.     Subsequent to FDA approval of this product, Defendants knew, or should have known, that technical problems were occurring with the MiniMed Insulin Pump but never made the Plaintiff or Plaintiff's physicians aware of these failures. During post-market surveillance of their product, Defendants failed to notify the FDA, Plaintiff or Plaintiff's physicians of the technical problems that were occurring with their device in violation of 21 CFR §§803, 822.

21.     The FDA required Defendants to adhere to "Good Manufacturing Practices" pursuant to 21 C.F.R. §820.

21 C.F.R. §820 provides, in relevant part, that:

> Current good manufacturing practice requirements are set forth in this quality system regulation. The requirements in this part govern the methods used in, and the facilities and controls used for, the design, manufacture, packaging, labeling, storage, installation and servicing of all finished devices intended for human use. The requirements in this part are intended to ensure that finished devices will be safe and effective and otherwise in compliance with the

LAW OFFICES
:RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
\NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

5

Federal Food, Drug and Cosmetic Act.   This part establishes basic requirements applicable to manufacturers of finished medical devices.

22.    Significant deviations from the QS regulation include, but are not limited to, the following:

   a.   Failure to establish and maintain adequate procedures

      i.   to control product that does not conform to specified requirements including the identification, documentation, evaluation, segregation and disposition of nonconforming product, as required by 820.90(a); and

      ii.   to review and dispose of nonconforming product, with documented justification for the use of nonconforming product, as required by 21 C.F.R. 820.90(b).

   b.   Failure to establish and maintain adequate procedures for corrective and preventive actions, as required by 21 C.F.R. 820.100(a);

   c.   Failure to establish and maintain adequate complaint handling procedures to ensure all complaints are evaluated and investigated, and processed in a uniform and timely manner, as required by 21 C.F.R. 820.198;

   d.   Failure to validate with a high degree of assurance, processes, including changed processes, that cannot be fully verified by subsequent investigation and tests, as required by 21 C.F.R. 820.75(a) and (c);

   e.   Failure to adequately validate for its intended purpose and according to an established protocol computer software used as part of the production or quality system and failure to document validation activities and results as required by 21 C.F.R. 820.70(i);

   f.   Failure to establish and maintain adequate procedures for validating the device design to ensure that the device conforms to defined user needs and intended uses and to ensure that design validation is performed under defined operating conditions on initial production units or their equivalence, as required by 21 C.F.R. 820.30(g)."

23.    Had Plaintiff's physicians been aware of the manufacturing deviations set forth hereinabove, Plaintiff's physicians would not have prescribed the MiniMed Insulin Pump to Plaintiff until those manufacturing defects had been corrected or they would have undertaken other measures to protect the Plaintiff.

LAW OFFICES
RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1251

24.    Federal regulation 21 C.R.F. §821.25 requires that "a manufacturer of a track device shall adopt a method of tracking for each such type of device that it distributes that enables a manufacturer to provide the FDA with the following information in writing for each track device distributed: ". . . the name, address, and telephone number of the distributor. . .; devices that are intended for use by a single patient over the life of the device, after distribution to or implantation in a patient; the lot number, batch number, model number or serial number of the device. . .; the date the device was shipped by the manufacturer; the name, address, telephone number and social security number of the patient receiving the device. . .; the date the device was provided to the patient; the name, mailing address and telephone number of the prescribing physician; the name mailing address and telephone number of the physician regularly following the patient if different than the prescribing physician.

25.    Upon information and belief, at all times material hereto, the MiniMed Insulin Pump was a medical device requiring tracking under this regulation.

26.    Defendants made material misrepresentations or omissions of material facts to the Plaintiff or Plaintiff's physicians as follows:

    a.    Defendants specifically misrepresented appropriate labeling under 21 C.F.R. 801 failing subsequent to F.D.A. approval to appropriately label this product to warn of its potential to malfunction and cause great harm and injury to the user.

    b.    Defendants misrepresented to Plaintiff and Plaintiff's physicians by a failure to warn the Plaintiff of knowledge they had pursuant to post-market surveillance of the dangers of using this device.

    c.    Upon information and belief Defendants misrepresented to the Plaintiff and Plaintiff's physicians the number and kinds of adverse events which were reported subsequent to F.D.A. approval of the product pursuant to 21 C.F.R. 803 and failed to timely report those adverse events in violation of Federal law.

27.    Prior to Plaintiff's use of the MiniMed Insulin Pump, Defendants knew they had not properly conducted post-market surveillance including the reporting of all serious adverse

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
00 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

events involving their product yet they failed to report this to the Plaintiff or the Plaintiff's physicians.

28.     Pursuant to federal law, a medical device is adulterated if, among other things, it fails to meet established performance standards, or if the methods, facilities or controls used for its manufacture, packing, storage or installation are not in conformity with federal requirements. *See* 21 U.S.C. §351.  By failing to meet such standards  with respect to this device and failing to adhere to the good manufacturing practices contained in 21 C.F.R. §§820 et seq., the Defendants violated federal law.

29.     Pursuant to federal law, a medical device is misbranded if, among other things, its labeling is false or misleading in any particular manner, or if it is dangerous to health when it is used in the manner prescribed, recommended, or suggested in the labeling thereof.  See 21 U.S.C. 352.  By providing false or misleading statements in the labeling of this device, the Defendants violated federal law.

30.     Pursuant to FDA regulations, the manufacturer of the device upon which this litigation is based, had a duty to perform post-market surveillance, which required that (a) the post-market surveillance be initiated in a timely manner; (b) the surveillance be conducted with due diligence, (c) the data identified in the plan be collected, (d) any reports required as part of the approved plan be submitted to the FDA in a timely manner, and (e) any information that the FDA requests prior to the submission of a report or in response to its review of a report is provided in a timely manner.  *See* 21 C.F.R. §§822 *et seq*.  By failing to comply with these requirements, the Defendants violated federal law.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
3HINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
.ST BALTIMORE STREET
.LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

8

## Count I – Negligence – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

31.     The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

32.     Defendant, Medtronic Inc., in marketing, labeling, manufacturing, testing, monitoring and surveiling its product had a duty to act with reasonable care and to warn the Plaintiff and Plaintiff's physicians of the risk, dangers, and adverse side effects of the MiniMed Insulin Pump.

33.     Medtronic Inc. breached its duty to the Plaintiff and was otherwise negligent and careless to include, without limitation, the following:

    a.  In the failure to provide adequate labeling knowing that the failure to notify the Plaintiff and the Plaintiff's physicians of the potential for severe and permanent injury due to product malfunction and in the failure to provide adequate labeling for such a device. See 21 CFR §801 et seq.

    b.  In the manufacturing of the MiniMed Insulin Pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the product failed to adhere to good manufacturing practices such that it was manufactured in a manner different from and unacceptable to the method approved by the F.D.A. in violation of and was adulterated and not in conformance with current good manufacturing practices.

    c.  In failing to accompany the MiniMed Insulin Pump with proper warnings regarding the dangerous side effects and potentially fatal health risks associated with the use of these devices and/or warnings which accurately reflected the symptoms, scope or severity of such injuries and health risks.

    d.  In failing to fully and effectively warn the Plaintiff and/or her physicians that even under close medical monitoring, the potential for serious health complications existed.

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-9400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

e.   In failing to perform adequate testing, in that adequate testing would have shown that the MiniMed Insulin Pump poses significant risks of serious health events.

f.   In that defendants knew or should have known that the MiniMed Insulin Pump was a dangerously defective product which posed unacceptable risks. These risks were unknown and unknowable by the Plaintiff or her physicians. The MiniMed Insulin Pump, which when used as prescribed, was defective due to inadequate warnings. Defendants knew or should have known of the risk of dangerous side effects and potentially fatal health risks and they failed to provide adequate warnings to the Plaintiff or her physicians.

g.   In the failure to perform appropriate post-market surveillance as required by 21 C.F.R. §822.1, et seq., in that the Defendants, while having a duty to perform post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner and failed to respond to F.D.A. requests in a timely manner. Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by the Plaintiff.

h.   In failing to notify the Plaintiff and Plaintiff's physicians of post market adverse events which the Defendants knew or should have known about in violation of 21 C.F.R. §803 would have had a material effect on the risk benefit analysis and decision regarding the use of this device on the Plaintiff in that Plaintiff's physicians would not have utilized said device had the post market adverse events known to the Defendants been known to Plaintiff's physicians.

