## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN KUBICKI & KAREN KUBICKI )
ON BEHALF OF CAROLINE KUBICKI )
                                                )
                                                )
v.                                                    )
                                                )
         Plaintiffs,                             )
                                                )
                                                )      Case No. 1:12-cv-00734-CKK
MEDTRONIC, INC.; MEDTRONIC )
DIABETES; MEDTRONIC MINIMED, )
INC.; UNOMEDICAL DEVICES SA de )
CV; UNOMEDICAL A/S; and )
FLEXTRONICS INTERNATIONAL )
USA, INC., )
                                                 )
         Defendant.                            )
_____ )

## DEFENDANTS UNOMEDICAL DEVICES SA de CV'S AND UNOMEDICAL A/S'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS

# <u>TABLE OF CONTENTS</u>

**Page(s):**

I.     Preliminary Statement ................................................................. 1

II.    Factual Background ...................................................................... 1

III.   Argument and Citation of Authority .......................................... 8

     A.    Legal Standard for Motion to Dismiss ........................... 8

     B.    Plaintiffs' Claims Against the Unomedical Defendants
         are Time-Barred ........................................................... 10

          1.    Plaintiffs' Tort-Based Claims Are Barred ........... 11

          2.    Plaintiffs' Express Warranty Claims are
              Time-Barred ...................................................... 12

          3.    The Limitations Periods for Plaintiffs' Tort and
              Express Warranty Claims Are Not Extended by
              the Discovery Rule ............................................ 14

IV.    Conclusion ................................................................................ 20

# TABLE OF AUTHORITIES

**Cases:**                                                                    **Page(s):**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................................8

*Berkow v. Hayes*,
   841 A.2d 776 (D.C.A. Feb. 5, 2004) ....................................................15, 16, 17

*Browning v. Clinton*,
   292 F.3d 235, 352 U.S. App. D.C. 4 (D.C. Cir. 2002) .........................................9

*Cevenini v. Archbishop of Washington*,
   707 A.2d 768 (D.C. 1998) ....................................................................15, 16, 17

*Colbert v. Georgetown Univ.*,
   641 A.2d 469 (D.C. Cir. 1994) ..........................................................................15

*Diamond v. Davis*,
   680 A.2d 364 (D.C. 1996) ..................................................................16, 17, 20

*In re Fort Totten Metrorail Cases*,
   793 F. Supp. 2d 133 (D.D.C. 2011)....................................................12, 13, 14

*Gordon v. Nat'l Youth Work Alliance*,
   218 U.S. App. D.C. 337, 675 F.2d 356 (D.C. Cir. 1982) .....................................8

*Gustave-Schmidt v. Chao*,
   226 F. Supp. 2d 191 (D.D.C. 2002)....................................................................9

*Hendel v. World Plan Exec. Council*,
   705 A.2d 656 (D.C. 1997) ................................................................................15

*Hinton v. Corr. Corp. of Am.*,
   624 F. Supp. 2d 45 (D.D.C. 2009)....................................................................10

**Cases: (cont'd):**                                                    **Page(s):**

*Hunt v. Depuy Orthopaedics, Inc.*,
  636 F. Supp. 2d 23 (D.D.C. 2009)...................................................................15

*Jacobsen v. Oliver*,
  201 F. Supp. 2d 93 (D.D.C. 2002)............................................................10, 15

*Kowal v. MCI Commc'ns Corp.*,
  16 F.3d 1271, 305 U.S. App. D.C. 60 (D.C. Cir. 1994) .......................................9

*Lee v. Wolfson*,
  265 F. Supp. 2d 14 (D.D.C. 2003)...................................................................11

*Marshall Cnty Health Care Auth. v. Shalala*,
  300 U.S. App. D.C. 263, 988 F.2d 1221 (D.C. Cir. 1993)..................................9

*Miles v. Raymond Corp.*,
  612 F. Supp. 2d 913 (N.D. Ohio 2009) ...........................................................13

*The Plan Comm. v. PricewaterhouseCoopers, LLP*,
  335 B.R. 234 (D.D.C. 2005)...........................................................................15

*Samtmann v. United States Dept. of Justice*,
  No. 12-0693 (ABJ), 2014 U.S. Dist. LEXIS 47571 (D.D.C. Apr. 7,
  2014) ...........................................................................................................9