34.   As a direct and proximate result of Medtronic Inc.'s negligence, the Plaintiff has suffered and will continue to suffer severe bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

### Count II – Negligence – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
}00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
3CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
:1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
1ST BALTIMORE STREET
1LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

35.    The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

36.    Defendant, Medtronic Diabetes, in marketing, labeling, manufacturing, testing, monitoring and surveiling its product had a duty to act with reasonable care and to warn the Plaintiff and Plaintiff's physicians of the risk, dangers, and adverse side effects of the MiniMed Insulin Pump.

37.    Medtronic Diabetes breached its duty to the Plaintiff and was otherwise negligent and careless to include, without limitation, the following:

a.  In the failure to provide adequate labeling knowing that the failure to notify the Plaintiff and the Plaintiff's physicians of the potential for severe and permanent injury due to product malfunction and in the failure to provide adequate labeling for such a device. See 21 CFR §801 et seq.

b.  In the manufacturing of the MiniMed Insulin Pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the product failed to adhere to good manufacturing practices such that it was manufactured in a manner different from and unacceptable to the method approved by the F.D.A. in violation of and was adulterated and not in conformance with current good manufacturing practices.

c.  In failing to accompany the MiniMed Insulin Pump with proper warnings regarding the dangerous side effects and potentially fatal health risks associated with the use of these devices and/or warnings which accurately reflected the symptoms, scope or severity of such injuries and health risks.

d.  In failing to fully and effectively warn the Plaintiff and/or her physicians that even under close medical monitoring, the potential for serious health complications existed.

e.  In failing to perform adequate testing, in that adequate testing would have shown that the MiniMed Insulin Pump poses significant risks of serious health events.

f.  In that defendants knew or should have known that the MiniMed Insulin Pump was a dangerously defective product which posed unacceptable risks. These risks

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
00 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

were unknown and unknowable by the Plaintiff or her physicians. The MiniMed Insulin Pump, which when used as prescribed, was defective due to inadequate warnings. Defendants knew or should have known of the risk of dangerous side effects and potentially fatal health risks and they failed to provide adequate warnings to the Plaintiff or her physicians.

g.  In the failure to perform appropriate post-market surveillance as required by 21 C.F.R. §822.1, et seq., in that the Defendants, while having a duty to perform post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner and failed to respond to F.D.A. requests in a timely manner. Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by the Plaintiff.

h.  In failing to notify the Plaintiff and Plaintiff's physicians of post market adverse events which the Defendants knew or should have known about in violation of 21 C.F.R. §803 would have had a material effect on the risk benefit analysis and decision regarding the use of this device on the Plaintiff in that Plaintiff's physicians would not have utilized said device had the post market adverse events known to the Defendants been known to Plaintiff's physicians.

38.  As a direct and proximate result of Medtronic Diabetes's negligence, the Plaintiff has suffered and will continue to suffer severe bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

## Count III – Negligence – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

39.  The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

LAW OFFICES
:RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 301-881-6132

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
\NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
.ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

40.    Defendant, Medtronic MiniMed Inc., in marketing, labeling, manufacturing, testing, monitoring and surveiling its product had a duty to act with reasonable care and to warn the Plaintiff and Plaintiff's physicians of the risk, dangers, and adverse side effects of the MiniMed Insulin Pump.

41.    Medtronic MiniMed Inc. breached its duty to the Plaintiff and was otherwise negligent and careless to include, without limitation, the following:

a.  In the failure to provide adequate labeling knowing that the failure to notify the Plaintiff and the Plaintiff's physicians of the potential for severe and permanent injury due to product malfunction and in the failure to provide adequate labeling for such a device.  See 21 CFR §801 et seq.

b.  In the manufacturing of the MiniMed Insulin Pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the product failed to adhere to good manufacturing practices such that it was manufactured in a manner different from and unacceptable to the method approved by the F.D.A. in violation of and was adulterated and not in conformance with current good manufacturing practices.

c.  In failing to accompany the MiniMed Insulin Pump with proper warnings regarding the dangerous side effects and potentially fatal health risks associated with the use of these devices and/or warnings which accurately reflected the symptoms, scope or severity of such injuries and health risks.

d.  In failing to fully and effectively warn the Plaintiff and/or her physicians that even under close medical monitoring, the potential for serious health complications existed.

e.  In failing to perform adequate testing, in that adequate testing would have shown that the MiniMed Insulin Pump poses significant risks of serious health events.

f.  In that defendants knew or should have known that the MiniMed Insulin Pump was a dangerously defective product which posed unacceptable risks.  These risks were unknown and unknowable by the Plaintiff or her physicians.  The MiniMed Insulin Pump, which when used as prescribed, was defective due to inadequate warnings.  Defendants knew or should have known of the risk of dangerous side effects and potentially fatal health risks and they failed to provide adequate warnings to the Plaintiff or her physicians.

g.  In the failure to perform appropriate post-market surveillance as required by 21 C.F.R. §822.1, et seq., in that the Defendants, while having a duty to perform

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
3HINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
.ST BALTIMORE STREET
.LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

13

post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner and failed to respond to F.D.A. requests in a timely manner.   Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by the Plaintiff.

h.   In failing to notify the Plaintiff and Plaintiff's physicians of post market adverse events which the Defendants knew or should have known about in violation of 21 C.F.R. §803 would have had a material effect on the risk benefit analysis and decision regarding the use of this device on the Plaintiff in that Plaintiff's physicians would not have utilized said device had the post market adverse events known to the Defendants been known to Plaintiff's physicians.

42.   As a direct and proximate result of Medtronic MiniMed Inc.'s negligence, the Plaintiff has suffered and will continue to suffer severe bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

## Count IV – Strict Liability/Restatement of Torts §402A – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

43.   The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

44.   Defendants are liable under the Theory of Strict Liability as set forth in the Restatement (Second) of Torts § 402A. Defendants were at all times engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing,

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
\NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

promoting, selling, advertising, warning, and otherwise distributing, medical devices in interstate

commerce, which they sold and distributed throughout the United States.

45.    The MiniMed Insulin Pumps were expected to and did reach plaintiff without

substantial change in their condition.   As manufactured, created, designed, tested, labeled,

sterilized, packaged, supplied, marketed, sold, advertised, warned and otherwise distributed the

MiniMed Insulin Pumps were defective because:

a.    The Defendants provided Plaintiff with a defective product by virtue of their
      inadequate labeling knowing that the pump could malfunction causing serious and
      permanent injury, yet failing to warn of these injuries.

b.    In the manufacturing of the insulin pump utilized on the Plaintiff in a manner or
      method which was adulterated under 21 C.F.R. §820, in that the manufacturing of
      the device failed to adhere to good manufacturing practices.

c.    The Defendant provided Plaintiff with a defective product by virtue of its failure
      to perform appropriate post-market surveillance as required by 21 C.F.R. sec.
      822.1, et seq., in that the Defendant, while having a duty to perform post-market
      surveillance, failed to perform that post-market surveillance in a timely manner,
      failed to do so with due diligence, failed to collect data appropriately, and failed
      to submit appropriate reports concerning post-market surveillance to the F.D.A. in
      a timely manner.   Had such post-market surveillance been appropriately
      conducted, the MiniMed Insulin Pump in question would never have been used by
      Plaintiff.

d.    The Defendant provided Plaintiff with a defective product by virtue of its failure
      to notify the Plaintiff and Plaintiff's physicians of post-market adverse events
      which the Defendant knew or should have known about in violation of 21 C.F.R.
      §803, in that Defendant knew of adverse events and failed to report those adverse
      events to FDA, plaintiff and plaintiff's physicians and which would have had a
      material effect on the decision regarding the use of this insulin pump on the
      Plaintiff in that Plaintiff's physicians would not have utilized said pump had the
      adverse events been known to Plaintiff's physicians.