*Smith-Haynie v. Dist. of Columbia*,
  155 F.3d 575, 332 U.S. App. D.C. 182 (D.C. Cir. 1998) ....................................8

*South Jersey Gas Co.v. Mueller Co.*,
  No. 09-4194, 2010 U.S. Dist. LEXIS 41407 (D.N.J. April 27,
  2010) ...........................................................................................................13

*Ward v. D.C. Dept. of Youth Rehabilitation Servs.*,
  768 F. Supp. 2d 117 (D.D.C. 2011).................................................................10

**Statutes:**

D.C. Code § 12-301(8).......................................................................................11

**Statutes (cont'd):**                                                   **Page(s):**

D.C. Code § 28:2-725 ...................................................................11, 12, 13

D.C. Code § 28:2-725 (1), (2) ...................................................................12

U.C.C. § 2-275 ...................................................................................12

U.C.C. § 2-725 ...................................................................................11

**Other Authorities:**

Fed. R. Civ. P. 12(b)(6) ...........................................................................12

Fed. R. Civ. P. 56 ................................................................................10

Rules of the USDC for the District of Columbia, Rule 7 .......................................10

Defendants Unomedical Devices SA de CV and Unomedical A/S (collectively, the "Unomedical Defendants"), through their undersigned counsel, respectfully submit this Memorandum of Points and Authority in Support of their Motion to Dismiss.

## I.    PRELIMINARY STATEMENT

Plaintiffs initiated this product liability lawsuit against the Unomedical Defendants in 2014, over six years after the 2007 incident giving rise to their claims, and several years after the expiration of the applicable statutes of limitation.  Accordingly, Plaintiffs' claims are time-barred against the Unomedical Defendants and dismissal of all claims against them is appropriate.

## II.    FACTUAL BACKGROUND

On September 3, 2010, Plaintiffs John Kubicki and Karen Kubicki ("Plaintiffs"), on behalf of Caroline Kubicki ("Kubicki"), first initiated a lawsuit against Medtronic, Inc., Medtronic Diabetes, and Medtronic MiniMed, Inc. (together, "Medtronic") in the Superior Court for the District of Columbia (the "2010 Complaint") – *to which the Unomedical Defendants were not a party*.  (*See* 2010 Complaint, Superior Court of the District of Columbia Civil Action No. 0006697-10 [Doc. 55-2, p. 10 of 58]).  The 2010 Complaint alleged that Kubicki, a Type I diabetic, was injured during a hypoglycemic event occurring in 2007.  (*See*

1

2010 Complaint, Superior Court of the District of Columbia Civil Action No. 0006697-10 [Doc. 55-2, p. 10 of 58]).  Plaintiffs alleged in the 2010 Complaint that Kubicki was using a "Model MMT-522 Medtronic MiniMed Paradigm® REAL-Time Insulin Infusion & Continuous Glucose Monitoring System" (the "MiniMed Insulin Pump") to control her insulin levels, and that her insulin pump malfunctioned on September 9, 2007.  (*See* 2010 Complaint, ¶¶ 2, 15, 16 [Doc. 55-2, pp. 11, 13 of 58]).  Plaintiffs further asserted in the 2010 Complaint that Medtronic was "engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities … the MiniMed Insulin Pump …."  (*Id.* at ¶¶ 4, 6, 8 [Doc. 55-2, pp. 11-12 of 58]).

After dismissing voluntarily the 2010 Complaint, Plaintiffs thereafter initiated this lawsuit in the Superior Court of the District of Columbia on March 29, 2012 (the "2012 Complaint"), which was removed by Medtronic to this Court on May 8, 2012.  (*See* [Doc. 1]).  The 2012 Complaint again asserted the same allegations as to the same Medtronic defendants, and, again, only as to the MiniMed Insulin Pump.  (*Id.*).  As of 2012, the Unomedical Defendants still were not a party to this action.