46.    Plaintiff used the MiniMed Insulin Pump in the manner in which it was intended

by Medtronic Inc.

47.    Defendant Medtronic Inc.'s MiniMed Insulin Pump caused increased risk of

personal injury and harm upon use, and therefore constitutes a product that is unreasonably

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-459-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

dangerous for normal use due to the Defendant's actions as set forth hereinabove when used in

the manner in which it was used with respect to the Plaintiff as set forth hereinabove.

48. The Medtronic Inc.'s MiniMed Insulin Pump manufactured and/or supplied by

the Defendant was defective when used in the manner set forth hereinabove due to:

a. As provided to the Plaintiff by the Defendant, the foreseeable risk exceeded the benefits associated with said pump. Defective design or formulation in that when it left the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation;

b. Defective marketing in that Defendant made inappropriate, misleading, inaccurate and incomplete representations about the MiniMed Insulin Pump to Plaintiff and Plaintiff's physicians. These deceptive marketing representations were made to induce sales and increase profits;

c. Defective as provided to the Plaintiff by the Defendant in that after it left the hands of the manufacturer and/or supplier and was provided to the Plaintiff, by virtue of the actions of the Defendants set forth above, it was unreasonably dangerous, more dangerous than an ordinary consumer would expect and more dangerous than other medical devices available for use in patients such as Plaintiff.

d. Inadequate warnings or instructions because the Defendants knew or should have known that the product created a risk of dangerous side effects and other related conditions or diseases;

e. Inadequate post-marketing warning or instruction because, after Defendants knew or should have known the risk of dangerous side effects and other related conditions and diseases, they failed to provide adequate warnings to users or consumers of the product and continued to promote the product. Defendants, therefore, are strictly liable to the Plaintiff.

49. As a direct and proximate result of the Defendants' actions as set forth

hereinabove, Plaintiff has suffered injuries which are severe and permanent in nature and has

suffered compensatory damages in an amount to be proven at trial.

50. As a direct and proximate result of the actions of the Defendant as set forth

hereinabove, the Plaintiff has suffered and will continue to suffer bodily injury and resulting pain

and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
\NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
.ST BALTIMORE STREET
.LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

16

medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

**Count V – Strict Liability/Restatement of Torts §402A – Medtronic Diabetes**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

51.    The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

52.    Defendants are liable under the Theory of Strict Liability as set forth in the Restatement (Second) of Torts § 402A. Defendants were at all times engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing, promoting, selling, advertising, warning, and otherwise distributing, medical devices in interstate commerce, which they sold and distributed throughout the United States.

53.    The MiniMed Insulin Pumps were expected to and did reach plaintiff without substantial change in their condition. As manufactured, created, designed, tested, labeled, sterilized, packaged, supplied, marketed, sold, advertised, warned and otherwise distributed the MiniMed Insulin Pumps were defective because:

a.    The Defendants provided Plaintiff with a defective product by virtue of their inadequate labeling knowing that the pump could malfunction causing serious and permanent injury, yet failing to warn of these injuries.

b.    In the manufacturing of the insulin pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the device failed to adhere to good manufacturing practices.

c.    The Defendant provided Plaintiff with a defective product by virtue of its failure to perform appropriate post-market surveillance as required by 21 C.F.R. sec.

LAW OFFICES
:RAFT & GEREL, LLP
SUITE 400
OOO L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
IOO SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
.ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

822.1, et seq., in that the Defendant, while having a duty to perform post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, and failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner. Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by Plaintiff.

d.  The Defendant provided Plaintiff with a defective product by virtue of its failure to notify the Plaintiff and Plaintiff's physicians of post-market adverse events which the Defendant knew or should have known about in violation of 21 C.F.R. §803, in that Defendant knew of adverse events and failed to report those adverse events to FDA, plaintiff and plaintiff's physicians and which would have had a material effect on the decision regarding the use of this insulin pump on the Plaintiff in that Plaintiff's physicians would not have utilized said pump had the adverse events been known to Plaintiff's physicians.

54.  Plaintiff used the MiniMed Insulin Pump in the manner in which it was intended by Medtronic Diabetes.

55.  Defendant Medtronic Diabetes's MiniMed Insulin Pump caused increased risk of personal injury and harm upon use, and therefore constitutes a product that is unreasonably dangerous for normal use due to the Defendant's actions as set forth hereinabove when used in the manner in which it was used with respect to the Plaintiff as set forth hereinabove.

56.  The Medtronic Diabetes's MiniMed Insulin Pump manufactured and/or supplied by the Defendant was defective when used in the manner set forth hereinabove due to:

a.  As provided to the Plaintiff by the Defendant, the foreseeable risk exceeded the benefits associated with said pump. Defective design or formulation in that when it left the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation;

b.  Defective marketing in that Defendant made inappropriate, misleading, inaccurate and incomplete representations about the MiniMed Insulin Pump to Plaintiff and Plaintiff's physicians. These deceptive marketing representations were made to induce sales and increase profits;

c.  Defective as provided to the Plaintiff by the Defendant in that after it left the hands of the manufacturer and/or supplier and was provided to the Plaintiff, by virtue of the actions of the Defendants set forth above, it was unreasonably dangerous, more dangerous than an ordinary consumer would expect and more

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
900 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
IETRO 400 BUILDING
I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

dangerous than other medical devices available for use in patients such as Plaintiff.

    d.   Inadequate warnings or instructions because the Defendants knew or should have known that the product created a risk of dangerous side effects and other related conditions or diseases;

    e.   Inadequate post-marketing warning or instruction because, after Defendants knew or should have known the risk of dangerous side effects and other related conditions and diseases, they failed to provide adequate warnings to users or consumers of the product and continued to promote the product. Defendants, therefore, are strictly liable to the Plaintiff.

57.    As a direct and proximate result of the Defendants' actions as set forth hereinabove, Plaintiff has suffered injuries which are severe and permanent in nature and has suffered compensatory damages in an amount to be proven at trial.

58.    As a direct and proximate result of the actions of the Defendant as set forth hereinabove, the Plaintiff has suffered and will continue to suffer bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

**Count VI – Strict Liability/Restatement of Torts §402A – Medtronic MiniMed Inc.**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

59.    The averments alleged in this count include the breach of common-law duties which are parallel to the duties created by the federal statutes and regulations described above, including, but not limited to 21 U.S.C. §351 and 352, 21 C.F.R. §820 et seq., 21 C.F.R. §803 et seq., 21 C.F.R. 801 et seq., and 21 C.F.R. §821 et seq.

60.    Defendants are liable under the Theory of Strict Liability as set forth in the Restatement (Second) of Torts § 402A. Defendants were at all times engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing,

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

promoting, selling, advertising, warning, and otherwise distributing, medical devices in interstate

commerce, which they sold and distributed throughout the United States.