It was not until the filing of Plaintiffs' First Amended Complaint on January 10, 2014 ("Amended Complaint"), over six years after Kubicki's incident, that Plaintiffs for the first time added the Unomedical Defendants to this lawsuit.[1] Plaintiffs now allege, as to Medtronic, that it is "engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce … the MiniMed Insulin Pump … *and the Medtronic MiniMed Paradigm® Infusion Sets.*"  (*See* Amended Complaint, ¶¶ 4-8 [Doc. 51, pp. 2-3 of 61]) (emphasis supplied).  As to the Unomedical Defendants, the Amended Complaint alleges that they were "engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and or introducing into interstate commerce, either directly or indirectly through third parties or related entities, *the [Medtronic MiniMed] Paradigm Infusion Sets.*"  (*See* Amended Complaint, ¶¶ 9-10 [Doc. 51, p. 3 of 61]) (emphasis supplied).  Thus, Plaintiffs now allege that the 2007 incident causing Kubicki's injury was a result of Kubicki's use of the MiniMed Insulin Pump, together with the Medtronic

---

[1] The Summons returns filed on March 11, 2014 [Docs. 63, 64] indicate that both Unomedical Devices SA de CV and Unomedical A/S were served on February 24, 2014.  Unomedical Devices SA de CV and Unomedical A/S each filed Motions to Quash Service of Process [Doc. 66], but thereafter waived service of process [Docs. 74, 75].

MiniMed Paradigm Infusion Set ("Paradigm Infusion Set").    (*See* Amended Complaint, ¶¶ 28, 29 [Doc. 51, p. 10 of 61]).

The Amended Complaint alleges that a MiniMed Insulin Pump is a small, portable, electronic device indicated for the management of diabetes for those requiring insulin therapy, which is programmed to deliver insulin to a patient as needed.  (*See* Amended Complaint, ¶ 15 [Doc. 51, p. 4 of 61]).  The Amended Complaint further alleges that the MiniMed Insulin Pump is connected to the user's body through a thin plastic tube device called an infusion set (which typically is comprised of a subcutaneous cannula, adhesive mount, quick-disconnect, and pump cartridge connecter), and that one type of infusion set used with the MiniMed Insulin Pump is the Paradigm Infusion Set.  (*See* Amended Complaint, ¶ 16 [Doc. 51, p. 4 of 61]).  Thus, an infusion set connects the insulin pump to the patient's abdomen and acts as a conduit to provide subcutaneous insulin to the patient according to infusion rates programmed by the patient in consultation with a health care provider.  The infusion set is a disposable device, generally changed by the patient every 2-3 days.

As Plaintiffs were aware at the time they filed the original 2010 Complaint [Doc. 55-2], the MiniMed Insulin Pump cannot be used alone to deliver insulin; rather, it must be used *in combination* with an infusion set, so that the insulin can

be delivered to the patient.  Indeed, Plaintiffs' allegations in the 2010 Complaint

reflect Plaintiffs' knowledge of the insulin pump/infusion set _system_:

> The MiniMed Insulin Pump is a small, portable device that is
> indicated for management of diabetes in adults and children
> requiring insulin therapy.  When functioning properly, this device
> administers insulin to the user on a continuous or intermittent basis
> as needed by the user.  *This process is accomplished through a*
> *small syringe in the pump which is connected to the user via a*
> *small cannula* [the infusion set] and a series of electronics and
> complex algorithms which calculate the insulin dose necessary for
> the user throughout the day and night.

(*See* 2010 Complaint, ¶ 12 [Doc. 55-2, p. 13 of 58]) (emphasis supplied).  (*See also*

Plaintiffs' Response in Opposition to Medtronic's Motion for Summary Judgment

([Doc. 46] Filed Under Seal), pp. 1-2) ("Kubicki began using the … MiniMed …

Insulin Pump … together with the … Paradigm Infusion Set … sometime … in

April 2001….  Together, these devices were supposed to provide Ms. Kubicki with

adequate amounts of insulin …."   "Ms. Kubicki was using Medtronic's …

[Insulin] Pump and Paradigm Infusion Set at the time of her … hypoglycemic

episode.").

Additionally, at the time Plaintiffs initiated the 2010 Complaint, they were

aware not only of Kubicki's use of the Paradigm Infusion Set *together* with the

MiniMed Insulin Pump on the date of her hypoglycemic event, but also of the

entities having a relationship to these devices.  Plaintiffs have produced in this case

two boxes which allegedly were found in Kubicki's home on the date of the incident, September 9, 2007 (and according to Plaintiffs, were the packaging for the Paradigm Infusion Set Kubicki was using on that date).  The "Paradigm Quick-Set®" infusion boxes provide the following information:

> **Distributed by:**
> **Medtronic MiniMed**
> Northridge, CA 91325
> USA
> 800-646-4633 (800-MiniMed)
> 818-576-5555
>
> **E.U. Representative**
> Medtronic B.V.
> Earl Bakkenstraat 10
> 6422 PJ Heerlen
> The Netherlands
> (31) 45 566 8000
> www.minimed.com
>
> **Assembled in Mexico for**:
> Unomedical A/S
> DK-4000 Roskilde
> Denmark

(*See* Photos of Paradigm Infusion Set Boxes, together with Plaintiffs' counsel's transmittal email dated May 22, 2014, stating "[t]he two pictures are of the infusion set boxes found in Ms. Kubicki's room on the date of the incident [on September 9, 2007]," attached hereto as Exhibit "A").