      61.    The MiniMed Insulin Pumps were expected to and did reach plaintiff without

substantial change in their condition.   As manufactured, created, designed, tested, labeled,

sterilized, packaged, supplied, marketed, sold, advertised, warned and otherwise distributed the

MiniMed Insulin Pumps were defective because:

    a.   The Defendants provided Plaintiff with a defective product by virtue of their inadequate labeling knowing that the pump could malfunction causing serious and permanent injury, yet failing to warn of these injuries.

    b.   In the manufacturing of the insulin pump utilized on the Plaintiff in a manner or method which was adulterated under 21 C.F.R. §820, in that the manufacturing of the device failed to adhere to good manufacturing practices.

    c.   The Defendant provided Plaintiff with a defective product by virtue of its failure to perform appropriate post-market surveillance as required by 21 C.F.R. §822.1, et seq., in that the Defendant, while having a duty to perform post-market surveillance, failed to perform that post-market surveillance in a timely manner, failed to do so with due diligence, failed to collect data appropriately, and failed to submit appropriate reports concerning post-market surveillance to the F.D.A. in a timely manner.   Had such post-market surveillance been appropriately conducted, the MiniMed Insulin Pump in question would never have been used by Plaintiff.

    d.   The Defendant provided Plaintiff with a defective product by virtue of its failure to notify the Plaintiff and Plaintiff's physicians of post-market adverse events which the Defendant knew or should have known about in violation of 21 C.F.R. §803, in that Defendant knew of adverse events and failed to report those adverse events to FDA, plaintiff and plaintiff's physicians and which would have had a material effect on the decision regarding the use of this insulin pump on the Plaintiff in that Plaintiff's physicians would not have utilized said pump had the adverse events been known to Plaintiff's physicians.

      62.    Plaintiff used the MiniMed Insulin Pump in the manner in which it was intended

by Medtronic MiniMed Inc.

      63.    Defendant Medtronic MiniMed Inc.'s MiniMed Insulin Pump caused increased

risk of personal injury and harm upon use, and therefore constitutes a product that is

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
OOO L STREET, N.W.
:HINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
!OO SEMINARY ROAD
.EXANDRIA, VA 2231 I

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
-AX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
INDOVER, MD 20785

301-459-8400
-AX: 301-459-1384

SUITE 1212
.ST BALTIMORE STREET
.LTIMORE, MD 21202

410-539-1122
-AX: 410-547-1261

unreasonably dangerous for normal use due to the Defendant's actions as set forth hereinabove when used in the manner in which it was used with respect to the Plaintiff as set forth hereinabove.

64.    The Medtronic MiniMed Inc.'s MiniMed Insulin Pump manufactured and/or supplied by the Defendant was defective when used in the manner set forth hereinabove due to:

a.    As provided to the Plaintiff by the Defendant, the foreseeable risk exceeded the benefits associated with said pump.  Defective design or formulation in that when it left the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation;

b.    Defective marketing in that Defendant made inappropriate, misleading, inaccurate and incomplete representations about the MiniMed Insulin Pump to Plaintiff and Plaintiff's physicians. These deceptive marketing representations were made to induce sales and increase profits;

c.    Defective as provided to the Plaintiff by the Defendant in that after it left the hands of the manufacturer and/or supplier and was provided to the Plaintiff, by virtue of the actions of the Defendants set forth above, it was unreasonably dangerous, more dangerous than an ordinary consumer would expect and more dangerous than other medical devices available for use in patients such as Plaintiff.

d.    Inadequate warnings or instructions because the Defendants knew or should have known that the product created a risk of dangerous side effects and other related conditions or diseases;

e.    Inadequate post-marketing warning or instruction because, after Defendants knew or should have known the risk of dangerous side effects and other related conditions and diseases, they failed to provide adequate warnings to users or consumers of the product and continued to promote the product.  Defendants, therefore, are strictly liable to the Plaintiff.

65.    As a direct and proximate result of the Defendants' actions as set forth hereinabove, Plaintiff has suffered injuries which are severe and permanent in nature and has suffered compensatory damages in an amount to be proven at trial.

66.    As a direct and proximate result of the actions of the Defendant as set forth hereinabove, the Plaintiff has suffered and will continue to suffer bodily injury and resulting pain and suffering; disability; mental anguish; loss of capacity for the enjoyment of life; cost of

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
300 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
II GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

21

medications; medical and nursing care; and loss of present and future earnings. These injuries are permanent and continuing in nature.

**Count VII – Misrepresentation By Seller - Restatement of Torts §402B – Medtronic Inc.**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

67.    At all relevant times herein, Defendant Medtronic Inc. was in the business of selling the MiniMed Insulin Pump.

68.    Through their actions and omissions in advertising, promoting, reporting to the FDA, labeling, and otherwise, Defendants made public misrepresentations of material facts to, and/or concealed material facts from consumers like Caroline Kubicki, concerning the character, safety, and effectiveness of the MiniMed Insulin Pump.

69.    Those public misrepresentations and omissions also include, but are not limited to those set forth in the general allegations section of this Complaint. Those public false representations and omissions include but are not limited to the following:

(A)    Upon information and belief, Defendants failed to disclose that adequate post-marketing surveillance to determine the safety of the MiniMed Insulin Pump had not been done;

(B)    Upon information and belief, Defendants failed to timely disclose, and/or intentionally concealed, results of post market studies showing that the MiniMed Insulin Pump had the potential to malfunction and cause serious harm to the user; and

(C)    Upon information and belief Defendants failed to include adequate warnings with the MiniMed Insulin Pump regarding the potential and

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
OOO L STREET, N.W.
:HINGTON, D.C. 20036

202-783-6400
:AX: 202-416-6392

SUITE 650
IOO SEMINARY ROAD
EXANDRIA, VA 2231I

703-931-5500
:AX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
:AX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
\NDOVER, MD 20785

301-459-8400
:AX: 301-459-1364

SUITE 1212
:ST BALTIMORE STREET
:LTIMORE, MD 21202

410-539-1122
:AX: 410-547-1261

actual risks for malfunction and product failure and the nature, scope, severity, and duration of any serious injuries resulting there from

70.     Defendant was obligated to disclose the foregoing risks, but failed to adequately and timely do so.  In contrast Defendant, in its marketing and promotional material, label and other communications, indicated that the pump was safe for use.

71.     In the alternative, Defendant failed to exercise reasonable care in ascertaining the accuracy of the information regarding the safe use of the MiniMed Insulin Pump, failed to disclose facts indicating that the MiniMed Insulin Pump could fail or malfunction, and otherwise failed to exercise reasonable care in communicating the information concerning the MiniMed Insulin Pump to Caroline Kubicki, and/or concealed facts which were known to Defendant.

72.     Caroline Kubicki was not aware of the falsity of the foregoing representations, nor was she aware that material facts concerning the MiniMed Insulin Pump had been concealed or omitted.  In reliance upon Defendant's misrepresentations, Caroline Kubicki was induced to and did purchase the Medtronic Insulin Pump and did use it.  If Caroline Kubicki had known the true facts concerning the risks of the use of the MiniMed Insulin Pump, in particular, the risk of significant hypoglycemic event with anoxic brain injury, she would not have used the Product.

73.     Caroline Kubicki's reliance upon Defendant's misrepresentations was justified, among other reasons, because said misrepresentations and omissions were made by individuals and entities who were in a position to know the true facts concerning the MiniMed Insulin Pump, while Caroline Kubicki was not in a position to know the true facts, and because Defendant downplayed the risks in its use, thereby inducing Caroline Kubicki to use this product in lieu of other, safer alternatives.  At all times relevant, Defendant's corporate officers, directors and/or managing agents knew of and ratified the acts of Defendant, as alleged herein.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
300 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
-I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

23

74.    As a direct and proximate result of Caroline Kubicki's reliance on Defendant's misrepresentations concerning the risks and benefits of the Medtronic Insulin Pump, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages as set forth in this Complaint.

### Count VIII – Misrepresentation By Seller - Restatement of Torts §402B – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

75.    At all relevant times herein, Defendant Medtronic Diabetes was in the business of selling the MiniMed Insulin Pump.

76.    Through their actions and omissions in advertising, promoting, reporting to the FDA, labeling, and otherwise, Defendants made public misrepresentations of material facts to, and/or concealed material facts from consumers like Caroline Kubicki, concerning the character, safety, and effectiveness of the MiniMed Insulin Pump.