Plaintiffs also had legal notice *prior to the filing of their 2010 Complaint* (and prior to the expiration of the applicable limitation periods), that Medtronic MiniMed had issued a voluntary public recall of certain Paradigm Quick-Set® infusion sets on July 10, 2009 ("Recall"). (*See* Exhibit "A" to Plaintiff's Opposition to Medtronic's Motion to Dismiss [Doc. 56]).  The Recall explained that an infusion set is a "thin plastic tube used to deliver insulin from an insulin pump to a diabetes patient," and that certain infusion sets may not work properly, resulting in "the device delivering too much or too little insulin." (*Id.*).  While that particular Recall was limited to the "Lot 8" batch of infusion sets, the Recall identified the possibility that an improperly functioning infusion set could interfere with the appropriate delivery of insulin.

Finally, in investigating the cause of Kubicki's hypoglycemic event (prior to the expiration of the limitations period and prior to the filing of the original 2010 Complaint), Plaintiffs conducted a joint testing with Medtronic in August 2010 on the MiniMed Insulin Pump used by Kubicki.  (*See* Declaration of Michael K. Brown In Support of Medtronic's Motion for Summary Judgment [Doc. 35-3, p. 2 of 13], ¶¶ 4-5).  During the testing, Plaintiffs' expert was unable to identify any defect in the MiniMed Insulin Pump.  (*Id.*).  Thus, based on Plaintiffs' theory that the cause of Kubicki's hypoglycemic event was the failure of a device to deliver

insulin properly, the conclusion that no defects were found in the MiniMed Insulin Pump (whether accurate or inaccurate) should necessarily have led Plaintiffs to investigate the other device that was part of the <u>system</u> – the Paradigm Infusion Set.

### III.  ARGUMENT AND CITATION OF AUTHORITY

#### A.    Legal Standard for Motion to Dismiss

A defendant may raise the affirmative defense of a statute of limitations via a Rule 12(b)(6) motion when the facts giving rise to the defense are apparent on the face of the complaint.  *Gordon v. Nat'l Youth Work Alliance,* 218 U.S. App. D.C. 337, 675 F.2d 356, 360 (D.C. Cir. 1982).  *See also Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 578, 332 U.S. App. D.C. 182 (D.C. Cir. 1998).  "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*:  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679.

8

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed liberally in plaintiff's favor, and the Court should grant plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Samtmann v. United States Dept. of Justice*, No. 12-0693 (ABJ), 2014 U.S. Dist. LEXIS 47571, at *12 (D.D.C. Apr. 7, 2014) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276, 305 U.S. App. D.C. 60 (D.C. Cir. 1994)). But the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See id.; Browning v. Clinton*, 292 F.3d 235, 242, 352 U.S. App. D.C. 4 (D.C. Cir. 2002).

In ruling upon a motion to dismiss for failure to state a claim, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Samtmann*, at *12 (quoting *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)). The Court also may consider extra-record materials, such as matters of public record and previous filings with the Court. *See Marshall Cnty. Health Care Auth. v. Shalala*, 300 U.S. App. D.C. 263, 988 F.2d 1221, 1222 (D.C. Cir. 1993). Additionally, the Court may consider documents upon which a plaintiff's complaint "necessarily relies," even if the defendant

produces the document in a motion to dismiss.  *Ward v. D.C. Dept. of Youth Rehabilitation Servs.,* 768 F. Supp. 2d 117, 119-20 (D.D.C. 2011); *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009).  A statute of limitations defense may be resolved on a motion to dismiss when "there are no outstanding factual issues in dispute that would preclude the resolution of [the statute of limitations] issue…."  *Jacobsen v. Oliver,* 201 F. Supp. 2d 93, 109 (D.D.C. 2002). [2]