77.    Those public misrepresentations and omissions also include, but are not limited to those set forth in the general allegations section of this Complaint.  Those public false representations and omissions include but are not limited to the following:

(A)    Upon information and belief, Defendants failed to disclose that adequate post-marketing surveillance to determine the safety of the MiniMed Insulin Pump had not been done;

(C)    Upon information and belief, Defendants failed to timely disclose, and/or intentionally concealed, results of post market studies showing that the MiniMed Insulin Pump had the potential to malfunction and cause serious harm to the user; and

LAW OFFICES
:RAFT & GEREL, LLP
SUITE 400
OOO L STREET, N.W.
SHINGTON, D.C. 20036
202-783-6400
FAX: 202-416-6392

SUITE 650
IOO SEMINARY ROAD
EXANDRIA, VA 22311
703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852
301-770-3737
FAX: 301-881-8132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
INDOVER, MD 20785
301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202
410-539-1122
FAX: 410-547-1261

(C)    Upon information and belief Defendants failed to include adequate

warnings with the MiniMed Insulin Pump regarding the potential and

actual risks for malfunction and product failure and the nature, scope,

severity, and duration of any serious injuries resulting there from

78.    Defendant was obligated to disclose the foregoing risks, but failed to adequately

and timely do so.  In contrast Defendant, in its marketing and promotional material, label and

other communications, indicated that the pump was safe for use.

79.    In the alternative, Defendant failed to exercise reasonable care in ascertaining the

accuracy of the information regarding the safe use of the MiniMed Insulin Pump, failed to

disclose facts indicating that the MiniMed Insulin Pump could fail or malfunction, and otherwise

failed to exercise reasonable care in communicating the information concerning the MiniMed

Insulin Pump to Caroline Kubicki, and/or concealed facts which were known to Defendant.

80.    Caroline Kubicki was not aware of the falsity of the foregoing representations,

nor was she aware that material facts concerning the MiniMed Insulin Pump had been concealed

or omitted.  In reliance upon Defendant's misrepresentations, Caroline Kubicki was induced to

and did purchase the Medtronic Insulin Pump and did use it.  If Caroline Kubicki had known the

true facts concerning the risks of the use of the MiniMed Insulin Pump, in particular, the risk of

significant hypoglycemic event with anoxic brain injury, she would not have used the Product.

81.    Caroline Kubicki's reliance upon Defendant's misrepresentations was justified,

among other reasons, because said misrepresentations and omissions were made by individuals

and entities who were in a position to know the true facts concerning the MiniMed Insulin Pump,

while Caroline Kubicki was not in a position to know the true facts, and because Defendant

downplayed the risks in its use, thereby inducing Caroline Kubicki to use this product in lieu of

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE DRIVE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
.ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

other, safer alternatives.  At all times relevant, Defendant's corporate officers, directors and/or

managing agents knew of and ratified the acts of Defendant, as alleged herein.

82.    As a direct and proximate result of Caroline Kubicki's reliance on Defendant's

misrepresentations concerning the risks and benefits of the Medtronic Insulin Pump, Caroline

Kubicki suffered and her family continues to suffer from the injuries and damages as set forth in

this Complaint.

### Count IX – Misrepresentation By Seller - Restatement of Torts §402B – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further

states that:

83.    At all relevant times herein, Defendant Medtronic MiniMed Inc. was in the

business of selling the MiniMed Insulin Pump.

84.    Through their actions and omissions in advertising, promoting, reporting to the

FDA, labeling, and otherwise, Defendants made public misrepresentations of material facts to,

and/or concealed material facts from consumers like Caroline Kubicki, concerning the character,

safety, and effectiveness of the MiniMed Insulin Pump.

85.    Those public misrepresentations and omissions also include, but are not limited to

those set forth in the general allegations section of this Complaint.  Those public false

representations and omissions include but are not limited to the following:

(A)    Upon information and belief, Defendants failed to disclose that adequate

post-marketing surveillance to determine the safety of the MiniMed

Insulin Pump had not been done;

(D)    Upon information and belief, Defendants failed to timely disclose, and/or

intentionally concealed, results of post market studies showing that the

LAW OFFICES
CRAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
300 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-681-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1384

SUITE 1212
1ST BALTIMORE STREET
1LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

MiniMed Insulin Pump had the potential to malfunction and cause serious harm to the user; and

(C)    Upon information and belief Defendants failed to include adequate warnings with the MiniMed Insulin Pump regarding the potential and actual risks for malfunction and product failure and the nature, scope, severity, and duration of any serious injuries resulting there from

86.    Defendant was obligated to disclose the foregoing risks, but failed to adequately and timely do so. In contrast Defendant, in its marketing and promotional material, label and other communications, indicated that the pump was safe for use.

87.    In the alternative, Defendant failed to exercise reasonable care in ascertaining the accuracy of the information regarding the safe use of the MiniMed Insulin Pump, failed to disclose facts indicating that the MiniMed Insulin Pump could fail or malfunction, and otherwise failed to exercise reasonable care in communicating the information concerning the MiniMed Insulin Pump to Caroline Kubicki, and/or concealed facts which were known to Defendant.

88.    Caroline Kubicki was not aware of the falsity of the foregoing representations, nor was she aware that material facts concerning the MiniMed Insulin Pump had been concealed or omitted. In reliance upon Defendant's misrepresentations, Caroline Kubicki was induced to and did purchase the Medtronic Insulin Pump and did use it. If Caroline Kubicki had known the true facts concerning the risks of the use of the MiniMed Insulin Pump, in particular, the risk of significant hypoglycemic event with anoxic brain injury, she would not have used the Product.

89.    Caroline Kubicki's reliance upon Defendant's misrepresentations was justified, among other reasons, because said misrepresentations and omissions were made by individuals and entities who were in a position to know the true facts concerning the MiniMed Insulin Pump,

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-459-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
\NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

27

while Caroline Kubicki was not in a position to know the true facts, and because Defendant downplayed the risks in its use, thereby inducing Caroline Kubicki to use this product in lieu of other, safer alternatives. At all times relevant, Defendant's corporate officers, directors and/or managing agents knew of and ratified the acts of Defendant, as alleged herein.

90.     As a direct and proximate result of Caroline Kubicki's reliance on Defendant's misrepresentations concerning the risks and benefits of the Medtronic Insulin Pump, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages as set forth in this Complaint.

## Count X – Fraud – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

91.     Defendant Medtronic Inc. intentionally, willfully, or recklessly concealed and misrepresented past and present facts to consumers and users, including Caroline Kubicki, which they had a duty to disclose.

92.     The facts concealed and misrepresented include, but are not limited to, those set forth in the General Allegations section of this Complaint.

93.     Each of the facts concealed and misrepresented was material.

94.     Defendant concealed and misrepresented material facts to the consuming public with the intent that the consuming public, like Caroline Kubicki, purchase and use the MiniMed Insulin Pump. The consuming public, including Carline Kubicki, would not otherwise have purchased or utilized the MiniMed Insulin Pump if it had been informed of the totality of the risks associated with the use of the MiniMed Insulin Pump.

LAW OFFICES
CRAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
LEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
1ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

95.    Caroline Kubicki relied on Defendant's misrepresentations concerning the safety of the MiniMed Insulin Pump in purchasing this Pump and her reliance was justified.

96.    As a direct result of Caroline Kubicki's reliance on Defendant's misrepresentations of material facts concerning the safety of the MiniMed Insulin Pump, she suffered the injuries and damages alleged in this Complaint.

## Count XI – Fraud – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

97.    Defendant Medtronic Diabetes intentionally, willfully, or recklessly concealed and misrepresented past and present facts to consumers and users, including Caroline Kubicki, which they had a duty to disclose.

98.    The facts concealed and misrepresented include, but are not limited to, those set forth in the General Allegations section of this Complaint.

99.    Each of the facts concealed and misrepresented was material.

100.    Defendant concealed and misrepresented material facts to the consuming public with the intent that the consuming public, like Caroline Kubicki, purchase and use the MiniMed Insulin Pump.  The consuming public, including Carline Kubicki, would not otherwise have purchased or utilized the MiniMed Insulin Pump if it had been informed of the totality of the risks associated with the use of the MiniMed Insulin Pump.