### B. Plaintiffs' Claims Against the Unomedical Defendants are Time-Barred.

Plaintiffs assert several claims against the Unomedical Defendants, including negligence (Counts IV and V), strict liability (Counts X and XI), express warranty (Counts XVI and XVII), failure to warn (Counts XXII and XXIII), and punitive damages (Counts XXVIII and XXIX).  The statute of limitations in the District of Columbia for raising a claim in tort (negligence, strict liability, and failure to warn) is three years.  *See* D.C. Code § 12-301(8).  Breach of express

---

[2] In deciding this motion to dismiss, the photos of the Paradigm Infusion Set packaging attached as Exhibit "A" hereto should not cause conversion of this motion to a motion for summary judgment, as Plaintiffs "necessarily rely" on such packaging in alleging that Kubicki was using the Paradigm Infusion Set on the date of her hypoglycemic incident on September 9, 2007.  (*See* Amended Complaint, ¶¶ 28, 29, 32 [Doc. 51, pp. 10-11 of 61]).  However, to the extent this submission of evidence mandates conversion of this Motion to Dismiss into a Motion for Summary Judgment, the Unomedical Defendants respectfully request that this Court treat this Motion as one seeking summary judgment pursuant to Fed. R. Civ. P. 56 and LCvR 7(a) and (h).

warranty claims are subject to the four-year Uniform Commercial Code ("U.C.C.") statute of limitations.  *See* U.C.C. § 2-725; D.C. Code § 28:2-725.

### 1.    Plaintiffs' Tort-Based Claims are Barred.

Based on the District of Columbia's three-year statute of limitations, Plaintiffs' tort-based claims against the Unomedical Defendants alleging negligence, strict liability, and failure to warn, are time-barred.  Specifically, pursuant to District of Columbia law, "[e]xcept as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:  … (8) for which a limitation is not otherwise specially prescribed – 3 years."  D.C. Code § 12-301(8).  *See Lee v. Wolfson,* 265 F. Supp. 2d 14, 17 (D.D.C. 2003) ("Plaintiff's tort claims are governed by the District of Columbia's three-year statute of limitations").

The Amended Complaint alleges that "[o]n or about September 9, 2007" Kubicki was found to be "unresponsive and unarousable by her roommate as a result of her malfunctioning MiniMed Insulin Pump and Paradigm Infusion Set." (*See* Amended Complaint, ¶ 29 [Doc. 51, p. 10 of 61]).  Thus, the statute of limitations began to run on September 9, 2007, and expired three years later, on September 9, 2010.  Because the first assertion of any claim against the

Unomedical Defendants was on January 10, 2014, **_more than six years after the 2007 incident and more than three years after the limitations period expired_**, these claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**2.    Plaintiffs' Express Warranty Claims are Time-Barred.**

Plaintiff's claim for breach of express warranty is governed by a four-year statute of limitations, pursuant to the U.C.C. § 2-275, which has been adopted in the District of Columbia, at D.C. Code § 28:2-725:

> (1) An action for breach of any contract for sale must be commenced *within four years after the cause of action has accrued*. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A *breach of warranty occurs when tender of delivery is made*, *except that where a warranty explicitly extends to future performance of the goods* and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

*See* D.C. Code § 28:2-725 (1), (2) (emphasis supplied).  Thus, the statute of limitations for breach of express warranty begins to run at the time of delivery [of the product to the consumer], unless the warranty "explicitly extends to future performance of the goods." *In re Fort Totten Metrorail Cases*, 793 F. Supp. 2d 133, 152 (D.D.C. 2011) (citing D.C. Code § 28-2-725(2)).

12

For a warranty of future performance to exist under D.C. Code section 28:2-725, "the terms of the warranty must unambiguously and explicitly indicate that the manufacturer is warranting the future performance of the goods for a specified period of time." *Fort Totten Metrorail*, 793 F. Supp. 2d at 153. "The future performance exception is construed narrowly, and courts have been very harsh in determining whether a warranty explicitly extends to future performance." *Id.* at 153 (quoting *Miles v. Raymond Corp.*, 612 F. Supp. 2d 913, 926 (N.D. Ohio 2009)). Two requirements limit the recognition of such warranties: (1) the warranty cannot simply be a representation of the product's condition at the time of delivery; and (2) the warranty must reference a "specific time period during which the goods are warranted to perform." *Fort Totten Metrorail*, 793 F. Supp. 2d at 153 (quoting *South Jersey Gas Co.v. Mueller Co.*, No. 09-4194 (RBK-JS), 2010 U.S. Dist. LEXIS 41407 (D.N.J. April 27, 2010) (noting that the requirement of specificity is the hallmark distinction between a warranty of future performance and all other warranties because "all warranties refer to the future, [but] all warranties do not explicitly extend to future performance").