101.    Caroline Kubicki relied on Defendant's misrepresentations concerning the safety of the MiniMed Insulin Pump in purchasing this Pump and her reliance was justified.

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
LEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-681-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

102.    As a direct result of Caroline Kubicki's reliance on Defendant's misrepresentations of material facts concerning the safety of the MiniMed Insulin Pump, she suffered the injuries and damages alleged in this Complaint.

### Count XII – Fraud – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

103.    Defendant Medtronic MiniMed Inc. intentionally, willfully, or recklessly concealed and misrepresented past and present facts to consumers and users, including Caroline Kubicki, which they had a duty to disclose.

104.    The facts concealed and misrepresented include, but are not limited to, those set forth in the General Allegations section of this Complaint.

105.    Each of the facts concealed and misrepresented was material.

106.    Defendant concealed and misrepresented material facts to the consuming public with the intent that the consuming public, like Caroline Kubicki, purchase and use the MiniMed Insulin Pump.  The consuming public, including Carline Kubicki, would not otherwise have purchased or utilized the MiniMed Insulin Pump if it had been informed of the totality of the risks associated with the use of the MiniMed Insulin Pump.

107.    Caroline Kubicki relied on Defendant's misrepresentations concerning the safety of the MiniMed Insulin Pump in purchasing this Pump and her reliance was justified.

108.    As a direct result of Caroline Kubicki's reliance on Defendant's misrepresentations of material facts concerning the safety of the MiniMed Insulin Pump, she suffered the injuries and damages alleged in this Complaint.

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
OOO L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
IOO SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
NDOVER, MD 20785

301-459-6400
FAX: 301-459-1364

SUITE 1212
.ST BALTIMORE STREET
.LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

## Count XIII – Express Warranties – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

109.    The MiniMed Insulin Pump, which was designed, tested, and manufactured by Defendant Medtronic Inc., and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

110.    Defendant, through its advertising and promotional materials, expressly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

111.    Defendant breached said express warranties in that the MiniMed Insulin Pump was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event.

112.    Caroline Kubicki relied to her detriment on the express warranties of Defendant.

113.    As a direct and proximate result of Defendant's breach of express warranties, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages set forth in this Complaint.

## Count XIV – Express Warranties – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

114.    The MiniMed Insulin Pump, which was designed, tested, and manufactured by Defendants, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

115.    Defendant, through its advertising and promotional materials, expressly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
300 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

116.    Defendant breached said express warranties in that the MiniMed Insulin Pump was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event.

117.    Caroline Kubicki relied to her detriment on the express warranties of Defendants

118.    As a direct and proximate result of Defendant's breach of express warranties, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages set forth in this Complaint.

### Count XV – Express Warranties – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

119.    The MiniMed Insulin Pump, which was designed, tested, and manufactured by Defendant, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

120.    Defendant, through its advertising and promotional materials, expressly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

121.    Defendant breached said express warranties in that the MiniMed Insulin Pump was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event.

122.    Caroline Kubicki relied to her detriment on the express warranties of Defendant.

123.    As a direct and proximate result of Defendant's breach of express warranties, Caroline Kubicki suffered and her family continues to suffer from the injuries and damages set forth in this Complaint.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
IOO SEMINARY ROAD
:EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
INDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
:ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

## Count XVI – Implied Warranties – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

124.    The MiniMed Insulin Pump which was designed, tested, and manufactured by Defendant, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

125.    Defendant, through its advertising and promotional materials, impliedly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

126.    Defendant breached said implied warranties in that the product was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event due to product malfunction.

127.    Caroline Kubicki relied to her detriment on the implied warranties of Defendant.

128.    As a direct and proximate result of Defendant's breach of implied warranties, Caroline Kubicki suffered and her family continues to suffer from injuries and damages set forth in this Complaint.

## Count XVII – Implied Warranties – Medtronic Diabetes

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

129.    The MiniMed Insulin Pump which was designed, tested, and manufactured by Defendant, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

130.    Defendant, through its advertising and promotional materials, impliedly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

33

131.    Defendant breached said implied warranties in that the product was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event due to product malfunction.

132.    Caroline Kubicki relied to her detriment on the implied warranties of Defendant.

133.    As a direct and proximate result of Defendant's breach of implied warranties, Caroline Kubicki suffered and her family continues to suffer from injuries and damages set forth in this Complaint.

### Count XVIII – Implied Warranties – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

134.    The MiniMed Insulin Pump which was designed, tested, and manufactured by Defendant, and distributed, promoted and sold by Defendant, was expected to, and did, reach Caroline Kubicki without a substantial change in its condition.

135.    Defendant, through its advertising and promotional materials, impliedly warranted that the MiniMed Insulin Pump was safe for the use for which it was intended.

136.    Defendant breached said implied warranties in that the product was unsafe in light of the risk of life-threatening side effects associated with its use, including, but not limited to, a significant hypoglycemic event due to product malfunction.

137.    Caroline Kubicki relied to her detriment on the implied warranties of Defendant.

138.    As a direct and proximate result of Defendant's breach of implied warranties, Caroline Kubicki suffered and her family continues to suffer from injuries and damages set forth in this Complaint.

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
3HINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
300 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

**Count XIX – Violation of the D.C. Deceptive Trade Practices Act – Medtronic Inc.**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

139.    Defendant, at all relevant times herein, was engaged in the business of the sale of consumer goods in the District of Columbia, including the MiniMed Insulin Pump.

140.    The aforesaid unfair and deceptive acts were done in violation of the following subsections of District of Columbia Unlawful Trade Practices Act, D.C., Code §28-3904:

(a) misrepresentation that the product was of a particular quality;

(b) misrepresentation as to material facts which have the tendency to mislead;

(c) failure to state material facts which failure tends to mislead;

(d) offered for sale or distributed product in a condition, which was, inconsistent with that warranted by operation or requirement of federal law.

141.    As a direct and proximate result of such unfair and deceptive trade practices, Plaintiff suffered the aforesaid injuries and damages.

142.    Under said Act, Plaintiff Caroline Kubicki is entitled to treble damages or, in the alternative, punitive damages and reasonable attorney's fees, and any other relief, which this court deems proper.

**Count XX – Violation of the D.C. Deceptive Trade Practices Act – Medtronic Diabetes**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

143.    Defendant, at all times herein, was engaged in the business of the sale of consumer goods in the District of Columbia, including the MiniMed Insulin Pump.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
OOO L STREET, N.W.
5HINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)OO SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
\NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

144.    The aforesaid unfair and deceptive acts were done in violation of the following subsections of District of Columbia Unlawful Trade Practices Act, D.C., Code §28-3904:

(a) misrepresentation that the product was of a particular quality;

(b) misrepresentation as to material facts which have the tendency to mislead;

(c) failure to state material facts which failure tends to mislead;

(d) offered for sale or distributed product in a condition, which was, inconsistent with that warranted by operation or requirement of federal law.

145.    As a direct and proximate result of such unfair and deceptive trade practices, Plaintiff suffered the aforesaid injuries and damages.

146.    Under said Act, Plaintiff Caroline Kubicki is entitled to treble damages or, in the alternative, punitive damages and reasonable attorney's fees, and any other relief, which this court deems proper.

## Count XXI – Violation of the D.C. Deceptive Trade Practices Act – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

147.    Defendant, at all times herein, was engaged in the business of the sale of consumer goods in the District of Columbia, including the MiniMed Insulin Pump.

148.    The aforesaid unfair and deceptive acts were done in violation of the following subsections of District of Columbia Unlawful Trade Practices Act, D.C., Code §28-3904:

(a) misrepresentation that the product was of a particular quality;

(b) misrepresentation as to material facts which have the tendency to mislead;

(c) failure to state material facts which failure tends to mislead;

LAW OFFICES
:RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-620-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
.ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

36

(d) offered for sale or distributed product in a condition, which was, inconsistent

with that warranted by operation or requirement of federal law.