Here, the Amended Complaint fails to allege any express warranty of future performance. Plaintiffs allege that "[t]he paradigm Infusion Sets … was [sic] expected to and did reach Caroline Kubicki without a substantial change in its

13

condition"; "Defendant … expressly warranted that the Paradigm Infusion Sets were safe for the use for which they were intended"; and "Defendant breached said express warranties …." (*See* Amended Complaint, ¶¶ 133-135, 138-140 [Doc. 51, pp. 44-45 of 61]).

Because the Amended Complaint does not allege any express warranty of future performance (nor could it), the statute of limitations on Plaintiffs' express warranty claims began to run at the time of delivery of the Paradigm Infusion Set, which at the very latest, would have been on the date of Kubicki's hypoglycemic event, September 9, 2007, and, which thereafter expired on September 9, 2011. Accordingly, the Amended Complaint's breach of express warranty claim is time-barred, and must be dismissed. *See Fort Totten Metrorail*, 793 F. Supp. 2d at 153-54 (holding that express warranty claim was time-barred because Complaint did "not come close to adequately alleging any express warranty of future performance" where plaintiffs failed to "identify any reference to a specific future time period").

### 3. The Limitations Periods for Plaintiffs' Tort and Express Warranty Claims are Not Extended by the "Discovery Rule."

For Plaintiffs' tort-based claims, District of Columbia law provides that, "[w]here the fact of an *injury* can be readily determined, a claim accrues at the

14

time that the plaintiff suffers an alleged injury." *The Plan Comm. v. PricewaterhouseCoopers, LLP*, 335 B.R. 234, 252 (D.D.C. 2005) (citing *Hendel v. World Plan Exec. Council*, 705 A.2d 656, 660 (D.C. 1997)) (emphasis supplied). *See also Jacobsen*, 201 F. Supp. 2d at 109 (finding that "[t]he statute of limitations on a tort claim ordinarily begins to run when plaintiffs sustain a tortious injury"). For Plaintiffs' express warranty claim, the statute of limitations begins to run at the time of delivery of the product to the plaintiff.  Thus, as to all of Plaintiffs' claims, the latest date on which the statute of limitations period began to run was on the date of Kubicki's hypoglycemic event, September 9, 2007.

Only in limited circumstances – where the relationship between the tortious conduct and the fact of injury is obscure – does the District of Columbia apply a "discovery rule" to determine an accrual date.  *Colbert v. Georgetown Univ.*, 641 A.2d 469, 472-73 (D.C. Cir. 1994).   Regarding tort-based claims,[3] when the discovery rules applies, a cause of action accrues when the claimant knows or by the exercise of reasonable diligence should know of:  (1) the injury, (2) its cause in fact, and (3) some evidence of wrongdoing.  *Berkow v. Hayes*, 841 A.2d 776, 781 (D.C.A. Feb. 5, 2004) (citing *Cevenini v. Archbishop of Washington,* 707 A.2d

---

[3] Under District of Columbia law, the discovery rule does not extend to breach of warranty claims.  *Hunt v. Depuy Orthopaedics, Inc.*, 636 F. Supp. 2d 23, 27 (D.D.C. 2009).

768, 771 (D.C. 1998)).  <u>Plaintiff's knowledge for this purpose includes not only</u>

<u>actual notice but also "inquiry notice."</u>  *Berkow,* 841 A.2d at 781 (citing *Diamond*

*v. Davis*, 680 A.2d 364, 372 (D.C. 1996)).  "One is 'deemed to be on inquiry

notice' if, in meeting one's responsibility 'to act reasonably under the

circumstances in investigating matters affecting [one's] affairs, such an

investigation, if conducted, would have led to actual notice.'"  *Id.*

A case in point is *Berkow*, in which a plaintiff brought a medical malpractice

action related to a cancer misdiagnosis against two defendants/doctors – Dr. Fleury

and Dr. Sibley - during the three-year limitation period, and then amended his

complaint to add additional defendants/doctors after the limitation period had

expired.  *Berkow,* 841 A.2d at 780.  The *Berkow* court concluded that the claims

against the additional defendants/doctors were time-barred.  In holding that the

benefit of tolling is eclipsed once a plaintiff is on inquiry notice, the court opined:

> [w]hatever the merits of these arguments [as to the negligence of
> the additional doctors who had concurred in Dr. Fleury's
> misdiagnosis], they cannot obscure the fact that on this record,
> [plaintiff] … after learning [about] … Dr. Fleury's misdiagnosis,
> was on inquiry notice of any wrongdoing by the other defendants
> here who may have contributed to his injury.  That surely would
> include all doctors … who allegedly consorted with Dr. Fleury in
> his misdiagnosis….  Next, as to any other physician … who had not
> participated in Dr. Fleury's diagnosis, we have said that plaintiff's
> knowledge of one defendant's misconduct will "create inquiry
> notice of claims against a potential co-defendant … if (1) a
> reasonable plaintiff would have conducted an investigation as to the

> co-defendant, and (2) such an investigation would have revealed some evidence of wrongdoing." *Id.* at 781 (quoting *Cevenini*, 707 A. 2d at 773; *Diamond*, 680 A.2d at 380). We agree with the trial court that, if [Plaintiff] … had acted reasonably, he would have investigated [other doctors'] role, if any, in failing to discovery [Plaintiff's] … cancer, and as a result would have discovered evidence, if any, of the doctor's wrongdoing.

*Berkow*, 841 A.2d at 781.

Similarly, the "discovery rule" does not extend the limitations period as to Plaintiffs' tort-based claims in this case, based on Plaintiffs' actual or "inquiry" notice, either one of which starts the running of the clock. When Plaintiffs' original 2010 Complaint was filed on September 3, 2007, naming only Medtronic and asserting claims only as to the MiniMed Insulin Pump, Plaintiffs already knew that the MiniMed Insulin Pump was used together with the Paradigm Infusion Set to deliver insulin. From this knowledge alone, Plaintiffs had sufficient information within the three-year statute of limitations deadline to assess and/or to inquire as to whether the MiniMed Insulin Pump and/or the Paradigm Infusion Set (separately or together) were a potential cause of Ms. Kubicki's injuries allegedly relating to the delivery of insulin.

Moreover, and in addition to knowledge prior to expiration of the limitations period that the MiniMed Insulin Pump and the Paradigm Infusion Set were being used by Kubicki *in combination* at the time of the injury date alleged in the original

2010 Complaint, Plaintiffs also had knowledge, based on information printed on the product's packaging, that Medtronic was, at a minimum, a "distributor" of the Paradigm Infusion Set, and that Unomedical A/S was an "assembler." (*See* Exhibit "A" hereto). Plaintiffs also were aware (or should have been aware based on a proper investigation),[4] that Medtronic had issued a Recall on July 10, 2009 (prior to expiration of the limitations period), relating to certain Paradigm Quick-Set® infusion sets, relating to the delivery of too much or too little insulin. (*See* Exhibit "A" to Plaintiff's Opposition to Medtronic's Motion to Dismiss [Doc. 56]).

Finally, Plaintiffs were aware, based on the August 2010 testing of the MiniMed Insulin Pump used by Kubicki (prior to the expiration of the limitations period), that the alleged failure of appropriate insulin delivery may not have been caused by any defects in the MiniMed Insulin Pump. (*See* [Doc. 35-3, page 2 of 13, ¶¶ 4-5]). Since Plaintiffs knew that the MiniMed Insulin Pump was used *in combination* with the Paradigm Infusion Set as a <u>system</u>, a test result concluding that one part of the system was not defective would necessarily lead to an investigation of the other part of the system, to the extent Plaintiffs intended to

---

[4] At a minimum, Plaintiffs' investigation did, or should have, involved a simple Internet search of the phrases "Paradigm Infusion Set" which would have led them to information about the Recall, including the Food & Drug Administration's ("FDA") website containing details of the Recall.

18

pursue their theory that the insulin delivery system used by Kubicki was the cause of her hypoglycemic event.