149.    As a direct and proximate result of such unfair and deceptive trade practices,

Plaintiff suffered the aforesaid injuries and damages.

150.    Under said Act, Plaintiff Caroline Kubicki is entitled to treble damages or, in the

alternative, punitive damages and reasonable attorney's fees, and any other relief, which this

court deems proper.

### Count XXII – Failure to Warn - Restatement of Torts § 388 – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further

states that:

151.    Defendant Medtronic Inc. owed Caroline Kubicki duties of reasonable care to

adequately warn her of the risks associated with the use of the MiniMed Insulin Pump.

152.    Defendant knew or reasonably should have known that the warnings provided to

users of the MiniMed Insulin Pump regarding the risks associated with its use were incorrect and

misleading in at least the following material respects:

(A)    The MiniMed Insulin Pump was unaccompanied by proper warnings

regarding possible product malfunction and all possible injuries associated

with its use and the comparative severity, incidence, and duration of such

events; and

(B)    The MiniMed Insulin Pump was defective due to inadequate post-

marketing warnings or instructions because Defendant knew or should

have known of the risks of injury from the MiniMed Insulin Pump that

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
5HINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
300 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
AST BALTIMORE STREET
ALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

would result from the device's malfunction and they nonetheless failed to
provide adequate warnings to users or consumers.

153.    By failing to warn Caroline Kubicki of the adverse health risks associated with
the use of the MiniMed Insulin Pump, Defendant breached their duties to Caroline Kubicki of
reasonable care and safety.

154.    As a direct and proximate result of Defendant's failure to adequately warn
Caroline Kubicki of the risk of product malfunction and subsequent hypoglycemic event,
Caroline Kubicki suffered and her family continues to suffer the injuries and damages set forth in
this Complaint.

**Count XXIII – Failure to Warn/Restatement of Torts § 388 – Medtronic Diabetes**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further
states that:

LAW OFFICES
RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
400 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

155.    Defendant Medtronic Diabetes owed Caroline Kubicki duties of reasonable care
to adequately warn her of the risks associated with the use of the MiniMed Insulin Pump.

156.    Defendant knew or reasonably should have known that the warnings provided to
users of the MiniMed Insulin Pump regarding the risks associated with its use were incorrect and
misleading in at least the following material respects:

(A)    The MiniMed Insulin Pump was unaccompanied by proper warnings
regarding possible product malfunction and all possible injuries associated
with its use and the comparative severity, incidence, and duration of such
events; and

(B)    The MiniMed Insulin Pump was defective due to inadequate post-
marketing warnings or instructions because Defendant knew or should

38

have known of the risks of injury from the MiniMed Insulin Pump that would result from the device's malfunction and they nonetheless failed to provide adequate warnings to users or consumers.

157.    By failing to warn Caroline Kubicki of the adverse health risks associated with the use of the MiniMed Insulin Pump, Defendant breached their duties to Caroline Kubicki of reasonable care and safety.

158.    As a direct and proximate result of Defendant's failure to adequately warn Caroline Kubicki of the risk of product malfunction and subsequent hypoglycemic event, Caroline Kubicki suffered and her family continues to suffer the injuries and damages set forth in this Complaint.

### Count XXIV – Failure to Warn/Restatement of Torts § 388 – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

159.    Defendant Medtronic MiniMed Inc. owed Caroline Kubicki duties of reasonable care to adequately warn her of the risks associated with the use of the MiniMed Insulin Pump.

160.    Defendant knew or reasonably should have known that the warnings provided to users of the MiniMed Insulin Pump regarding the risks associated with its use were incorrect and misleading in at least the following material respects:

(A)    The MiniMed Insulin Pump was unaccompanied by proper warnings regarding possible product malfunction and all possible injuries associated with its use and the comparative severity, incidence, and duration of such events; and

LAW OFFICES
:RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036
202-783-6400
FAX: 202-416-6392

SUITE 650
)00 SEMINARY ROAD
.EXANDRIA, VA 22311
703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
)CKVILLE, MD 20852
301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
-I GARDEN CITY DRIVE
\NDOVER, MD 20785
301-459-8400
FAX: 301-459-1364

SUITE 1212
\ST BALTIMORE STREET
\LTIMORE, MD 21202
410-539-1122
FAX: 410-547-1261

    (B)    The MiniMed Insulin Pump was defective due to inadequate post-marketing warnings or instructions because Defendant knew or should have known of the risks of injury from the MiniMed Insulin Pump that would result from the device's malfunction and they nonetheless failed to provide adequate warnings to users or consumers.

161.    By failing to warn Caroline Kubicki of the adverse health risks associated with the use of the MiniMed Insulin Pump, Defendant breached their duties to Caroline Kubicki of reasonable care and safety.

162.    As a direct and proximate result of Defendant's failure to adequately warn Caroline Kubicki of the risk of product malfunction and subsequent hypoglycemic event, Caroline Kubicki suffered and her family continues to suffer the injuries and damages set forth in this Complaint.

### Count XXV – Punitive Damages – Medtronic Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

163.    The conduct of Defendant in designing, testing, manufacturing, and Defendant's conduct in promoting, advertising, selling, marketing, and distributing the MiniMed Insulin Pump, and in failing to warn Caroline Kubicki and other members of the public of the dangers inherent in the use of the MiniMed Insulin Pump, which were well known to Defendant, was attended by circumstances of fraud, malice, or willful and wanton conduct, done heedlessly and recklessly, without regard to consequence, or of the rights and safety of others, particularly Caroline Kubicki.  Such conduct includes, but is not limited to, the following:

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
HINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

40

(A)    Upon information and belief, Defendant actually knew of MiniMed Insulin Pump's defective nature, as set forth herein, but continued to design, manufacture, market, and sell the product so as to maximize sales and profits at the expense of the health and safety of the consuming public, including Caroline Kubicki, and in conscious disregard of the foreseeable harm caused by the MiniMed Insulin Pump;

(B)    Upon information and belief, Defendant failed to do adequate post-marketing surveillance of this product.

(C)    Defendant continued to promote the safety of the MiniMed Insulin Pump, and failed to provide adequate warnings regarding the risk of malfunction of the product; and

(D)    Defendant had knowledge of safer alternative designs for its product and failed to substitute such a safer design.

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
00 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

**Count XXVI – Punitive Damages – Medtronic Diabetes**

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further states that:

164.    The conduct of Defendant in designing, testing, manufacturing, and Defendant's conduct in promoting, advertising, selling, marketing, and distributing the MiniMed Insulin Pump, and in failing to warn Caroline Kubicki and other members of the public of the dangers inherent in the use of the MiniMed Insulin Pump, which were well known to Defendant, was attended by circumstances of fraud, malice, or willful and wanton conduct, done heedlessly and

recklessly, without regard to consequence, or of the rights and safety of others, particularly

Caroline Kubicki.  Such conduct includes, but is not limited to, the following:

(E)     Upon information and belief, Defendant actually knew of MiniMed

Insulin Pump's defective nature, as set forth herein, but continued to

design, manufacture, market, and sell the product so as to maximize

sales and profits at the expense of the health and safety of the

consuming public, including Caroline Kubicki, and in conscious

disregard of the foreseeable harm caused by the MiniMed Insulin

Pump;

(F)     Upon information and belief, Defendant failed to do adequate post-

marketing surveillance of this product.

(G)     Defendant continued to promote the safety of the MiniMed Insulin

Pump, and failed to provide adequate warnings regarding the risk of

malfunction of the product; and

(A)     Defendant had knowledge of safer alternative designs for its product

and failed to substitute such a safer design.