Thus, Plaintiffs' factual information (before the expiration of the limitations period on September 9, 2010), included:  (1)  Plaintiffs' belief that the MiniMed Insulin Pump used by Kubicki was defective in its delivery of an appropriate amount of insulin on September 9, 2007; (2) Plaintiffs' knowledge that the Paradigm Infusion Set was used together with the MiniMed Insulin Pump as a system to deliver insulin; (3) Plaintiffs' possession of the packaging for the Paradigm Infusion Set which identified both Medtronic MiniMed and Unomedical; (4) Plaintiffs' access to the 2009 Recall information relating to Paradigm Infusion Sets; and (5) Plaintiffs' knowledge that testing results for one part of the insulin delivery system -- the MiniMed Insulin Pump -- concluded that the pump was not defective.  Plaintiffs were thus on actual and/or "inquiry" notice related to the entire insulin delivery "system" which included both the MiniMed Insulin Pump and the Paradigm Infusion Set, and the relationship of both MiniMed and Unomedical to this "system."

Based on the above-listed facts, Plaintiffs knew, or would be deemed to know, of alleged wrongdoing on the part of the Unomedical Defendants related to the Paradigm Infusion Set, prior to the expiration of the three-year statute of

limitations.  *See Diamond*, 680 A.2d at 380 (the relationship of defendants, along with other facts, may establish as a matter of law that "a reasonable plaintiff with knowledge of misconduct of one would have conducted an investigation as to the other").  Plaintiffs' claims are therefore barred.

## IV.    CONCLUSION

The injury date is not in question, and the three-year statute of limitations for Plaintiffs' tort and express warranty claims began to run on September 9, 2007, and expired on September 9, 2010, and September 9, 2011, respectively.  Plaintiffs were on actual and/or inquiry notice, prior to the expiration of the limitations period, of any role the Unomedical Defendants may have played in the alleged inappropriate delivery of insulin to Kubicki.  Accordingly, the claims against the Unomedical Defendants are untimely and must be dismissed.

WHEREFORE, for all the foregoing reasons, the Unomedical Defendants respectfully request that the Court enter an order of dismissal with prejudice for all of Plaintiffs' claims against the Unomedical Defendants.


[signatures on following page]

Respectfully submitted,

By:   *Z. Ileana Martinez*
      Z. Ileana Martinez
      Georgia Bar No. 489420 (admitted *Pro Hac Vice*)
      Leslie J. Suson
      Georgia Bar No. 142162 (admitted *Pro Hac Vice*)
      **THOMPSON HINE LLP**
      Two Alliance Center
      3560 Lenox Road, Suite 1600
      Atlanta, Georgia 30326
      Tel.: (404) 541-2900; Fax: (404) 541-2905
      ileana.martinez@thompsonhine.com
      leslie.suson@thompsonhine.com

      Paul J. Maloney (D.C. Bar No. 362533)
      Kelly M. Lippincott (D.C. Bar No. 484610)
      **CARR MALONEY P.C.**
      2000 L Street, N.W., Suite 450
      Washington, D.C.  20036
      202-310-5500 (Main); 202-310-5555 (Fax)
      pjm@carrmaloney.com
      kml@carrmaloney.com

      *Counsel for Defendants Unomedical Devices SA*
      *de CV and Unomedical A/S*

Dated:  May 30, 2014

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed with the Court's CM/ECF system

the foregoing **DEFENDANTS UNOMEDICAL DEVICES SA de CV'S AND**

**UNOMEDICAL A/S'S MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF THEIR MOTION TO DISMISS** and served same upon on all

counsel and parties of record via the CM/ECF system, as follows:

Michelle A. Parfitt                          Adam R. Leighton
Joseph Musso                                 Cohen & Cohen, P.C.
Peter T. Anderson                            1220 19th Street, N.W.
Drew LaFramboise                             Washington, DC 20036
Ashcraft and Gerel, LLP
4900 Seminary Rd., Suite 650
Alexandria, VA 22311


Michael K. Brown (Admitted *Pro Hac Vice*)     Eric L. Alexander, Esq.
Lisa M. Baird (Admitted *Pro Hac Vice*)        Jesse J. Ash, Esq.
Mildred Segura (Admitted *Pro Hac Vice*)       REED SMITH LLP
REED SMITH LLP                                 1301 K Street, N.W.
355 S. Grand Ave. Suite 2900                   Suite 1100 -- East Tower
Los Angeles, CA 90071                          Washington, D.C. 20005


This 30th day of May, 2014.

<u>*Z. Ileana Martinez*</u>
Z. Ileana Martinez (admitted *pro hac vice*)
Georgia Bar No. 474660