### Count XXVII – Punitive Damages – Medtronic MiniMed Inc.

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further

states that:

165.    The conduct of Defendant in designing, testing, manufacturing, and Defendant's

conduct in promoting, advertising, selling, marketing, and distributing the MiniMed Insulin

Pump, and in failing to warn Caroline Kubicki and other members of the public of the dangers

inherent in the use of the MiniMed Insulin Pump, which were well known to Defendant, was

LAW OFFICES
RAFT & GEREL, LLP
SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
00 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
CKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
NDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

attended by circumstances of fraud, malice, or willful and wanton conduct, done heedlessly and

recklessly, without regard to consequence, or of the rights and safety of others, particularly

Caroline Kubicki.  Such conduct includes, but is not limited to, the following:

(H) Upon information and belief, Defendant actually knew of MiniMed Insulin Pump's defective nature, as set forth herein, but continued to design, manufacture, market, and sell the product so as to maximize sales and profits at the expense of the health and safety of the consuming public, including Caroline Kubicki, and in conscious disregard of the foreseeable harm caused by the MiniMed Insulin Pump;

(I) Upon information and belief, Defendant failed to do adequate post-marketing surveillance of this product.

(J) Defendant continued to promote the safety of the MiniMed Insulin Pump, and failed to provide adequate warnings regarding the risk of malfunction of the product; and

(A) Defendant had knowledge of safer alternative designs for its product and failed to substitute such a safer design.

## Count XXVIII – Damages

Plaintiff incorporates herein by reference the paragraphs of this Complaint and further

states that:

166. WHEREFORE, Plaintiff seeks judgment in her favor against the Defendants as

follows:

LAW OFFICES
RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
100 SEMINARY ROAD
EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
1 GARDEN CITY DRIVE
NNOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
ST BALTIMORE STREET
LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

43

a.    Severe and permanent physical and medical injuries and associated disabilities;

b.    Severe past and future pain and suffering and mental anguish occasioned by the resulting injuries and disabilities;

c.    Loss of enjoyment of life;

d.    Increased risk of health problems;

e.    Loss of past and future economic losses and income;

f.    Past and future medical, rehabilitation, and life care expenses;

g.    Past and future medical monitoring;

h.    Past and future medical expenses;

i.    Any disfigurement or deformity suffered by the plaintiff, as well as any humiliation or embarrassment associated with the disfigurement or deformity;

j.    Any past or future physical pain and emotional distress that Caroline Kubicki has suffered or may suffer;

k.    Any and all other damages to be shown at trial.

WHEREFORE, Plaintiff CAROLINE KUBICKI, prays for judgment against the Defendants, individually and collectively in the amount of Fifty Million Dollars ($50,000,000.00), and for additional aggravating circumstances damages, and for their costs and fees herein expended.

LAW OFFICES
:RAFT & GEREL, LLP

SUITE 400
000 L STREET, N.W.
SHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
300 SEMINARY ROAD
.EXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
:NE CENTRAL PLAZA
300 ROCKVILLE PIKE
OCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
ETRO 400 BUILDING
·I GARDEN CITY DRIVE
ANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
.\ST BALTIMORE STREET
\LTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

Respectfully Submitted,

ASHCRAFT & GEREL, LLP

BY: _____

Michelle A. Parfitt #358592
4900 Seminary Rd., Ste. 650
Alexandria, VA 22311
(703) 931-5500
**Attorney for Plaintiffs**

COHEN & COHEN, P.C.

BY: _____

Adam R. Leighton #460184
1821 Jefferson Pl, NW,
4th Floor
Washington, D.C., 20036
(202)-955-4529

JURY TRIAL OF SIX (6) REQUESTED

_____
Michelle A. Parfitt

_____
Adam R. Leighton

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036
___
202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311
___
703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852
___
301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
1 GARDEN CITY DRIVE
LANDOVER, MD 20785
___
301-459-8400
FAX: 301-459-1364

SUITE 1212
EAST BALTIMORE STREET
BALTIMORE, MD 21202
___
410-539-1122
FAX: 410-547-1261

45

**On the Date Written Below LETTERS OF GUARDIANSHIP were granted by the Surrogate's Court of Erie County, New York as follows:**

Name of Ward:           **Caroline R Kubicki**                File #: **2008-4193**

Type of Letters Issued:   **TEMPORARY LETTERS OF GUARDIANSHIP 17A PERSON & PROPERTY**

Residence of Ward:      Erie County              Date of Birth:   10-25-1988

Guardian Appointed:     **Karin A Kubicki**              **John A Kubicki**
Mailing Address:        171 Chaumont Drive          171 Chaumont Drive
                           Williamsville NY 14221       Williamsville NY 14221

Bank in Which All        **M & T Bank**
Monies are to be        One M & T Plaza
Deposited:               Buffalo NY 14203

**LIMITATIONS: NONE**

Property of the Ward is subject to joint control with the Guardian Clerk of Erie County Surrogate Court; no withdrawals, transfers or investments are legal without Court Order; the Guardian may not receive any funds or property of the Ward except jointly with the Guardian Clerk of Erie County Surrogate Court.

Pursuant to SCPA 1750-b, the guardians are authorized and empowered to make all health care decisions with respect to the medical and dental needs of the ward and to render consent to any medical procedures which are necessary to the health and welfare of the ward unless the Court directs otherwise;  In the event that a decision is made under SCPA 1750-b to withhold or withdraw life-sustaining treatment for the ward, the guardian shall cause the attending physician to immediately notify, at least 48 hours prior to the implementation of such decision, the appropriate parties enumerated in SCPA 1750-b(4)(e), and any objection by any such party, orally or in writing, shall immediately suspend such authority until a hearing is conducted by this Court.

THESE LETTERS, granted pursuant to a decree entered herein on this date, authorize and empower the guardian(s) above named to perform all acts requisite to the proper administration and disposition of the person, property, or person & property, (as stated above) of the ward in accordance with the decree and the laws of New York State, subject to the limitations, if any, as set forth above.

Dated: October 29, 2008           IN TESTIMONY WHEREOF,  the seal of the Erie County
                                Surrogate's Court has been affixed.

                                WITNESS, Hon Barbara Howe, Judge of the Erie  County
                                Surrogate's Court

                                _____
                                Mary Dee Martoche, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Erie County Surrogate's Court*

<u>Guardianship Attorney</u>
**Edward C Robinson**
**Hurwitz And Fine**
1300 Liberty Building
Buffalo NY 14202



EXHIBIT
A

SURROGATE'S COURT OF NEW YORK
COUNTY OF ERIE

_____

Proceeding for the Appointment of a Guardianship for

CAROLINE R. KUBICKI

             Pursuant to SCPA Article 17-A

_____

**DECREE APPOINTING
TEMPORARY GUARDIAN**

File No. 2008-4193

      Upon reading and filing the Petition of Karin A. Kubicki and John A. Kubicki, duly verified on October 17, 2008, applying for appointment of a guardian of the person and property of Caroline R. Kubicki, a developmentally disabled person, and the certifications of Thomas Polisoto, M.D. dated October 8, 2008 and Nancy Ebling, D.O., dated October 4, 2008 and the Affidavits of Medical Emergency submitted by Petitioners and the Court having found that Caroline R. Kubicki is a developmentally disabled person, incapable of managing herself and/or her affairs by reason of brain injury due to global anoxic encephalopathy, and that such condition is permanent in nature or likely to continue indefinitely and the bests interests of said person would be promoted by the appointment of a guardian of her person and property, it is hereby

      ORDERED that, Karin A. Kubicki and John A. Kubicki upon taking the official oath and filing the designation as required by law, be and hereby are appointed temporary guardian of the person and property of Caroline R. Kubicki, and it is further

      ORDERED that the filing of the bond is dispensed with, the Guardians are directed to collect and receive the money and property belonging to Caroline R. Kubicki jointly with the Guardianship Clerks of Erie County Surrogate's Court, and that all such moneys and other property so far as the same shall be conveniently capable of deposit, shall be deposited in the M&T Bank in the name of such Guardians upon issuance of Letters to them, jointly with the Guardianship Clerks of this Court, and it is further

      ORDERED that Temporary Letters of Guardianship be issued accordingly.

                               Hon. Barbara Howe